**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
DOUGLAS J. CAMPION, ESQ. (SBN 75381)
409 Camino Del Rio South, Suite 303
San Diego, California 92108
*doug@djcampion.com*
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHYRIAA HENDERSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STUDENT AID FUNDS, INC. D/B/A USA FUNDS,<br><br>Defendant. | CASE NO. 3:13-cv-1845-L-BLM<br><u>CLASS ACTION</u><br><br>**JOINT MOTION FOR PROTECTIVE ORDER**<br><br>Hon. Magistrate Barbara L. Major |

In anticipation of discovery that may reach confidential and proprietary business information and/or confidential information of third parties, defendant United Student Aid Funds, Inc. d/b/a USA Funds, Inc. ("Defendant") and plaintiff Shyriaa Henderson ("Plaintiff") (collectively, "Party" or "Parties") jointly move for entry of a Protective Order as follows:

1. The terms defined in this Paragraph shall have the meaning provided. Defined terms may be used in the singular or plural:

    1.1 "Action" specifically refers to all pretrial proceedings or settlement in the above-captioned action.

    1.2 "Confidential Information" means information, whether or not embodied in any physical medium, including all originals and copies of any document and/or information, used by the Producing Party in or pertaining to its business, or information pertaining to third-party privacy interests, which information the Producing Party believes in good faith to be protected under applicable law regarding privacy information, trade secret information, non-public competitive financial or business planning information which the Producing Party is prohibited from revealing to third parties except in confidence, or has undertaken by contract with others to maintain its confidence. Nothing herein is intended to confer confidential or protected status on information that is not otherwise protected under federal law or which has been publicly disseminated.

    1.3 "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    1.4 "Litigation Documents" means all pleadings, motions, affidavits, declarations, and related papers, all documents produced or exchanged in the course of this action or any settlement

negotiations, all written discovery responses and all transcripts and testimony given in depositions or in pre-trial hearings.

1.5 "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

1.6 "Party" means any party to this action, including all of its officers, directors, employees, agents, contractors, representatives, and their outside counsel of record (and their consultants, retained experts, vendors and support staffs).

1.7 "Producing Party" means the Party or Non-Party being asked to produce documents or information considered by that Party or Non-Party to be Confidential Information, or a Party or Non-Party asserting a confidentiality interest in information produced by others.

1.8 "Receiving Party" means that party receiving or requesting production of Confidential Information.

2. In connection with this Action, a Producing Party may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").

4. All documents and information designated in good faith by a Producing Party as Confidential Information shall be used solely for the purposes of this Action and shall not be used for any other purpose, including, without limitation, any media communications, public relations matter, business or commercial purpose, product development, intellectual property development, or in any other legal proceeding, action or matter and shall not, directly or indirectly, in whole or in part, be revealed or disclosed, or made available for inspection or copying to persons other than "Qualified Persons" as defined in paragraph 7 of this Order. The Parties agree that any unauthorized disclosure of Confidential Information in violation of the terms of this Order can cause substantial harm to the Producing Party and may result in the

imposition of sanctions. Notwithstanding the above, a Producing Party may use their own Confidential Information as they see fit unless doing so would disclose another party's Confidential Information and that other party does not consent in writing to that use.

Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures access is limited to the persons authorized under this Order. Any person in possession of Confidential Information, including the Parties and their respective counsel, shall exercise the same care with regard to the storage, custody, or use of such Confidential Information as they would apply to their own material of the same or comparable sensitivity.

5. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

6. Within thirty (30) days after receipt of a transcript from a deposition, any Producing Party may specifically designate information in the transcript as Confidential Information, by notifying all parties in writing of any specific pages and lines of the transcript which contain the Confidential Information. Each Party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. The entirety of the deposition transcript shall remain confidential until the thirty-day period indicated in this paragraph has expired.

7. Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court, to the jury, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "Qualified Persons" as designated below:

(a) a Party, or an officer, director, or employee or agent of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants or vendors (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action;

(e) personnel associated with the insurance carrier for either party; and

(f) any other person as to whom the Parties in writing agree.

Prior to receiving any Confidential Information, each "Qualified Person" except for those persons identified in Paragraph 7(a) shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

8. Depositions that are designated as Confidential shall be taken only in the presence of Qualified Persons.

9. Nothing herein shall impose any restriction on the use or disclosure by a Party of material obtained by such party independent of discovery or non-discovery voluntary disclosures in this action, whether or not such material is also obtained through discovery or non-discovery voluntary disclosures in this action.

10. If Confidential Information, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in Court, such papers shall be labeled "Confidential-Subject to Court Order" and filed under seal as set forth in Paragraph 15 until further order of this Court.

11. In the event that any Confidential Information is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the Party using such shall take all reasonable steps to maintain its confidentiality during such use.

12. This Order shall be without prejudice to the right of the Parties or Non-Parties (i) to bring before the Court the question of whether any particular document or information is confidential or whether its use should be restricted subject to the time

4

limitations imposed in Paragraph 14 of this Order, or (ii) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

13.  This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this Action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to the Order shall be deemed to have the effect of an admission or waiver by either Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or the absence thereof.

14.  Challenging Confidentiality Designations:  Nothing in this Order shall be deemed to preclude a Receiving Party from seeking permission of the Court to release information designated as Confidential Information under this Order.  If a dispute arises regarding the designation of documents or information as Confidential Information, the following procedures shall be followed:

  a.  In the event a Receiving Party believes, in good faith, that a document or information produced or disclosed, which had been designated as Confidential Information under this Order is not confidential, the Receiving Party shall send the Designating Party a written objection specifically identifying the information or document (by bates-number) sought to be disclosed within thirty (30) days of receipt of such information or documents, or upon good cause, at a later date.  Within ten (10) business days of receipt of the Receiving Party's written objection, the Designating Party shall submit a written response to the Receiving Party's objection that states the reasons why said Information or document should not be so designated and/or subject to this Order.

  b. If the Parties are unable to agree upon a satisfactory resolution under Paragraph 14.a., the Designating Party shall, within ten (10) days of the Designating Party's service of their written response, seek an order concerning such information or documents that have previously been produced or disclosed under the Order. The Designating Party shall in any proceeding or other matter concerning such designation have the burden of proof in justifying the confidential designation pursuant to this Order and applicable law.

  c. If the Designating party seeks an order pursuant to this Paragraph, no Party may disclose Confidential Information in a manner contrary to its designation unless the Designating Party subsequently consents to disclosure or prior to ten (10) days after the Court has issued an order allowing disclosure or as otherwise ordered by the Court. To the extent the Court rules that any information designated as Confidential Information is not entitled to the confidentiality protection asserted by the Designating Party, the Designating Party shall produce new copies of the documents or information without any confidentiality designations.

15. **Filing Under Seal:** No document may be filed under seal, i.e., closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal, the parties must comply with the procedures explained in Section II.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. In addition, in accordance with Judge Major's preferences, a party must file a 'public' version of any document that it seeks to file under seal. In the

public version, the party may redact only that information that is deemed 'Confidential.' The party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request.

Any use of Confidential Information at trial shall be governed by a separate agreement or order.

16. This Order in no way alters the law regarding the type of information that may be deemed Confidential Information, nor the burdens for demonstrating confidentiality or the right to discovery of Confidential Information.

17. Confidential Material Subpoenaed or Ordered Produced in Other Matters. Any Receiving Party who receives a subpoena or other process from a Non-Party, or order, to produce, or disclose Confidential Information shall provide the Designating Party with written notice thereof (the notice shall include a copy of the subpoena or other process or order or other information necessary to reasonably inform) within seventy-two (72) hours of receipt of said written notice to enable the Designating Party to take whatever action it deems appropriate. The Designating Party may then seek an order from the court issuing the subpoena, process, or order that prohibits and/or limits the scope of any disclosure, and shall provide notice of such application to the Party receiving the subpoena, process or order. The Receiving Party may comply with the subpoena, process, or order on the last day specified for compliance therewith, unless the Designating Party has sought an order prohibiting and/or modifying the disclosure sought, and shall comply with any subsequent order of court prohibiting and/or limiting the scope of any disclosure. Any disputes arising under this Paragraph shall be governed by the procedures specified in Paragraph 16 of this Order. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

///

18. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court for the purposes of enforcement of the confidentiality terms of this Order. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

After final disposition of this litigation all Confidential Information and all copies of same (other than attorney work product containing references to such information) shall be returned to the Producing Party or made available for pick-up at its cost, or alternatively destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 30 days after final disposition of this litigation.

The parties respectfully request the Court enter a Protective Order in this action as above.

Dated: December 6, 2013

By: */s/ Ronald A. Marron*
**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
SKYE RESENDES
ALEXIS M. WOOD
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

Dated: December 6, 2013

By: */s/ Douglas J. Campion*
**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
DOUGLAS J. CAMPION

|   |   |
|---|---|
|   | 409 Camino Del Rio South, Suite 303<br>San Diego, California 92108<br>doug@djcampion.com<br>Telephone: (619) 299-2091<br>Facsimile: (619) 858-0034<br><br>*Attorneys for Plaintiff and the Proposed Class* |
| Dated: December 6, 2013 | By: */s/ Felicia Yu*<br>**REED SMITH LLP**<br>FELICIA YU<br>RAAGINI SHAH<br>355 South Grand Avenue, Suite 2900<br>Los Angeles, California 90071<br>Telephone: (213) 457-8000<br><br>*Attorneys for Defendant* |

### CERTIFICATION OF APPROVAL OF CONTENT

I, Ronald A. Marron, counsel for Plaintiff Henderson, in the above-entitled matter, hereby certify that the required parties have approved and accepted the content of the Joint Motion for Protective Order, and that I have obtained authorization from Felicia Yu, counsel for Defendant United Student Aid Funds, Inc. d/b/a USA Funds for her electronic signature on the Joint Motion for Protective Order.

|   |   |
|---|---|
| Dated: December 6, 2013 | **LAW OFFICES OF RONALD A. MARRON, APLC**<br>By: */s/ Ronald A. Marron*<br>RONALD A. MARRON<br><br>*Attorney for Plaintiff and the Proposed Class* |

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California on _____ [date] in the case of *Henderson v. United Student Aid Funds, Inc. etc.* Case No. 13-CV-1845.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____