1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   SHYRIAA   HENDERSON,   on   behalf   of   )   Case No. 13cv1845-L (BLM)
     herself, and all others similarly situated,   )
12                                            )   **ORDER:**
                         Plaintiff,           )
13                                            )   **(1) DENYING AS MOOT**
                                              )   **PLAINTIFF'S *EX PARTE* MOTION TO**
14   v.                                       )   **CONTINUE THE DATE FOR FILING**
                                              )   **HER CLASS CERTIFICATION**
15                                            )   **MOTION [ECF No. 29];**
                                              )
16   UNITED   STUDENT   AID   FUNDS,   INC.,   )   **(2) GRANTING PLAINTIFF'S *EX***
     D/B/A/ USA FUNDS,                        )   ***PARTE* MOTION TO MODIFY THE**
17                                            )   **SCHEDULING ORDER [ECF No. 30];**
                         Defendant.           )
18                                            )   **(3) MODIFYING THE CASE**
                                              )   **MANAGEMENT ORDER;**
19                                            )
                                              )   **(4) DENYING AS PREMATURE**
20                                            )   **PLAINTIFF'S MOTION FOR CLASS**
                                              )   **CERTIFICATION [ECF No. 35]; AND**
21                                            )
                                              )   **(5) DENYING AS MOOT**
22                                            )   **PLAINTIFF'S MOTION TO FILE**
                                              )   **DOCUMENTS UNDER SEAL**
23   _____ )   **[ECF No. 33].**

24

25        On August 20, 2014, Plaintiff filed an *ex parte* motion to continue the class

26   certification deadline.  ECF No. 29.  On August 21, 2014, Plaintiff filed a second *ex parte*

27   motion asking the Court to amend the scheduling order.  ECF No. 30.  Plaintiff did not

28   contact the Court prior to filing the *ex parte* motions, as required by the Court's Chamber's

Rules.  On August 21, 2014, defense counsel advised the Court that Defendant intended to oppose Plaintiff's motions.  On the same day, the Court issued an expedited briefing schedule for the pending motions.  ECF No. 31.  After Plaintiff's counsel contacted the Court to inquire whether the pending motions "tolled" the existing deadlines, the Court conducted a telephonic conference with the parties on August 22, 2014, and issued an order denying Plaintiff's verbal request to "toll" the current deadlines pending a ruling on the *ex parte* motions.  ECF No. 32.  On August 22, 2014, Plaintiff filed her motion for class certification.  ECF No. 35.

In accordance with the Court's August 21, 2014 order setting briefing schedule, on August 25, 2014, Defendant filed an opposition to Plaintiff's *ex parte* applications to continue the deadline for filling motions for class certification and for modification of the scheduling order.  See ECF Nos. 31, 36.  On August 29, 2014, Plaintiff replied to Defendant's opposition to Plaintiff's *ex parte* motions.  ECF No. 38.  Having considered all of the briefing and supporting documents presented, and for the reasons set forth below, Plaintiff's *ex parte* motion to continue the date for the motion for class certification is **DENIED** as moot, and Plaintiff's *ex parte* motion to modify the scheduling order is **GRANTED.**

## FACTUAL BACKGROUND

On August 8, 2013, Plaintiff filed a class cation complaint alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, by invading Plaintiff's privacy.  ECF No. 1 at 1-2.  Plaintiff alleges that beginning in 2009 through June 2013, she received unsolicited phone calls to her wireless phone attempting to collect a debt.  Id. at 4.  Plaintiff claims that she did not provide prior express consent to be contacted on her cellular telephone by Defendant or its agents, and alleges that they obtained her cell phone number from a third party by "trapping" such number.  Id.  Plaintiff further alleges that the phone calls were placed to her cellular telephone "via an 'automatic telephone dialing system,' ('ATDS') as defined by the 47 U.S.C. § 227 (a)(1) and by using 'an artificial or prerecorded voice' system as prohibited by 47 U.S.C. § 227 (b)(1)(A), which

had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place telephone calls to Plaintiff's cellular telephone." Id. at 4-5; see also id. at 8-9.  Plaintiff brought the class action on behalf of herself and all others similarly situated who received phone calls from Defendant or its agents to their wireless telephones without consent.  See id. at 5-8.

On December 20, 2013, the Court issued a Case Management Order ("CMC Order") setting February 14, 2014, as the deadline to amend the pleadings and requiring Plaintiff to file her motion for class certification by June 20, 2014.  ECF No. 22 at 1.  On January 27, 2014, Plaintiff served Defendant with her First Set of Requests for Production of Documents and First Set of Interrogatories, and on March 28, 2014, Defendant responded to Plaintiff's discovery requests.  ECF No. 29-1, Exhs. A-B; see also ECF No. 29-1, Declaration of Alexis M. Wood ("Wood Decl. I") at 2-3; ECF No. 30-1, Declaration of Alexis M. Wood ("Wood Decl. II") at 2.  On June 10, 2014, the parties moved the Court to continue the class certification motion deadline and the Mandatory Settlement Conference date by sixty days.[1] ECF No. 27 at 2.  The Court granted the parties' motion, extended the filing deadline for Plaintiff's motion for class certification until August 22, 2014, and extended all remaining dates in its CMC Order.  ECF No. 28.

## LEGAL STANDARD

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); see also ECF No. 22 at 7 (stating that the dates set forth in the CMC Order regulating discovery and other pretrial proceedings "will not be modified except for good cause shown").  The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party.  Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232

---

[1] In support, the parties stated that "Defendant has advised Plaintiff that several of the categories of documents sought by Plaintiff in Plaintiff's Requests for Production of Documents would be in the custody of third parties such as the servicer of Plaintiff's loans and collection agencies retained by the servicer, which Defendant is unable to obtain itself, necessitating the need for Plaintiff to issue subpoenas."  ECF No. 27 at 2. Consequently, the parties claimed that Plaintiff required additional time to seek discovery from the third parties to "adequately prepare" her class certification motion.  Id.

F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party).  Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ."  Id.

In addition to being required to establish good cause, a party moving to amend a pleading after a scheduling order deadline has passed must demonstrate excusable neglect.  Mireles v. Paragon Sys., Inc., 2014 WL 575713, at *2 (S.D. Cal. Feb. 11, 2014) (citing Weil v. Carecore Nat'l, LLC, 2011 WL 1938196, at *2 (D. Colo. May 19, 2011)); see also Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.").  The following factors are considered in determining whether there has been excusable neglect: the danger of prejudice to the non-moving party; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the moving party's conduct was in good faith.  Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993).

## DISCUSSION

**A.   Plaintiff's Ex Parte Motion to Continue the Date for Filing her Class Certification Motion**

After filing an *ex parte* motion requesting the continuance of the class certification motion deadline on August 20, 2014, and participating in a telephonic conference with the Court and the opposing counsel on August 21, 2014, Plaintiff filed her motion for class certification.  ECF No. 35.  Accordingly, the Court **DENIES** Plaintiff's *ex parte* motion to continue the date for filing her class certification motion as moot.

**B.   Plaintiff's *Ex Parte* Motion to Modify the Scheduling Order**

Plaintiff moves the Court to modify its December 20, 2013, Case Management Conference ("CMC") Order.  ECF No. 30 at 2.  Plaintiff seeks to continue the already-passed

February 14, 2014, deadline to amend the pleadings in order to file an amended complaint adding new defendants "brought to light" after her review of the documents produced during discovery, and to extend all other deadlines in the CMC Order by ninety days.  Id.; see also Wood Decl. I at 2, 6-7 (containing Plaintiff's counsel's statement that Plaintiff "has recently learned that several third party debt collection agencies are responsible for placing phone calls on behalf of Defendant," and that she needs additional time to obtain discovery from such third parties).  Plaintiff asserts that she has established the good cause required to modify the CMC Order because she assisted the Court in crafting the Order, learned about the involvement of Navient Solutions, Inc. ("Navient") and several third-party collection agencies after the deadline to amend the pleadings had passed, and was diligent in seeking a CMC Order modification.  ECF No. 30 at 5-6.  Plaintiff also argues that she has established the excusable neglect requirement for the CMC Order modification because Defendant will not be prejudiced by her "narrow" request for leave to file a motion to amend, the requested extension will have little impact on the duration of the judicial proceedings, the reason for the delay was not within her reasonable control, and she has not acted in bad faith.  Id. at 6-7.

Defendant opposes the motion by asserting that Plaintiff has known the third parties' identities since March 28, 2014, when Defendant disclosed them in its interrogatory responses, and that Plaintiff did not make "any discovery attempts . . . as to the [c]ollection [a]gencies" and "waited until the eve of the class certification deadline to raise her purported need for more discovery from Navient."  ECF No. 36 at 3.  Defendant argues that Plaintiff was not diligent in conducting discovery, and that Plaintiff thus fails to establish the good cause required to further modify the scheduling order.  Id.  Defendant also asserts that because Plaintiff filed a class certification motion and simultaneously requested a 90-day extension of all CMC Order deadlines, in order to add Navient and third-party collection agencies as defendants to this lawsuit, Defendant is placed in the "untenable position of having to oppose a motion for class certification while the pleadings and parties remain uncertain."  Id.  Defendant therefore maintains that it will be prejudiced

if Plaintiff's motion to modify the CMC Order is granted and asks the Court to deny the motion.  Id. at 3, 9.

Plaintiff responds that Defendant caused a significant delay by waiting nearly eight months to advise Plaintiff of its defense that "it d[id] not make collection calls" and that it had no documents or evidence relative to Plaintiff's complaint.  ECF No. 38 at 8-9; see also id. at 6.  Plaintiff asserts that given Defendant's "new" defense, and publically-available information calling into question the accuracy of Defendant's assertion that it did not make collection calls, she was required to further investigate her claims before serving subpoenas on third-party entities and seeking to amend her complaint.  See id. at 7; see also ECF No. 29-1, Exh. D.  Plaintiff also challenges Defendant's claim of prejudice resulting from having to oppose her motion for class certification while the pleadings and parties remain uncertain, by asserting that Defendant could have avoided the situation by agreeing to stipulate to an extension of the motion for class certification deadline.  ECF No. 38 at 6.

### 1.   Good Cause

While the Court believes that Plaintiff should have pursued the third-party discovery in a more timely manner after receiving Defendant's March 28, 2014, discovery responses, the Court cannot find that Plaintiff has not been "reasonably diligent" in investigating and prosecuting her case.  Initially, a review of the parties' joint discovery plan lodged on December 9, 2013, reveals that Plaintiff proposed May 30, 2014, as the deadline to amend the pleadings and indicated that she "may move to amend her complaint by, among other things . . . amending to include additional defendants."  ECF No. 30-1 at 8.  As such, Plaintiff did request a longer period of time for the deadline to move to amend, and thus was diligent in creating a workable scheduling order under Rule 16.  See Hood v. Hartford Life and Acc. Ins. Co., 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008); Becerra v. Nat'l Recovery Solutions, LLC, 2014 WL 3700210, at *4 (S.D. Cal. July 24, 2014).

Second, the Court finds that "matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference" prevented Plaintiff's compliance with the deadline.  See Hood, 567 F. Supp. 2d at 1224.  On January

27, 2014, five weeks after the Court's CMC Order, Plaintiff served Defendant with her first set of discovery requests. See ECF No. 22; Wood Decl. I at 2; Wood Decl. II at 2. On March 28, 2014, two months after Plaintiff served her discovery requests and six weeks after the February 14, 2014 deadline to amend the pleadings, Defendant responded to Plaintiff's interrogatories by stating that it did not place collection calls to Plaintiff, that "Sallie Mae, Inc. was the servicer of Plaintiff's loans for which Defendant was the guarantor," and that "there were several collection agencies who may have handled Plaintiff's loans, including Pioneer Credit Recovery, GC Services, General Revenue Corporation, National Enterprise Systems, and NCO Group." See ECF No. 22 at 1; ECF No. 29-1, Exh. A at 23; Wood Decl. II at 2; see also ECF No. 29-1, Exh. A (responses to Int. 4-10, 12, 15-18, 20). As a result of the parties' meet and confer efforts,[2] by the end of May 2014, Plaintiff had learned that Defendant purchased the claims to Plaintiff's loans on September 24, 2010 and October 22, 2010, that Navient was the servicer for Plaintiff's loans, and that Navient hired third parties to make debt collection calls. See ECF No. 29-1, Exh. E; Wood Decl. I at 3-4; Wood Decl. II at 2-3.

Although the Court agrees with Defendant that Plaintiff should have conducted the third party discovery in a more timely manner and should have filed her motion to amend the complaint sooner, the Court finds that Plaintiff was not unreasonable in her decision to delay the third-party discovery while she conducted additional investigation into Defendant's claims. Defendant's March 2014, discovery responses did not clearly state whether the

---

[2] On May 6, 2014, Plaintiff sent a letter to Defendant requesting supplemental discovery responses. ECF No. 29-1, Exh. C. On May 15, 2014, the parties held a telephonic meet and confer, during which Defendant asserted that it did not make collection calls and that it produced the documents in its possession concerning Plaintiff. See ECF No. 29-1, Exh. E at 122; Wood Decl. I at 3. On May 19, 2014, Plaintiff sent a second letter to Defendant restating her belief that Defendant "ma[de] collection calls, either internally or via third party vendors acting on [its] behalf," cited various publically-available sources of information supporting her position, and asked Defendant to advise Plaintiff if her "interpretation of the . . . evidence [was] incorrect." See ECF No. 29-1, Exh. D. On May 27, 2014, Defendant sent a letter to Plaintiff, in which it reasserted that it did not make collection calls, stated that "Sallie Mae, Inc." was known at the time as "Navient Solutions, Inc.," clarified its relationship with several third-party entities, and alleged that it purchased the claims to Plaintiff's loans on September 25, 2010 and October 22, 2010, and that Navient was the servicer of Plaintiff's loans. ECF No. 29-1, Exh E.

identified third-party agencies actually made the collection calls at issue in this case and whether the list of the third-party agencies was complete. See ECF No. 29-1, Exh. A at 23 (stating that Pioneer Credit Recovery, GC Services, General Revenue Corporation, National Enterprise Systems, and NCO Group "*may* have handled Plaintiff's loans.") (emphasis added). Further, because Plaintiff's independent research revealed publicly-available information which called into question Defendant's assertion of not making collection calls, Plaintiff reasonably wanted to ascertain "the exact identity of each collection agency" that allegedly made phone calls on behalf of Naveint and Defendant, and avoid "conducting a fishing expedition, sending subpoenas to all debt collectors requesting if they collected on Plaintiff's loan." See ECF No. 38 at 7-8 (citing Klein v. NW Mut. Life Ins. Co., 806 F. Supp. 2d 1120, 1126 (S.D. Cal. 2011) ("Discovery [] cannot be unlimited and plaintiffs have no right to engage in extensive fishing expeditions.")). Because Plaintiff's failure to comply with the February 14, 2014 deadline was at least partially attributable to Defendant's production of the requested information after the deadline to amend the pleadings, it could not have been reasonably anticipated at the time of the Rule 16 scheduling conference. See Hood, 567 F. Supp. 2d at 1224 (Plaintiff's "noncompliance with a Rule 16 deadline occurred . . . notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference") (quoting Jackson v. Laureate, Inc., 186 F.R.D. 605, 608) (E.D. Cal. 1999); Mireles, 2014 WL 575713, at *2 (discovery produced after the deadline to amend the pleadings "ma[de] compliance with the . . . deadline a temporal impossibility that was unforeseen at the time the scheduling order was issued"); Becerra, 2014 WL 3700210, at *4 ("Plaintiff's noncompliance with the Scheduling Order's . . . deadline resulted, despite [Plaintiff's] diligent efforts, from the development of matters which could not have been reasonably anticipated at the time of the Case Management Conference."); Valles v. Gen-X Echo B, Inc., 2013 WL 5832782, at *3 (D. Colo. Sept. 27, 2103) ("In some cases, a party may learn new information after the amendment of pleadings deadline has passed and, in such an instance, the newly-acquired information

satisfies Rule 16's good cause requirement.") (citation omitted).

Furthermore, the Court finds that while not ideally diligent, Plaintiff was reasonably diligent in seeking the amendment of the CMC Order once it became apparent that she could not comply with it.  Plaintiff received Defendant's discovery responses on March 28, 2014, and one month later began a series of meet and confer efforts, including written correspondence and telephonic conferences with opposing counsel, during which she sought clarification and supplementation of the produced information.  See ECF No. 29-1, Exhs. A-E; Wood Decl. I at 3-4; Wood Decl. II at 2-3.  After Defendant advised Plaintiff that several of the categories of documents sought by Plaintiff were in the custody of third parties, such as the servicer of Plaintiff's loans and collection agencies retained by the servicer, Plaintiff obtained an extension from this Court to the CMC Order deadlines and served third-party Navient with a subpoena for documents.  See ECF No. 28; ECF No. 29-1, Exh. F.  When Plaintiff determined that the produced documents did not clearly reveal which third-party vendors placed collection calls to Plaintiff, she scheduled the deposition of a Navient corporate representative in order to "understand the records produced by Navient and determine the entities making the calls."  ECF No. 38 at 4-5; see also ECF No. 38-1, Declaration of Alexis M. Wood ("Wood Decl. III") at 3.

Although Plaintiff could have conducted discovery in a more accelerated manner, the pace with which it proceeded was not unreasonable.  See Mireles, 2014 WL 575713, at *3.  Plaintiff reasonably decided to investigate her claims prior to serving subpoenas on third-party entities that "may or may not have taken part in the collection of her account" and prior to seeking leave to amend her complaint in order to add new defendants.  See Becerra, 2014 WL 3700210, at *5 (Plaintiff was "entitled to pursue confirmatory discovery . . . before moving to amend").  Furthermore, Plaintiff attempted to obtain a stipulation from Defendant as to the proposed amendment of the CMC Order.  See ECF No. 38 at 6; Wood Decl. I at 2; Wood Decl. III at 3.  As such, Plaintiff was reasonably diligent in seeking to amend the CMC Order once it became apparent that she could not comply with the Order.  See Becerra, 2014 WL 3700210, at *5 (finding that Plaintiff was diligent in seeking

amendment of the Scheduling Order after conducting confirmatory discovery and attempting to obtain a stipulation from Defendant); see also Mireles, 2014 WL 575713, at *3 (finding good cause to allow Plaintiffs to move to amend complaint based on their "representation that they were in the process of preparing an amendment to the FAC . . . and communicating with Defendant to achieve a stipulation to the proposed amendment before the class certification deadline").  As a result, the Court finds that Plaintiff has established good cause to modify the Court's CMC Order to permit her to seek leave to file a First Amended Complaint.

### 2.   Excusable Neglect

The Court has considered the four factors identified by the U.S. Supreme Court to determine whether there was excusable neglect justifying the late request to file a motion to amend the complaint.  See Pioneer, 507 U.S. at 395.  The Court finds that Plaintiff has established excusable neglect for not complying with the February 14, 2014 deadline.

Despite Defendant's contrary assertions, the Court does not find that an order permitting Plaintiff to file a motion to amend will cause any significant prejudice to Defendant.  See ECF No. 36 at 3.  Plaintiff's anticipated amendment relates to the same set of facts that were at issue in the original complaint, and thus will not require voluminous discovery.  See ECF No. 36 at 5, 7; Wood Decl. I at 6-7; Wood Decl. II at 3-4.  Moreover, this order extends the deadlines to file and oppose the class certification motion, thereby eliminating Defendant's concerns associated with having to oppose a motion for class certification while the pleadings and parties remain uncertain.  ECF No. 36 at 3.  This factor therefore weighs in favor of finding excusable neglect.

The remaining three factors also weigh in favor of the Court's finding.  The authorized delay is not lengthy and it will have little impact on the length of the judicial proceedings since no trial date has been set and discovery is still open.  See ECF No. 28. Similarly, as discussed above, Plaintiff was not able to comply with the deadline to amend the pleadings at least in part because Defendant produced the information identifying the third-party collection agencies after the deadline to amend.  Finally, the evidentiary record

in this case indicates that Plaintiff acted in good faith.

Accordingly, the Court finds that Plaintiff has established good cause and excusable neglect justifying her late request and **GRANTS** Plaintiff's *ex parte* motion to modify the CMC order.

**CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Plaintiff's *ex parte* motion and modifies the CMC Order as follows:

| | Current Date | New Date |
|---|---|---|
| Deadline to File Motion to Amend | February 14, 2014 | October 10, 2014 |
| Deadline to File New Motion for Class Certification | August 22, 2014 | December 12, 2014 |
| Exchange of Expert Reports | October 31, 2014 | January 30, 2015 |
| Rebuttal Expert Reports | November 29, 2014 | February 27, 2015 |
| Discovery Cutoff | January 23, 2015 | April 10, 2015 |
| Pretrial Motions Filing Deadline | February 23, 2015 | May 11, 2015 |
| Mandatory Settlement Conference ("MSC") | November 5, 2014 at 9:30 a.m. | February 18, 2015 at 9:30 a.m. |
| MSC Briefs Due Date | October 29, 2014 | February 11, 2015 |
| Compliance with FRCP 26(a)(3) | June 1, 2015 | August 17, 2015 |
| Meet and Confer | June 8, 2015 | August 24, 2015 |
| Proposed Pretrial Conference Order | June 22, 2015 | September 7, 2015 |
| Pretrial Conference Date | June 29, 2015 at 11:00 a.m. | September 14, 2015 at 11:00 a.m. |

All other dates, guidelines and requirements remain as previously set.  <u>See</u> ECF No. 22.

///
///
///
///

1    In light of this order granting Plaintiff's motion to modify the CMC Order and

2   providing Plaintiff with additional time to file a motion to amend the complaint, the Court

3   also finds it necessary to delay resolution of the class certification issue.  Accordingly, the

4   Court **DENIES** as premature Plaintiff's currently-pending motion for class certification [ECF

5   No. 35] and **DENIES** as moot Plaintiff's motion to file documents under seal [ECF No. 33].

6    **IT IS SO ORDERED.**

7

8   DATED:  September 17, 2014

9

10   BARBARA L. MAJOR
     United States Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28