**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
DOUGLAS J. CAMPION (SBN 75381)
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
*doug@djcampion.com*
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHYRIAA HENDERSON, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STUDENT AID FUNDS, INC. D/B/A USA FUNDS; GC SERVICES LIMITED PARTNERSHIP; NATIONAL ENTERPRISE SYSTEMS, INC.; NAVIENT SOLUTIONS, INC.<br><br>Defendants. | Case No.: 13-CV-1845-L (BLM)<br><br>CLASS ACTION<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227** *et seq.*<br><br>DEMAND FOR JURY TRIAL |

**INTRODUCTION**

1. Shyriaa Henderson ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of United Student Aid Funds, Inc. d/b/a USA Funds ("USA Funds"), GC Services Limited Partnership ("GC Services"), National Enterprise Systems Inc. ("NES") and Navient Solutions, Inc. ("Navient") (herein together referred to as "Defendants") in negligently, and/or willfully contacting Plaintiff through telephone calls on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**JURISDICTION AND VENUE**

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class member belonging to different states than that of the Defendants, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A). Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, a federal statute.

4. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(b) and 1441(a) because Defendants, at all times herein mentioned, were doing business in the County of San Diego, State of California. USA Funds is registered in California as entity number

1

*Henderson v. United Student Aid Funds, 13-CV-1845-L (BLM)*
FIRST AMENDED CLASS ACTION COMPLAINT

C0913836. GC Services is registered in California as entity number 198627400003. NES is registered in California as entity number C2261399. Navient is registered in California as entity number C2009932.

## PARTIES

5. Plaintiff Shyriaa Henderson is, and at all times mentioned herein was, a resident of the State of New Jersey. She is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (32).

6. Plaintiff is informed and believes, and thereon alleges, that Defendant USA Funds is a Delaware Corporation that maintains its principal place of business at 9998 Crosspoint Blvd Ste 400 Indianapolis Indiana and is a "person," as defined by 47 U.S.C. § 153 (32). Plaintiff alleges that at all times relevant herein USA Funds conducted business in the State of California and in the County of San Diego, and within this judicial district. Defendant USA Funds is the guarantor of Plaintiff's federal student loans.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant Navient Solutions, Inc. is a Delaware Corporation that maintains its principal place of business at 2001 Edmund Halley Drive, Reston Virginia 20191 and is a "person," as defined by 47 U.S.C. § 153 (32). Plaintiff alleges that at all times relevant herein Navient conducted business in the State of California and in the County of San Diego, and within this judicial district. Defendant Navient is the servicer for Plaintiff's federal student loan.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant GC Services is a Delaware Corporation that maintains its principal place of business at 6330 Gulfton, Houston Texas 77081 and is a "person," as defined by 47 U.S.C. § 153 (32). Plaintiff alleges that at all times relevant herein GC Services conducted business in the State of California and in the County of San Diego, and within this

judicial district. Defendant GC Services is one of the collection agencies hired by USA Funds and/or Navient to collect on Plaintiff's federal student loan.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant NES is a Ohio Corporation that maintains its principal place of business at 29125 Solon Rd, Solon Ohio 44139 and is a "person," as defined by 47 U.S.C. § 153 (32). Plaintiff alleges that at all times relevant herein NES conducted business in the State of California and in the County of San Diego, and within this judicial district. Defendant NES is one of the collection agencies hired by USA Funds and/or Navient to collect on Plaintiff's federal student loan.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. §§ 227 *et seq.*

10. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

13. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

## FACTUAL ALLEGATIONS

14. Beginning approximately 2010 through June 2013, Plaintiff Henderson received a number of unsolicited phone calls to her wireless phone made on behalf of Defendant USA Funds attempting to collect payments on two of Plaintiff's federal student loans issued under the Federal Family Education Loan Program (FFELP). The unsolicited phone calls Plaintiff received from Defendants featured an artificial or prerecorded voice.

15. Plaintiff Henderson took out the first student loan in January of 1993. The second student loan was taken out in April of 2007. Signet Bank was the lender of for the 1993 student loan and Sallie Mae was the lender for the 2007 student loan. Defendant USA Funds is the guaranty agency for both student loans.

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

<>16. Sallie Mae made a claim for the defaulted 2007 loan on September 1, 2010 and a successor of Signet Bank made a claim for the defaulted 1993 loan in 2002.

17. Defendant USA Funds, as the guaranty agency, purchased the claims to both of Plaintiff's loans on September 24, 2010 and October 22, 2010.

18. Defendant USA Funds, acting as the guarantor/creditor of Plaintiff's student loans, hired Sallie Mae to service and collect on Plaintiff's defaulted student loans.

19. On information and belief, Defendant USA Funds did not make collection calls to Plaintiff. However, USA Funds and/or Sallie Mae hired several collection agencies, including Defendant GC Services, Defendant NES, Pioneer Credit Recovery, General Revenue Corporation and NCO Group to collect on Plaintiff's student loans by making phone calls to Plaintiff's cellular phone on behalf of Defendant USA Funds.

20. In or around April 2014, Sallie Mae split into two entities: Sallie Mae and Navient. Through this split, Navient is now the new entity that services federal student loans on behalf of USA Funds.

21. On May 9, 2013, the FCC issued a Declaratory Ruling as to the scope of "on behalf of" liability under the TCPA, wherein the FCC stated that "while a seller does not generally 'initiate' calls made through a third-party telemarketer within the meaning of the TPCA, it nonetheless may be held vicariously liable under federal common law principles of agency for violation of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In re Dish Network, LLC*, 28 F.C.C. Rcd. 6574 (the "FCC Declaratory Ruling"), ¶ 1; Thus, entities, such as USA Funds, can be held vicariously liable for the unlawful calls made by third parties (in this case Navient and collection agencies hired by Navient), for its benefit, if the third party had actual or apparent authority to make the

5

*Henderson v. United Student Aid Funds, 13-CV-1845-L (BLM)*
FIRST AMENDED CLASS ACTION COMPLAINT

unsolicited calls, or if the principal ratified the third parties' conduct. *See In re Dish Network, LLC*, 28 F.C.C. Rcd. at 6588.

22. In regard to the calls, Plaintiff Henderson did not list the wireless phone to which she received the phone calls in or on any documents at any time during the transaction that resulted in the debt being serviced by Defendants because Plaintiff did not have the cell phone number in which she was contacted at the time she incurred the debt, nor did she verbally provide any entity, including any Defendant, with the cellular phone number at any time during the transaction that resulted in the debt owed. Plaintiff did not give Defendants prior express consent to call Plaintiff on her cellular telephone with the use of an autodialer and/or prerecorded message, pursuant to 47 U.S.C. § 227 (b)(1)(A).

23. On information and belief, Defendants may have obtained Plaintiff's cellular telephone number from a third party, skip tracing or by "trapping" such number, i.e., making a record of her cell phone number using caller identification technology, but did not receive that number from Plaintiff.

24. Notwithstanding the fact Plaintiff did not provide Defendants or Defendants' assignees, if any, her cellular number at any time during the transaction that resulted in the debt owned or at any later date, Defendants, or Defendants' agents, have called Plaintiff on her cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place telephone calls to Plaintiff's cellular telephone.

25. The telephone number that Defendants, or Defendants' agents, called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

26. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

27. Plaintiff did not provide Defendants or Defendants' agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227(b)(1)(A).

28. These telephone calls by Defendants or Defendants' agents therefore violated 47 U.S.C. § 227(b)(1).

29. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

31. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited telephone calls from Defendants or Defendants' agents on their paging service, cellular phone service, mobile radio service, radio common carrier service, or other service for which they were charged for the call, through the use of any automatic telephone dialing system or artificial or pre-recorded voice system as set forth in 47 U.S.C. § 227(b)(1)(A)(3) or artificial or prerecorded voice, which telephone calls by Defendants or Defendants' agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint.

32. Defendants and Defendants' employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

33. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through Defendants' agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using unsolicited telephone calls, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

34. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

35. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agents' records.

36. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendants or Defendants' agents placed telephone calls without the recipients' prior express consent (other than a telephone call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing

    system or an artificial or pre-recorded voice system, to any telephone number assigned to a cellular telephone service;

  b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

  c. Whether Defendants and Defendants' agents should be enjoined from engaging in such conduct in the future.

37. As a person that received at least one unsolicited telephone call to her cell phone without Plaintiff's prior express contest, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

38. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

39. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

40. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

41. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §§ 227 *ET SEQ.*

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendants were able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention. These telephone calls were made without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

44. The foregoing acts and omissions of Defendants and Defendants' agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

45. As a result of Defendants', and Defendants' agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §§ 227 *ET SEQ.*

47. Plaintiff incorporates by reference the above paragraphs 1 through 41 inclusive, of this Complaint as though fully stated herein.

48. Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendants were able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention. These telephone calls were made without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

49. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq*.

50. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

51. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendants:

# FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.*

52. As a result of Defendants', and Defendants' agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

53. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

54. Any other relief the Court may deem just and proper.

# SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.*

55. As a result of Defendants, and Defendants' agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

56. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

57. Any other relief the Court may deem just and proper.

# JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 26, 2014  */s/ Ronald A. Marron*
By: Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
SKYE RESENDES
ALEXIS WOOD
651 Arroyo Drive
San Diego, California 92103

Telephone: (619) 696-9006
Facsimile: (619) 564-6665

13

*Henderson v. United Student Aid Funds, 13-CV-1845-L (BLM)*
FIRST AMENDED CLASS ACTION COMPLAINT