Abraham J. Colman (SBN 146933)
Email: acolman@reedsmith.com
Felicia Y. Yu (SBN 193316)
Email: fyu@reedsmith.com
Raagini Shah (SBN 268022)
Email: rshah@reedsmith.com
REED SMITH LLP
Telephone: (213) 457-8000
Facsimile: (21) 457-8080

Attorneys for Defendant
UNITED STUDENT AID FUNDS, INC.
D/B/A USA FUNDS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT CALIFORNIA

| | |
|---|---|
| SHYRIAA HENDERSON, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STUDENT AID FUNDS, INC. D/B/A USA FUNDS et al.,<br><br>Defendants. | Case No. 3:13-cv-01845-L-BLM<br><br>**CLASS ACTION**<br><br>**DEFENDANT UNITED STUDENT AID FUNDS, INC. D/B/A USA FUNDS' ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Honorable M. James Lorenz |

Defendant United Student Aid Funds, Inc. d/b/a USA Funds ("USA Funds") for itself and no other party, hereby answers Plaintiff Shyriaa Henderson's First Amended Complaint ("FAC") responding to the correspondingly numbered paragraphs thereof, as follows:

## INTRODUCTION

1. Answering Paragraph 1 of the FAC, USA Funds admits only that Plaintiff has filed a class action complaint alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227 *et seq.* USA Funds denies that it violated any provision of the TCPA or that it invaded Plaintiff's privacy. USA Funds is without sufficient knowledge or information to form a belief as to the truth of

the remaining allegations in this Paragraph, and on that basis, denies them.

## JURISDICTION AND VENUE

2. Paragraph 2 of the FAC contains legal conclusions to which no response is required.

3. Paragraph 3 of the FAC contains legal conclusions to which no response is required.

4. Answering Paragraph 4 of the FAC, USA Funds admits it does business in California.  USA Funds is without sufficient knowledge or information to form a belief as to the allegations regarding the registration of GC Services, NES, and Navient Solutions, Inc. (formerly known as Sallie Mae, Inc.) ("Navient"), and on that basis denies them.  The remaining allegations of Paragraph 4 contain legal conclusions to which no response is required.

## PARTIES

5. Answering Paragraph 5 of the FAC, USA Funds is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies them.

6. Answering Paragraph 6 of the FAC, USA Funds admits that it is a Delaware Corporation that maintains its principal place of business at 9998 Crosspoint Blvd. Ste 400 in Indianapolis, Indiana.  USA Funds also admits that it conducted business in the State of California and the County of San Diego.  USA Funds admits that it guaranteed federal student loans obtained by Plaintiff.  The remaining allegations in Paragraph 6 contain legal conclusions to which no response is required.

7. Answering Paragraph 7 of the FAC, USA Funds admits that Navient was the servicer for federal student loans obtained by Plaintiff.  USA Funds is without sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph, and on that basis, denies them.

8. Answering Paragraph 8 of the FAC, USA Funds denies that it hired GC Services to collect debt owed on any of Plaintiff's federal student loans.  USA Funds

DEFENDANT UNITED STUDENT AID FUNDS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

admits, based on information and belief, that GC Services was retained by Navient to collect debt owed on Plaintiff's federal student loans. USA Funds is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 8, and on that basis, denies them.

9. Answering Paragraph 9 of the FAC, USA Funds denies that it hired NES to collect debt owed on any of Plaintiff's federal student loans. USA Funds admits, based on information and belief, that NES was retained by Navient to collect debt owed on Plaintiff's federal student loans. USA Funds is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 8, and on that basis, denies them.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. §§ 227, *et seq.*

10. Paragraph 10 of the FAC contains legal conclusions to which no response is required.

11. Paragraph 11 of the FAC contains legal conclusions to which no response is required.

12. Paragraph 12 of the FAC contains legal conclusions to which no response is required.

13. Paragraph 13 of the FAC contains legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

14. Answering Paragraph 14 of the FAC, USA Funds denies that any "unsolicited" phone calls were made to Plaintiff's wireless phone. USA Funds is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

15. Answering Paragraph 15 of the FAC, USA Funds admits that it was the guarantor for two federal student loans obtained by Plaintiff. USA Funds admits that the first loan was disbursed in 1993 and that the second loan was disbursed in April

– 2 –
DEFENDANT UNITED STUDENT AID FUNDS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

2007. USA Funds admits that Signet Bank was the original lender for the first loan and that Sallie Mae Education Trust was the original lender for the second loan. Except as expressly admitted, the allegations of this paragraph are denied.

16. Answering Paragraph 16 of the FAC, USA Funds admits that after Plaintiff defaulted on her first loan, Navient made a default claim for guarantee by USA Funds. USA Funds also admits that after Plaintiff defaulted on her second loan, Navient made a default claim for guarantee by USA Funds.

17. Answering Paragraph 17 of the FAC, USA Funds admits that it purchased default claims from Navient on the first loan on September 24, 2010 and on October 22, 2010 for the second loan. Except as expressly admitted, the allegations of this paragraph are denied.

18. Answering Paragraph 18 of the FAC, USA Funds admits that as the guarantor on both of Plaintiff's federal student loans, USA Funds retained Navient to service Plaintiff's loans. Except as expressly admitted, the allegations of this paragraph are denied.

19. Answering Paragraph 19 of the FAC, USA Funds admits that it did not place any collection calls to Plaintiff. Based on information and belief, USA Funds admits that Navient may have retained Defendant GC Services, Defendant NES, Pioneer Credit Recovery, General Revenue Corporation and NCO Group to collect the debt owed on Plaintiff's student loans. USA Funds denies that it retained any collection agencies to collect the debt owed on Plaintiff's student loans. USA Funds further denies all remaining allegations of this paragraph.

20. Answering Paragraph 20 of the FAC, USA Funds admits, based on information and belief, that as the result of a corporate reorganization, Sallie Mae, Inc. was renamed Navient Solutions, Inc., and further admits that Navient services certain student loans for which USA Funds is the guarantor. USA Funds is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

DEFENDANT UNITED STUDENT AID FUNDS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

21. Answering Paragraph 21 of the FAC, USA Funds denies that it is liable for any alleged unlawful calls placed by third parties. The remaining allegations of this paragraph constitute legal conclusions to which no response is required.

22. Answering Paragraph 22 of the FAC, USA Funds denies, based on information and belief, that Plaintiff did not provide her cellular telephone number in connection with the loan transactions at issue in the FAC.  USA Funds further denies, based on information and belief, that Plaintiff did not give prior express consent to be called on her cellular telephone with the use of an autodialer and/or prerecorded message.  USA Funds is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

23. Answering Paragraph 23 of the FAC, USA Funds denies that it placed any collection calls to Plaintiff or that it obtained Plaintiff's cellular telephone number in order to place any such calls by obtaining the number from a third party, skip tracing , or "number trapping."  USA Funds is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies them.

24. Answering Paragraph 24 of the FAC, USA Funds denies that it placed any collection calls to Plaintiff.  USA Funds further denies, based on information and belief, that Plaintiff did not provide her cell phone number in connection with the loans at issue in the FAC.  USA Funds is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

25. Answering Paragraph 25 of the FAC, USA Funds denies that it placed any collection calls to Plaintiff.  USA Funds is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

26. Answering Paragraph 26 of the FAC, USA Funds denies that it placed

– 4 –

any collection calls to Plaintiff. USA Funds is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

27. USA Funds denies, based on information and belief, the allegations set forth in Paragraph 27 of the FAC.

28. USA Funds denies the allegations set forth in Paragraph 28 of the FAC.

29. USA Funds denies the allegations set forth in Paragraph 29 of the FAC.

## CLASS ACTION ALLEGATIONS

30. Answering Paragraph 30 of the FAC, USA Funds denies that Plaintiff is a proper class representative and denies that this action is appropriate for class treatment.

31. Answering Paragraph 31 of the FAC, USA Funds denies that Plaintiff is a proper class representative and denies that this action is appropriate for class treatment.

32. Answering Paragraph 32 of the FAC, USA Funds denies that Plaintiff is a proper class representative and denies that this action is appropriate for class treatment.

33. USA Funds denies the allegations set forth in Paragraph 33 of the FAC. USA Funds further denies that Plaintiff is a proper class representative, and denies that this action is appropriate for class treatment.

34. Answering Paragraph 34 of the FAC, USA Funds denies that Plaintiff or the proposed class she seeks to represent is entitled to any damages or injunctive relief whatsoever. USA Funds further denies that this action is appropriate for class treatment.

35. USA Funds denies the allegations set forth in Paragraph 35 of the FAC and denies that this action is appropriate for class treatment.

36. Answering Paragraph 36 of the FAC and its subparts, USA Funds denies these allegations and denies that this action is appropriate for class treatment.

37. Answering Paragraph 37 of the FAC, USA Funds denies these allegations, denies that Plaintiff is a proper class representative, and denies that this action is appropriate for class treatment.

38. Answering Paragraph 38 of the FAC, USA Funds denies these allegations and denies that this action is appropriate for class treatment.

39. Answering Paragraph 39 of the FAC, USA Funds denies that Plaintiff is a proper class representative and denies that this action is appropriate for class treatment.

40. Answering Paragraph 40 of the FAC, USA Funds denies that this action is appropriate for class treatment.

41. Answering Paragraph 41 of the FAC, USA Funds denies these allegations and denies that this action is appropriate for class treatment.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 27 U.S.C. §§ 227 *ET SEQ.*

42. Answering Paragraph 42 of the FAC, USA Funds incorporates by reference its responses to Paragraphs 1 through 41 of the FAC as though fully set forth herein.

43. Answering Paragraph 43 of the FAC, USA Funds denies these allegations.

44. Answering Paragraph 44 of the FAC, USA Funds denies these allegations.

45. Answering Paragraph 45 of the FAC, USA Funds denies these allegations.

46. Answering Paragraph 46 of the FAC, USA Funds denies these allegations.

DEFENDANT UNITED STUDENT AID FUNDS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 USC §§ 227 ET SEQ.

47. Answering Paragraph 47 of the FAC, USA Funds incorporates by reference its responses to Paragraphs 1 through 46 of the FAC as though fully set forth herein.

48. Answering Paragraph 48 of the FAC, USA Funds denies these allegations.

49. Answering Paragraph 49 of the FAC, USA Funds denies these allegations.

50. Answering Paragraph 50 of the FAC, USA Funds denies these allegations.

51. Answering Paragraph 51 of the FAC, USA Funds denies these allegations.

## PRAYER FOR RELIEF

52. Answering Paragraph 52 of the FAC, USA Funds denies that Plaintiff or the proposed class she seeks to represent is entitled to any damages, injunctive relief or relief of any kind.

53. Answering Paragraph 53 of the FAC, USA Funds denies that Plaintiff or the proposed class she seeks to represent is entitled to any damages, injunctive relief or relief of any kind.

54. Answering Paragraph 54 of the FAC, USA Funds denies that Plaintiff or the proposed class she seeks to represent is entitled to any damages, injunctive relief or relief of any kind.

55. Answering Paragraph 55 of the FAC, USA Funds denies that Plaintiff or the proposed class she seeks to represent is entitled to any damages, injunctive relief or relief of any kind.

56. Answering Paragraph 56 of the FAC, USA Funds denies that Plaintiff or

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 8 –

the proposed class she seeks to represent is entitled to any damages, injunctive relief or relief of any kind.

57. Answering Paragraph 57 of the FAC, USA Funds denies that Plaintiff or the proposed class she seeks to represent is entitled to any damages, injunctive relief or relief of any kind.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff and others alleged to be members of the purported class lack standing to bring or maintain the claims asserted in the FAC.

### SECOND AFFIRMATIVE DEFENSE

The FAC fails to state a claim upon which relief can be granted against USA Funds.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part by the applicable statute of limitations, including but not limited to 28 U.S.C. Section 1658.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part by laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff and others alleged to be members of the purported class are barred from obtaining the relief sought in the FAC by the doctrines of estoppel, waiver, unclean hands, and/or other equitable doctrines.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part because they have failed to mitigate their alleged damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

USA Funds expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may fall within the primary jurisdiction of the Federal Communications Commission.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part because Plaintiff and others alleged to be members of the purported class consented to, ratified, or acquiesced in all of the alleged acts or omissions of which they complain.

### TENTH AFFIRMATIVE DEFENSE

USA Funds' conduct was privileged and/or justified.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to bring this FAC on behalf of a class, this action cannot be maintained as a class action because, *inter alia*, Plaintiff does not and cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### TWELFTH AFFIRMATIVE DEFENSE

The FAC fails to allege facts sufficient for injunctive or equitable relief against USA Funds.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff and others alleged to be members of the purported class have released and waived any and all claims, rights and demands made by them in the FAC.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff and others alleged to be members of the purported class gave prior express consent for the telephone calls at issue in this action. 47 U.S.C. § 227(b)(1)(A).

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and others alleged to be members of the purported class had an existing business relationship with USA Funds.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred because any alleged acts or omissions of USA Funds giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by USA Funds to avoid any such acts or omissions. USA Funds acted at all times in a reasonable manner in connection with the transactions at issue in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred because the acts or omissions of which Plaintiff complains have been approved and/or mandated, implicitly or expressly, by applicable statutes and regulations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred because USA Funds at all times complied in good faith with all applicable statutes and regulations.

## NINETEENTH AFFIRMATIVE DEFENSE

USA Funds specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff or others.

DEFENDANT UNITED STUDENT AID FUNDS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

Any harm alleged in the FAC can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

If Plaintiff or others alleged to be members of the purported class suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by USA Funds.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff and others alleged to be members of the purported class breached the terms of their loan agreements that were guaranteed by USA Funds, USA Funds is entitled to setoffs from any award Plaintiff or other alleged members of the purported class may recover.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The individuals who are alleged to be members of the purported class may be barred from asserting the claims alleged in the FAC because those claims may be subject to a binding and valid arbitration agreement.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

USA Funds specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

WHEREFORE, USA Funds prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the FAC;
2. For its costs of suit herein;
3. For attorney's fees according to proof; and

4. For such other and further relief as this Court may deem just and proper.

DATED: October 16, 2014

REED SMITH LLP

By    */s/ Raagini Shah*
Felicia Yu
Raagini Shah
Attorneys for Defendant
UNITED STATES STUDENT AID FUNDS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2014, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court (Southern District of California) using the CM/ECF system, which will send notification of such filing to all counsel of record who receive CM/ECF notification.

Dated this 16th day of October, 2014.

                                                */s/ Raagini Shah*
                                                Raagini Shah

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 13 –
DEFENDANT UNITED STUDENT AID FUNDS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT