# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHYRIAA HENDERSON, on behalf of herself, and all others similarly situated,<br><br>                               Plaintiffs,<br><br>vs.<br><br><br>UNITED STUDENT AID FUNDS, INC. d/b/a USA FUNDS; GC SERVICES, LIMITED PARTNERSHIP; NATIONAL ENTERPRISE SYSTEMS, INC.; NAVIENT SOLUTIONS, INC.,<br><br>                               Defendants. | CASE NO. 13-CV-1845 JLS (BLM)<br><br>**ORDER (1) GRANTING GC SERVICES' MOTION TO DISMISS; (2) GRANTING NATIONAL ENTERPRISE SYSTEMS' MOTION TO DISMISS PURSUANT TO 12B(2); AND (3) GRANTING NAVIENT SOLUTIONS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(B)(2)**<br><br>(ECF Nos. 55, 56, 60) |

Presently before the Court is Defendant GC Services, LP's ("GC") Motion to Dismiss ("MTD"), Defendant National Enterprise Systems, Inc.'s ("NES") MTD Pursuant to 12(b)(2), and Defendant Navient Solutions, Inc.'s ("Navient") MTD the First Amended Complaint Pursuant to F.R.C.P. 12(b)(2). (ECF Nos. 55, 56, 60.) Also before the Court is Plaintiff Shyriaa Henderson's Consolidated Response in Opposition (ECF No. 69) and Defendants' Replies in Support of their Motions. (ECF Nos. 72, 73, 74.)

The hearing for the Motions was vacated and the matter taken under submission without oral argument pursuant to Civil Local Rule 7.1.d.1. Having considered the Parties' arguments and the law, the Court **GRANTS** GC, NES, and Navients' Motions to Dismiss.

## BACKGROUND

At all times relevant to this case, Plaintiff was a New Jersey resident. (FAC 2, ECF No. 45-1.) Plaintiff took out two federal student loans in 1993 and 2007. (*Id.* at 4.) Defendant United Student Aid Funds, Inc. ("USA Funds") is the guaranty agency for both of Plaintiff's loans. (*Id.*) After Plaintiff defaulted on the loans, USA funds purchased the loans and hired Navient (previously known as Sallie Mae, Inc.) to service the loans. (*Id.* at 4.) Navient, in turn, hired various collection agencies, including GC and NES to collect the outstanding student loan debt. (*Id.*)

Plaintiff alleges that from 2010 through 2013, Defendants called her on her cellular telephone via an automated telephone dialing system and by using an artificial or prerecorded voice system as prohibited by 47 U.S.C. § 227(b)(1)(A), a provision of the Telephone Consumer Protection Act ("TCPA"). (*Id.*)

Each Defendant is a foreign entity, organized outside of the state of California. Defendants bring their motions to dismiss based on lack of personal jurisdiction, arguing that this Court does not have specific or general personal jurisdiction over them in this case.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows district courts to dismiss an action for lack of personal jurisdiction. "Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is appropriate." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). "The court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citing *Data Disc, Inc. v. Sys. Tech. Ass'n,*

*Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). "When a district court acts on the defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand" the motion. *Id.* (citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)); see also *Data Disc*, 557 F.2d at 1285 ("[I]t is necessary only for [the plaintiff] to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss.").

"Unless directly contravened, [the plaintiff's] version of the facts is taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citing *Unocal Corp.*, 248 F.3d at 922); *see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000). However, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Alexander v. Circus Enters., Inc.*, 972 F.2d 261, 262 (9th Cir. 1992) (citations and internal quotation marks omitted).

California's long-arm jurisdictional statute permits the exercise of personal jurisdiction so long as it comports with federal due process. See Cal. Civ. Proc. Code § 410.10; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Fred Martin Motor*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted)). Under the minimum contacts test, jurisdiction can be either "general" or "specific." *Doe*, 248 F.3d at 923. If a defendant has sufficient minimum contacts for the court to exercise personal jurisdiction over him, the exercise of such jurisdiction must also be reasonable. *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 113 (1987).

**ANALYSIS**

GC, NES, and Navient each argue that this Court lacks personal jurisdiction over them and that the Complaint therefore must be dismissed as to them in its entirety. Plaintiff contends that this Court properly exercises both general and specific jurisdiction over GC, NES, and Navient. For the reasons set forth below, this Court finds that it exercises neither specific nor general jurisdiction over GC, NES, or Navient and **GRANTS** each of their motions to dismiss.

**1.    General Jurisdiction**

General personal jurisdiction allows a plaintiff to hale a nonresident defendant into the forum state's court "to answer for any of its activities anywhere in the world." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (quoting *Fred Martin Motor*, 374 F.3d at 801). A court has general personal jurisdiction over a foreign corporation to hear any and all claims against it when its affiliations with a State are "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011); *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414, n. 9 (1984)). In order to be found essentially at home in the forum state, a company must be comparable to a domestic enterprise in that state. *Daimler*, 134 S.Ct. at 749.

A corporation will generally be "at home" for the purposes of general jurisdiction in two paradigm forums: its place of incorporation and its principal place of business. *Id.* (citing *Goodyear*, 564 U.S., at 2853-54). General jurisdiction is not limited to these two forums, but will only be available elsewhere in the "exceptional case" where its affiliations with a forum are "so substantial and of such nature as to render the corporation at home." *Id.* at 761 n.19; *see also Martinez*, 764 F.3d at 1070. To determine whether an exceptional case exists that justifies general jurisdiction, the Court must conduct "an appraisal of a corporation's activities in their entirety,

nationwide, and worldwide." *Daimler*, 134 S.Ct. at 762 n.20. "A corporation that operates in many places can scarcely be deemed at home in all of them." *Id.*

Plaintiff argues that each of these defendants is at home in California because they are all registered to do business in California and each Defendant has a continuous and systematic presence in California. (FAC 1–2, ECF No. 45-1; Opp'n 6, ECF No. 69.)

### A.   GC

GC is a Delaware limited partnership with its principal place of business in Houston, Texas. (FAC 2, ECF No. 45-1.) GC conducts business and is licensed in all 50 states as well as D.C. and Puerto Rico. (Grover Decl., ECF No. 55-2.) GC has 28 facilities in 16 states, including two in California. (*Id.*) In 2013, GC realized 5.8% of its revenue from its California facilities. (*Id.*) About 300 employees—less than 5% of its nearly 8,000 employees—are located in California. (*Id.*) No executives, officers, or managing members maintain offices in California. (*Id.*)

Plaintiff argues that GC is at home in California because it has two offices, over 300 employees, is licensed to do business in California, pays taxes in California, derives 5.8% of its annual revenue from California, and has been named as a defendant in various civil actions in California. (Opp'n 7–8, 14–15, ECF No. 69.) GC relies on *Daimler*, arguing that its contacts with California are insufficient to render it essentially at home and that no exceptional circumstances exist. GC argues that a similar application would render it at home in 16 states.

The Court finds that GC's contacts with California are not sufficient to render it "essentially at home" in this state. Given the company's contacts nationwide, its contacts in California are relatively minor and should not subject it to suit in California "to answer for any of its activities anywhere in the world." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014). Although Plaintiff seemingly acknowledges the appropriate standard, she continues to argue that general jurisdiction is appropriate when a corporation "has a consistent and substantial pattern of business

relations within the state." (Opp'n 14, ECF No. 69.)  The Court in *Daimler* rejected plaintiff's argument and the Ninth Circuit agreed. *Daimler*, 134 S.Ct. at 761 (the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business . . . is unacceptably grasping"); *Martinez*, 764 F.3d at 1070.

Accordingly, the Court finds that Plaintiff has failed to satisfy her burden of establishing that GC has sufficient minimum contacts with California for this Court to exercise general jurisdiction over it.

### B.   NES

NES is an Ohio corporation with its principal place of business in Ohio. (FAC 3, ECF No. 45-1.)  NES conducts all of its business from Ohio. (NES MTD 5, ECF No. 56-1.)  NES is registered to do business in California, but has no employees or offices in California.  (*Id.*; Thut Decl., ECF No. 56-2.)

Plaintiff argues that NES is subject to general personal jurisdiction in California because it is registered to do business in California, conducts business in California, and has been named as a defendant in various civil actions in California. (Opp'n 8, 16, ECF No. 69.)  Plaintiff argues that by not disclosing details about annual revenue attributable to California and how many debt collection calls it makes to California residents, NES is hiding its California contacts in an effort to avoid liability. (*Id.* at 16.)  Accordingly, Plaintiff argues that there is "nothing random, fortuitous, or attenuated about subjecting Defendants NES and Navient to this Court's general jurisdiction." (*Id.*)

The Court finds that Plaintiff has failed to satisfy her burden of establishing that NES has sufficient minimum contacts with California to render it "essentially at home" and for this Court to exercise general jurisdiction over it.  Although NES does business within California, this alone does not confer general jurisdiction over a defendant.  NES is incorporated and has its primary place of business in Ohio, conducts all of its business from Ohio, and does not have any employees or offices in California.  The

Court agrees with NES that simply because specific jurisdiction may have existed in a prior case where NES participated in civil litigation, does not mean that general jurisdiction exists in this case.

### C. *Navient*

Navient is a Delaware corporation with its principal place of business in Virginia. (FAC 2, ECF No. 45-1.) Navient conducts business in all 50 states as well as D.C. and Puerto Rico and is licensed where appropriate. (Heleen Decl., ECF No. 60-2.) Navient maintains several offices throughout the country, however it does not have any offices in California. (Roberts Decl., ECF No. 60-3.) Navient has three employees in California who work from their homes. (*Id.*) Navient employs 3,738 employees nationwide. (*Id.*)

Plaintiff argues that Navient is subject to general personal jurisdiction in California because it is registered to do business in California, conducts business in California, has three employees and one board member in California, and has been named as a defendant in various civil actions in California. (Opp'n 8–9, ECF No. 69.) Plaintiff argues that by not disclosing details about the number of student loans it services in California, Navient is hiding its California contacts in an effort to avoid liability. (*Id.* at 16.)

The Court finds that Plaintiff has failed to satisfy her burden of establishing that Navient has sufficient minimum contacts with California to render it "essentially at home" and for this Court to exercise general jurisdiction over it. Navient's contacts with California are minor compared to its contacts with other states. Although Navient conducted business in California, the company has no offices here. Further, only three employees out of 3,738 work in California. Lastly, the fact that other California Plaintiff's with California claims have sued Navient in California is irrelevant to whether general jurisdiction exists.

///

///

## 2. Specific Jurisdiction

For a court to exercise specific jurisdiction over a non-resident defendant, the plaintiff must establish: (1) the defendant purposefully availed itself on the forum by conducting some affirmative act or conduct, (2) plaintiff's claim must arise out of the defendant's forum-related activities, and (3) exercise of jurisdiction must be reasonable. *Roth v. Garcia Marquez*, 942 F.2d 617, 620–21 (9th Cir. 1991). Whether a claim "arises out of" the defendant's contacts with the forum is measured "in terms of 'but for' causation." *Bancroft & Masters*, 223 F.3d at 1088 (citing *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 474 (9th Cir. 1995)).

Specific personal jurisdiction in a class action is based only on the named plaintiffs and may not be based on allegations about the residency of unnamed putative class members. *Johnson v. Law*, 19 F.Supp.3d 1004, 1009 (S.D. Cal. 2014); *AM Trust v. UBS* AG, __ F.Supp.3d __, 2015 WL 395465 at * 8 (N.D. Cal. January, 29, 2015); *Ambriz v. Coca Cola Co.*, 2014 WL 296159 at * 5–6 (N.D. Cal. Jan. 27, 2014).

Here, Plaintiff's claim arises out of a call or calls she allegedly received in New Jersey that, if they were actually made by any of the Defendants, originated from outside California. Plaintiff does not argue or allege that her specific claims arise out of any Southern District of California activities by Defendants. Instead, Plaintiff speculates that other putative class members may be located in this District, and therefore, the injuries suffered by the California putative class members will form the basis for specific jurisdiction. Plaintiff's analysis relies exclusively on the claims of these unnamed class members. Plaintiff contends that the Defendants purposefully availed themselves on California by placing calls to class members in California and that they knew the calls would cause harm to those individuals in California. Plaintiff also contends that this lawsuit arises from those forum related activities and that exercising specific jurisdiction would be reasonable.

Plaintiff's FAC made no such allegations with respect to California class members, however, and even if Plaintiff had any evidentiary support for this

speculation, it would not matter because determination of proper venue is generally based on the named plaintiff, not unnamed or absent putative class members. Under these facts, there is no purposeful availment because Plaintiff's claims involve no act or transaction within California and no other forum-related activity by either Plaintiff or any of the Defendants is at issue.  GC claims that any phone call made to Plaintiff's cell phone was manually dialed by a representative in its Ohio facility, (Grover Decl., ECF No. 55-2), NES conducts all of its business from Ohio, NES MTD 5, ECF No. 56-1), and Navient has no offices in California (Roberts Decl., ECF No. 60-3).

Accordingly, Plaintiff has not made a prima facie showing that her claim arises out of GC, NES, or Navient's forum-related activities and this Court cannot assert specific jurisdiction over any of these Defendants.

**3.  Reasonableness**

For a court to exercise personal jurisdiction, whether general or specific, over a defendant, such assertion of jurisdiction must be "reasonable." *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 (9th Cir. 1993).  However, if the plaintiff fails to satisfy her burden of establishing the first two prongs of the test, "personal jurisdiction is not established in the forum state." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007) (internal citations omitted).

Here, a reasonableness inquiry is not necessary because Plaintiff fails to set forth a prima facie case establishing general or specific jurisdiction.  None of the Defendants can be deemed "essentially at home" in California and Plaintiff's claims do not arise out of any of the defendants' activities that were purposefully directed at California.

**4.  Jurisdictional Discovery**

Plaintiff requests leave to pursue jurisdictional discovery.  (Opp'n 22, ECF No. 69.)  However, because further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction, given the undisputed facts in this case, the Court **DENIES** Plaintiff's request for jurisdictional discovery. *St. Clair v. City of Chico*, 880 F.2d 199, 202 (9th Cir. 1989).

# CONCLUSION

In light of the foregoing, the Court **GRANTS** GC, NES, and Navients' Motions to Dismiss for lack of personal jurisdiction.

**IT IS SO ORDERED**.

DATED: April 8, 2015

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge