**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
DOUGLAS J. CAMPION (SBN 75381)
*doug@djcampion.com*
17150 Via Del Campo, Suite 100
San Diego, CA 92127
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHYRIAA HENDERSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STUDENT AID FUNDS, INC. D/B/A USA FUNDS,<br><br>Defendant. | CASE NO. 3:13-cv-1845-L-BLM<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES**<br><br>Judge: Hon. Magistrate Barbara L. Major |

# TABLE OF CONTENTS

I. Introduction ..................................................................................................... 2

II. Background .................................................................................................... 3

III. Plaintiff's Requests to Compel and Legal Argument ................................... 5

    A. Identification of the Vendors (ROG No. 21) .......................................... 6

    B. Outbound Dial List (ROG No. 22 and RFPD No. 67) ............................ 8

    C. Telephone Numbers of Vendors (ROG No. 23) ................................... 12

    D. Prior Express Consent Documents (RFPD No. 68) ............................. 12

    E. Agreements and Instructions to Vendors (RFPD No. 69, 70, 71) ........ 14

    F. Telephone Dialing Equipment (RFPD No. 72) ..................................... 15

IV. Conclusion .................................................................................................. 15

i

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

## TABLE OF AUTHORITIES

**Cases**

*A. Farber & Partners, Inc. v. Garber*,
    234 F.R.D. 186 (C.D. Cal. 2006) ................................................................. 5

*Allen v. Isaac*,
    99 F.R.D. 45 (N.D. Ill.) <u>amended,</u> 100 F.R.D. 373 (N.D. Ill. 1983) ...................... 7

*Calhoun v. Robinson*,
    No. C08-5744, RJB/KLS, 2009 WL 3326760 (W.D. Wash. Oct. 13, 2009) ....... 11

*Dolfo v. Bank of America, N.A.*,
    No. 11-CV-2828-DMS (BGS), 2013 WL 1316705 (S.D. Cal. Mar. 29, 2013) ..... 9

*Donnelly v. NCO Fin. Sys., Inc.*,
    263 F.R.D. 500 (N.D. Ill. 2009) ...................................................................... 14

*Eureka Fin. Corp. v. Hartford Accident & Indem. Co.*,
    136 F.R.D. 179 (E.D. Cal. Mar. 27, 1991) ......................................................... 5

*Gaines v. Law Office of Patenaude & Felix, A.P.C.*,
    No. 13CV1556-JLS DHB, 2014 WL 3894340 (S.D. Cal. Aug. 7, 2014) .............. 9

*Gaines v. Law Office of Patenaude & Felix, APC*,
    No. 13cv1556-JLS(DHB), 2014 WL 3894348 (S.D. Cal. June 12, 2014) ............ 8

*Kane v. Nat'l Action Fin. Servs., Inc.*,
    No. CIV A 11-11505, 2012 WL 1658643 (E.D. Mich. May 11, 2012) ................. 9

*Khalilpour v. CELLCO P'ship*,
    No. C. 09-02712 CW (MEJ), 2010 WL 1267749 (N.D. Cal. 2010) ..................... 9

*Knutson v. Schwan's Home Serv.*,
    2013 U.S. Dist. LEXIS 103094 (S.D. Cal. July 23, 2013) ................................... 8

*Knutson v. Schwan's Home Serv.*,

ii

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

No. 12cv964-GPC (DHB), 2013 WL 1222116 (S.D. Cal. Mar. 25, 2013)............8

*Knutson v. Schwan's Home Serv.*,
   No. 12cv964-GPC (DHB), 2013 WL 3746118 (S.D. Cal. July 15, 2013).............8

*Lopez v. Florez*,
   No. 1:08-CV-01975 - LJO, 2013 WL 1151948 (E.D. Cal. Mar. 19, 2013).........11

*Martin v. Bureau of Collection Recovery*,
   No. 10 C 7725, 2011 WL 2311869 (N.D. Ill. June 13, 2011)..............................11

*Ryabyshchuk v. Citibank (S. Dakota) N.A.*,
   No. 11-CV-1236-IEG WVG, 2011 WL 5976239, at *5 (S.D. Cal. Nov. 28, 2011) ...........................................................................................................................12

*Smith v. First Union Mortgage Corp.*,
   No. CIV. A. 98–5360, 1999 WL 509967 (E.D.Pa. July 19, 1999) .......................7

*Stemple v. QC Holdings*,
   2013 U.S. Dist. LEXIS 99582 (S.D. Cal. June 17, 2013) ................................8, 14

*Thrasher v. CMRE Fin. Servs., Inc.*,
   No. 14-CV-1540 BEN NLS, 2015 WL 1138469 (S.D. Cal. Mar. 13, 2015).........9

*Zimmerman v. Portfolio Recovery Associates, LLC*,
   276 F.R.D. 174 (S.D.N.Y. 2011)..........................................................................7

**Other Authorities**

7 James Wm. Moore, et al., *Moore's Federal Practice*, § 34.14[b], at 6 (3d ed. 2015) 11

*8B Charles A. Wright, Arthur R. Miller & Richard L. Marcus*, FEDERAL PRACTICE AND PROCEDURE § 2210 (3d ed. 2002 & Supp.)......................................................11

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559 (Jan. 4, 2008)..................................................................8, 12

iii

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

**Declaration of Compliance with Meet and Confer Requirement**

On April 20, 2015, Plaintiff served via email transmission Defendant United Student Aid Funds, Inc. d/b/a USA Funds with Plaintiff's Interrogatories to Defendant, Set Two and Plaintiff's Request for Documents to Defendant, Set Two. *See* Declaration of Alexis M. Wood ("Wood Decl."), ¶ 2; Exhibits A and B. On May 26, 2015, Defendant served via email transmission, Defendant's responses to the documents requests and interrogatories. *See* Wood Decl., ¶ 3; Exhibits C and D. On May 28, 2015, pursuant to Civil Local Rule 26.1.a and the Chamber Rules of the Honorable Magistrate Judge Major, counsel for Plaintiff, Alexis M. Wood and counsel for Defendant, Lisa Simonetti and Charles Nerko, conferred telephonically regarding this discovery dispute. *See* Wood Decl., ¶ 4. The Parties were unable to resolve the dispute and thus contacted the Chambers of the Honorable Magistrate Judge Major on June 1, 2015. *Id.* On June 3, 2015, per Judge Major's Chamber rules, the Parties conduced a conference with Chambers. *Id.*

1

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

**I. Introduction**

Plaintiff Shyriaa Henderson ("Plaintiff") brings this Motion to Compel ("Motion") against defendant United Student Aid Funds, Inc. d/b/a USA Funds ("USA Funds" or "Defendant") in regard to deficient responses to Plaintiff's Second Set of Interrogatories and Second Set of Requests for Production of Documents. To date, USA Funds has provided no responses to Plaintiff's three (3) interrogatories and seven (7) document requests asserting only boilerplate objections. These involve very basic information necessary and allowed in Telephone Consumer Protection Act ("TCPA") cases, including the names of and contracts with the third party vendor companies used by USA Funds, the numbers those companies called on behalf of USA Funds, reports generated about those calls, any prior express consent documents and any information USA Funds has about the dialing equipment used to make those calls on its behalf. The information requested is important first, for class certification purposes, to prove the Rule 23 elements of numerosity, typicality, commonality, and adequacy of Plaintiff. Second, this discovery is necessary to learn about the merits of the case, i.e., the vendors used to contact putative Class members on their cell phones, by autodialer and/or by a prerecorded voice message, and the equipment used for any or both. USA Funds has stated in discovery that it has not made any of the calls at issue but has instead hired third party collectors to do so on its behalf. Plaintiff must prove at trial that USA Funds, through the hiring of its agents, certain third party vendors, called putative Class members on their cell phones using such equipment, the number of calls and persons and numbers called. USA Funds must then prove its affirmative defense of prior express consent, the proof of which Plaintiff seeks by this motion and is entitled to receive. USA Funds refuses to provide this basic information.

Importantly, USA Funds is represented by the same counsel that also represents three (3) of these same third party vendors. USA Funds is refusing to produce the outbound dial lists of the numbers called on its behalf and received from those third party vendors, and through the same counsel, the third party vendors Navient, General Revenue Corporation and Pioneer Credit Recovery, Inc. have also refused to produce the same

2

outbound dial lists of calls they made on behalf of USA Funds. As a result, defense counsel is forcing Plaintiff to fight that same battle in at least three out of state jurisdictions to simply get the list of numbers called, and information about the autodialers used. Certainly USA Funds has the list of numbers called by its agents; granting Plaintiff's motion here on that issue will avoid unnecessary and duplicative motion practice in those other jurisdictions, including most likely for those third party vendors that are represented by different counsel than USA Funds' counsel.

Accordingly, Plaintiff respectfully submits her Motion to Compel Interrogatory ("ROG") Nos. 21, 22, and 23 (3 requests total) and Request for Production of Documents ("RFPD") Nos. 67, 68, 69, 70, 71, 72 (6 requests total).

## II. Background

On August 8, 2013, Plaintiff filed a class action complaint alleging that Defendant USA Funds violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. *See* Dkt. No. 1. Discovery in this action commenced on January 27, 2014, when Plaintiff served Defendant with her First Set of Requests for Production of Documents and First Set of Interrogatories. *See* Wood Decl., ¶ 5. Defendant identified several third-party entities "who may have handled Plaintiff's loans, including Pioneer Credit Recovery, GC Services, General Revenue Corporation, National Enterprise Systems, and NCO Group." *Id.* After Plaintiff received Defendant's discovery responses, the parties began engaging in meet and confer discussions. USA Funds asserted that it did not make collection calls, but clarified its relationship with several third-party entities, with counsel for USA Funds stating that USA Funds purchased the claims to Plaintiff's loans on September 24, 2010 and October 22, 2010 and that the "servicer" for Plaintiff's loans is a different entity, Navient Solutions, Inc. f/k/a Sallie Mae ("Navient"). *Id.* at ¶ 6. On June 11, 2014, Plaintiff sent a subpoena to Navient seeking documents relating to collection calls on her student loan accounts. *Id.* at ¶ 7. Call logs received from Navient reveal that Navient, and several unspecified vendors hired by Navient – presumably Pioneer Credit Recovery, GC Services, General Revenue Corporation, National Enterprise Systems, and NCO Group, contacted

3

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

Plaintiff's cellular phone. *Id*. Additionally it appears that contact information was provided by way of skip trace, thus evidencing that Plaintiff was called without prior express consent. *Id*.

On October 2, 2014, this Court granted the Parties' Joint Motion for Plaintiff to File a First Amended Complaint which added the parties GC Services Limited Partnership, National Enterprise Systems, Inc. and Navient Solutions, Inc., those identified by Defendant USA Funds as having been hired to collect from Plaintiff. (Dkt. No. 46.) Plaintiff's First Amended Complaint was thereafter filed on October 2, 2014. (Dkt. No. 47.) On or around October 6, 2014, the Amended Complaint was served on the newly added Defendants, along with simultaneously served interrogatories and requests for production. However, refusing to respond to discovery, on October 24, 2014 and October 27, 2014, the newly added Defendants filed Motions Dismiss for Lack of Personal Jurisdiction. (Dkt. Nos. 55, 56, and 60.) A stay of the matter was thereafter issued pending resolutions of the Motions which occurred on April 8, 2015, when this Court granted the Motions. (Dkt. No. 81.)

Promptly after a lift of the stay, on April 20, 2015, Plaintiff served a Second Set of Interrogatories and Request for Production of Documents on Defendant USA Funds and issued subpoenas to six non-parties who were hired by Defendant USA Funds to collect on Plaintiff's loan. Those entities include GC Services Limited Partnership, General Revenue Corporation, National Enterprise Systems, Inc., Navient Solutions, Inc., NCO Group, Inc. and Pioneer Credit Recovery, Inc. *See* Wood Decl., ¶ 8. Although this instant motion only pertains to responses by USA Funds, the third-party responses are also relevant as three of the non-party vendors (Navient, General Revenue Corporation and Pioneer Creditor Recovery, Inc.) are represented by the same counsel as USA Funds. *Id*. At this time, the third parties are objecting to the production of the same information which is being requested by Defendant USA Funds by way of Plaintiff's instant motion. *Id*. at ¶ 9. Plaintiff believes that USA Funds is in possession, custody and control of the requested information – or has the duty to request such information from its vendors. Importantly, Plaintiff has received documents from

4

Navient regarding Plaintiff's account and collection calls made by way of Navient or third parties hired by Navient to make such calls. *See* Wood Decl., ¶ 10. Additionally, Defendant has made the argument during the meet and confer discussion that although it objects to providing the totality of information requested by way of Plaintiff's requests, Defendant will consider producing a sampling of the information. *Id.* Thus, it is evident that either USA Funds itself, or Navient – its loan servicer – has all information requested by Plaintiff. Defendant's counsel represents both Defendant and Navient – however that same counsel will not consent to this Court' jurisdiction for the purpose of any motion to enforce a subpoena. Thus, should this Court not grant Plaintiff's motion and require that Defendant USA Funds produce the requested documents necessary for class certification and merits, Plaintiff will be forced to file motions to compel throughout the nation in pursuit of receiving the same requested documents directly through the third parties.[1]

### III. Plaintiff's Requests to Compel and Legal Argument

First, both USA Funds' document production and interrogatory responses are grossly deficient as they fail to provide any substantive response and instead rely on improper general and boilerplate objections. *Eureka Fin. Corp. v. Hartford Accident & Indem. Co.*, 136 F.R.D. 179, 182 (E.D. Cal. Mar. 27, 1991) (stating that it "should no longer be 'news' to a responding party" that "stat[ing] a general objection to an entire discovery document . . . is decidedly improper"); *see also A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (ruling that "general or boilerplate objections such as 'overly burdensome and harassing' are improper-especially when a party fails to submit any evidentiary declarations supporting such objections .... [s]imilarly, boilerplate relevancy

---

[1] Plaintiff would need to compel General Revenue Corporation in the Southern District of Ohio, National Enterprise Systems, Inc. in the Northern District of Ohio, Navient Solutions, Inc. in the Eastern District of Virginia, NCO Group, Inc. in the Eastern District of Pennsylvania and Pioneer Credit Recovery, Inc. in the Western District of New York. (Plaintiff has already filed a motion to compel GC Services Limited Partnership in the Southern District of Texas (Houston) (styled as case no. 4:15-mc-01378).)

5

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper"). Thus, all USA Funds' objections should be stricken.

In regard to the specific requests, rather than discuss each of the requests in dispute, many of the requests can be summarized into several basic categories: (1) Identification of the vendors used for collection efforts on USA Funds' behalf; (2) Outbound dial list and reports of all telephone numbers called using a dialer on USA Funds' behalf; (3) Telephone number(s) each third-party vendor utilized to contact debtors to collect on USA Funds' behalf; (4) Documents pertaining to USA Funds' affirmative defense of "prior express consent"; (5) Agreements with the third-party vendors used for collection efforts on USA Funds' behalf and instructions provided to those vendors; and (6) Telephone dialing equipment utilized to make the phone calls on USA Funds' behalf.

### A. Identification of the Vendors (ROG No. 21)

USA Funds has disclosed that itself does not make collection calls, but instead hires (either directly or through its loan servicer Navient) several collection agencies to make collection calls on its behalf. Specifically, USA Funds provided information in its responses to Plaintiff's First Set of Interrogatories that Navient, in addition to five collection agencies, were hired to collect on Plaintiff's account on behalf of USA Funds. Plaintiff's ROG No. 21 requests that USA Funds identify <u>all</u> vendors utilized during the relevant class period to make collection calls on behalf its behalf – not just those vendors that collected on Plaintiff's account. Although as the owner of the collection accounts, USA Funds likely has reports of every number called on its behalf and for which it paid, it is USA Funds' position that it made no collection calls itself. Regardless of who has that information about the number and identification of phone numbers called, Plaintiff must be provided with this basic information in order to ascertain a class. Plaintiff may only then subpoena each vendor for documents not in the possession, custody or control of USA Funds, potentially take a deposition and conduct confirmatory discovery if necessary.

From meet and confer discussions, USA Funds' primary objection to providing this information is its position that the Plaintiff "lacks standing to bring suit against any vendor not already identified" – or those vendors who were identified by USA Funds in

6

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

response to Plaintiff's first set of discovery as calling the Plaintiff.  However, Plaintiff is not bringing suit against the vendors requested by this Interrogatory.  Instead, Plaintiff requests this information to establish the Rule 23 elements and prove the merits of her putative class action against USA Funds.  Plaintiff is in fact seeking to represent a class of all individuals who were called on their cell phone by Defendant's agents. *See* Dkt. 47, FAC at ¶ 31.

The fact that Plaintiff received certain calls by certain vendors makes no difference in this discovery issues as there is no reason why Plaintiff cannot represent a class of individuals with her same claim – the receipt of unsolicited calls to a cellular phone, through the use of an automatic telephone dialing system or artificial or prerecorded voice, without prior express consent. *Smith v. First Union Mortgage Corp.,* No. CIV. A. 98–5360, 1999 WL 509967, at *2 (E.D. Pa. July 19, 1999) (defendants sent substantially similar debt collection letters to members of the subclasses "[c]ommon questions of law and fact predominate because of the virtually identical factual and legal predicates of each class member's claim."); *Zimmerman v. Portfolio Recovery Associates, LLC*, 276 F.R.D. 174, 179 (S.D. N.Y. 2011) ("All members of the proposed class received a substantially similar 'Pre–Suit Package' from Defendant, which satisfies the commonality requirement.); *Allen v. Isaac*, 99 F.R.D. 45, 54 (N.D. Ill.) amended, 100 F.R.D. 373 (N.D. Ill. 1983) ("Typicality does not require that the claims or defenses of the class representative be identical or perfectly coextensive with the claims or defenses of the members; substantial similarity is satisfactory.")

Thus, Plaintiff seeks to learn though the identification of USA Funds' vendors that the claims of Plaintiff are substantially similar to the claims of putative Class members – including but not limited to the number of calls made, the numbers called, information on the type of dialing the equipment utilized and whether USA Funds provided each vendor with evidence of prior express consent to make the calls.  Such information is not vague, overbroad or confidential as USA Funds claims in its objections.  Further, the request is limited to the relevant time period – four years prior to the filing of Plaintiff's Complaint to the present.

7

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

### B.   Outbound Dial List (ROG No. 22 and RFPD No. 67)

USA Funds has asserted the position that it does not make collection calls but third parties are hired to collect on its behalf. Calls placed by third party collectors on behalf of a creditor are treated as if the creditor itself placed the call. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559 ¶¶ 9, 10 (Jan. 4, 2008) ("2008 TCPA Order") (". . .a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.").

Here, to prove her case and also to prevail on class certification, Plaintiff needs evidence of all the outbound calls made by or on behalf of USA Funds during the class period. This includes all calls USA Funds contends were made by third parties making phone calls on its behalf. Thus, the information is clearly relevant prior to drafting a class certification motion and meeting Plaintiff's burden in such a motion[2]. *See Stemple v. QC Holdings*, 2013 U.S. Dist. LEXIS 99582, at *6 (S.D. Cal. June 17, 2013) (finding outbound dial list relevant because it would "provide Plaintiff a means to ascertain which of the numbers dialed within the statutory term are cellular telephone numbers called by an autodialer"); *Knutson v. Schwan's Home Serv.,* No. 12cv964-GPC (DHB), 2013 WL 1222116, at *2 (S.D. Cal. Mar. 25, 2013) (A request for an outbound dial list in a TCPA action is relevant to class certification issues, for example "the number and ascertainability of potential class members.")[3]; *Gaines v. Law Office of Patenaude & Felix, APC,* No. 13cv1556-JLS(DHB), 2014 WL 3894348, at *2 (S.D. Cal. June 12, 2014) ("the Court finds that the outbound dial list is relevant to the issue of numerosity

---

[2] Furthermore discovery in this matter is not bifurcated. *See* Dkt. No. 87.
[3] The March 25, 2013 order was reversed in part by *Knutson v. Schwan's Home Serv.*, No. 12cv964-GPC (DHB), 2013 WL 3746118 (S.D. Cal. July 15, 2013). On remand this Court held that a truncated dial list was indeed relevant to the question of commonality because it would show, after being analyzed by the plaintiffs' consultants, whether the calls made by the defendant were made to the putative class members' cellular telephones. *Knutson v. Schwan's Home Serv.*, 2013 U.S. Dist. LEXIS 103094, at *4 (S.D. Cal. July 23, 2013).

8

and commonality under the Federal Rule of Civil Procedure 23(a), and is therefore discoverable."); *Gaines v. Law Office of Patenaude & Felix, A.P.C.*, No. 13CV1556-JLS DHB, 2014 WL 3894340, at *1 (S.D. Cal. Aug. 7, 2014) ("[T]he outbound dial list was to be produced in a searchable electronic format, and that the list was to be a complete, unfiltered list that contained all the numbers dialed."); *Thrasher v. CMRE Fin. Servs., Inc.*, No. 14-CV-1540 BEN NLS, 2015 WL 1138469, at *2 (S.D. Cal. Mar. 13, 2015) ("The court finds that the outbound call list is reasonably calculated to identify the number and recipients of calls made during the class period, which is relevant to Rule 23 requirements.")

As to any objection based on privacy, the disclosure of names, addresses, and telephone numbers "is a common practice in the class action context." *See Khalilpour v. CELLCO P'ship*, No. C. 09-02712 CW (MEJ), 2010 WL 1267749, at *2 (N.D. Cal. 2010); *Kane v. Nat'l Action Fin. Servs., Inc.*, No. CIV A 11-11505, 2012 WL 1658643, at *3 (E.D. Mich. May 11, 2012) (citation omitted) (ordering the defendant to "NAFS must disclose the names, addresses, and telephone numbers of those people that the interrogatories request. This information is both relevant to Plaintiff's class action claims – . . . the privacy interests at stake in the names, addresses, and phone numbers must be distinguished from those more intimate privacy interests such compelled disclosure of medical records and personal histories.").

In regard to USA Funds' objection based on burden, USA Funds, in its boilerplate objections, has failed to meet its burden regarding how production of documents is unduly burdensome. "[T]he burden shifts to the opposing party to specify how the discovery request is…burdensome, or oppressive." *Dolfo v. Bank of America, N.A.*, No. 11-CV-2828-DMS (BGS), 2013 WL 1316705, at *4 (S.D. Cal. Mar. 29, 2013). USA Funds did not provide any estimate as to the time or expense that would be required to produce the outbound dial list. Here, to prove her case and also to prevail on class certification, Plaintiff needs evidence of all the outbound calls made by or on behalf of USA Funds during the class period. Although USA Funds contends third parties made all the calls on its behalf, USA Funds should still have easily producible records of those

9

calls, and if, as in most of these TCPA cases, it is likely in an electronic format that is easily transferred to a DVD or uploaded to a server, there is little or no burden to simply transfer to Plaintiff those records. Therefore, USA Funds cannot hide behind the fact it had its agents make the calls and compile the outbound dial lists and should produce those calls just as they have been produced for all calls made to Ms. Henderson. Furthermore, it is common knowledge in the industry that third party debt collectors routinely provide frequent (daily, weekly, monthly) reports to their principal of calls made on its behalf, usually in an easily accessible electronic format, and typically the amount the third party gets paid depends upon the number of calls made. Thus, it is likely that USA Funds and/or Navient has such lists of numbers called by each of its agents during the Class Period in its possession.[4] Plaintiff requested a scrubbed list of the cellular telephones called from the outbound dial list (and has entered into a protective order), however Plaintiff's consultant can easily scrub the list for cell phones by comparison to a known cell block identifier to determine the number of cell phone called which represents the identifiable Class members.

Furthermore, any argument that USA Funds does not have "control" of the information, because the calls were made by third parties, is meritless without evidence to the same. In the context of determining whether certain documents were in a party's "possession, custody, or control, "[c]ontrol is defined as the legal right to obtain

---

[4] Defense counsel has recently raised the possibility of a "sampling" of the numbers called instead of producing the entire lists. For the reasons set forth herein, Plaintiff submits such a sampling is unnecessary as there is usually no longer any burden in producing the entire outbound dial lists in electronic format. In fact, in Plaintiff's counsel's experience, any attempted sampling raises its own myriad of problems, such as what is a statistically significant number for the sample, how is the sample to be determined, include only non-consent numbers, what time period to use, how to weight the different time periods and the different third parties' efforts, etc. In one experience of Plaintiff's counsel, such process took over six months to agree on a protocol, and cost in the six figure range for a third party to run the sample. Even then, the parties agreed at mediation to disregard the sample and use the entire outbound dial list. This issue can be further discussed in the Reply brief after Plaintiff's counsel sees what defense counsel proposes in Defendant's opposition.

10

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

documents on demand." *Calhoun v. Robinson*, No. C08-5744, RJB/KLS, 2009 WL 3326760, at * 3 (W.D. Wash. Oct. 13, 2009) (explaining that if defendants have the legal right to demand documents from another source, the documents "must be produced absent some other basis for objection"); *see also* 8B Charles A. Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2210 (3d ed. 2002 & Supp.) (noting that requesting party may obtain discovery "if the party to whom the request is made has the legal right to obtain the document, even though in fact it has no copy" and that the determination of whether a party has "control" of documents is "highly fact-specific." (emphasis added)). In *Calhoun*, Magistrate Judge Strombom made clear that a party's unsupported statement that it did not have the legal right to obtain the documents at issue was not "sufficient information…to make a determination on the issue of 'control.'" 2009 WL 3326760, at * 3. Based on similar reasoning, courts have rejected TCPA defendants' attempt to resist discovery by arguing that documents are in the possession of a third party. *See, e.g., Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL 2311869, at *4 (N.D. Ill. June 13, 2011); *see also Lopez v. Florez*, No. 1:08-CV-01975 - LJO, 2013 WL 1151948, at *2 (E.D. Cal. Mar. 19, 2013) ("A responding party has an affirmative duty to reasonably seek information requested under Rule 34(a) from its agents or others under its control.")

Moore's Federal Practice further provides that if the requesting party demonstrates that its adversary has a legal right to obtain the requested documents, the burden shifts to the adversary to show why it lacks control. 7 James Wm. Moore, et al., *Moore's Federal Practice*, § 34.14[b], at 6 (3d ed. 2015). Here, as stated previously, Plaintiff has received documents from Navient regarding Plaintiff's account and collection calls made by way of Navient or third parties hired by Navient to make such calls. *See* Wood Decl., ¶ 10. Additionally, Defendant has made the argument during meet and confer discussion that although it objects to providing the totality of information requested by way of Plaintiff's requests, Defendant would consider producing a sampling of the information. *Id.* Thus, it is evident that either USA Funds itself, or Navient – its loan servicer – has all information requested by Plaintiff. Not only are documents from Navient clearly easily

11

obtainable to USA Funds, but Defendant's counsel represents both Defendant and Navient in this matter. Thus, it is clear that USA Funds has control over records relating to other putative Class members or has the legal right to obtain such records.

### C. Telephone Numbers of Vendors (ROG No. 23)

Plaintiff requests that USA Funds identity all telephone numbers used by third party vendors to collect on its behalf. Those telephone numbers are relevant so that Plaintiff and other class members may identify in their own telephone records, the numbers used by collection agencies hired by USA Funds. Here, USA Funds again makes the same boilerplate objections and fails to provide any numbers used to make such collection calls. Yet, without the numbers, Plaintiff is unable identity every date and time she may have received an actionable phone call on behalf of USA Funds. This information is clearly relevant to Plaintiff's suit, especially as to adequacy, to show Plaintiff in fact was called by USA Funds or its agents.

### D. Prior Express Consent Documents (RFPD No. 68)

USA Funds failed to produce any information or documents upon which it may rely at trial or perhaps at class certification to establish prior express consent. Of course, if USA Funds agrees to forego introduction of any such evidence, Plaintiff will not seek its production; however, if it will be relied upon, Plaintiff needs that evidence to counter that affirmative defense and to take a Rule 30(b)(6) deposition about such evidence. It is without question that Plaintiff does not have the burden of demonstrating "prior express consent." Rather, based on the January 4, 2008 Federal Communications Commission Declaratory Ruling and because the concept of "prior express consent" is properly understood as an affirmative defense to TCPA liability, the burden of demonstrating "prior express consent" is squarely placed on the entity alleged to have placed calls in violation of the TCPA. 2008 Order, ¶ 10 ("Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent."); *Ryabyshchuk v. Citibank (S. Dakota) N.A.*, No. 11-CV-1236-IEG WVG, 2011 WL 5976239, at *5 (S.D. Cal. Nov. 28, 2011) ("Finally, and most crucially, the FCC recognized the heavy burden a consumer might

12

face in trying to prove that he *did not* provide prior express consent. Thus, 'to ensure that creditors and debt collectors call only those consumers who have consented to receive autodialed and prerecorded message calls, the FCC concluded that "the creditor should be responsible for demonstrating that the consumer provided prior express consent."); *see also* discussion in *Thrasher v .CMRE Financial Services, Inc.,* No. 14-CV-1540 BEN NLS, 2015 WL 1138469, at *4-6.

In *Gaines v. Law Offices of Patenaude & Felix, A.P.C,* No. 13cv1556-JLS-DHB, 2014 WL 3894340, (S.D. Cal. Aug. 7, 2014), the court determined that "'[p]rior express consent' is an affirmative defense that defendants in TCPA cases have the burden to prove...[a]s this defense is likely to be raised as an issue in the certification proceeding, the Court finds Plaintiff's discovery requests are appropriate". In regard to the burden objections in *Gaines*, this Court noted the following.

> Defendant argues it would be unduly burdensome to produce the information requested by Plaintiffs. Defendant states that it would have to review approximately 307,000 individual accounts for responsive documents. Defendant estimates that it would take 12–72 people employed full time for a year to complete a review of the documentation evidencing each customer's prior express consent. Plaintiff asks that at a minimum, Defendant should be compelled to produce any documentation it intends to rely on to establish its defense of prior express consent.
>
> The Court appreciates that reviewing and producing the information requested by Plaintiffs will take time and effort. The question, however, is whether the burden associated with producing the information outweighs its likely benefit. The Court notes that if Defendant asserts the defense of prior express consent, it will have the burden to establish that defense. Thus, the Court finds it is not be overly burdensome for Defendant to produce the documentation it intends to rely on to support its defense

*Id.*

13

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

Further, in *Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500 (N.D. Ill. 2009), the court ordered all documents evidencing prior express consent to be produced prior to class certification, and held Plaintiff's need in having the information outweigh any claimed burden of Defendant in producing it. *Id*. at *504. *See also Stemple*, 2013 U.S. Dist. LEXIS 99582, at *22 (ordering production of "any and all communications, written or otherwise, on which Defendant would rely on at trial or other hearing, to show prior express consent was given for all cellular numbers that were actually dialed within the statutory term."). Further, any privacy objection can be dealt with a protective order which was entered by this Court on February 24, 2014 (Dkt. No. 12). Thus, the Court should compel USA Funds to produce all documents it will rely upon at class certification and/or trial evidencing prior express consent or bar it from future introduction. It is beyond question that such prior express consent documents need to be produced if USA Funds intends to ever rely upon them in the case.

### E.     Agreements and Instructions to Vendors (RFPD No. 69, 70, 71)

Plaintiff requests various instructions that relate to what information was provided – either from USA Funds or Navient - to the third party debt collectors hired to make phone calls on its behalf. These instructions include whether USA Funds or Navient on USA Funds' behalf requested that each vendor identify and/or scrub for cellular phones when making calls and whether any particular instructions were provided to the third parties as to making calls to numbers identified as cellular number, including what efforts needed to be made to determine whether prior express consent existed for such cellular numbers. The "instructions" and agreements requested are important, *inter alia*, for Plaintiff to determine 1) the control USA Funds or Navient had over the vendors, 2) whether consistency between the vendor's actions was requested and 3) whether USA Funds or Navient made any efforts to require that each vendor only make calls with prior express consents, allowed skip tracing or number trapping efforts by vendors, or not make calls to certain numbers with dialers. Such information is highly relevant to Plaintiff's TCPA claims and must therefore be produced.

14

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

### F. Telephone Dialing Equipment (RFPD No. 72)

The dialing equipment that USA Funds' vendors used to make phone calls to putative class members is key to Plaintiff's case and any potential defenses raised by USA Funds; namely whether USA Funds' agents placed calls to Plaintiff's and the call recipients' cell phones using an ATDS. The TPCA prohibits the use of any Automatic Telephone Dialing System ("ATDS"), defined as equipment which has the capacity, (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. Thus, information and documents which are in the custody, possession and control of USA Funds, relating to the dialing equipment must be provided to Plaintiff.

Here, in regard to the dialing equipment of third party vendors, even if USA Funds does not have actual possession of the documents describing the equipment, it is likely it has the legal right to obtain the documents from non-parties to this action. "Federal Rule of Civil Procedure 34 requires a party responding to a document request to produce not only documents in her possession or custody but also those in her control. (see above argument regarding control.) USA Funds surely has the legal right to know and obtain the type of dialing equipment its vendors use to make calls on its behalf.

### IV. Conclusion

The outbound dial lists should be produced because not only does USA Funds have the duty to produce them, such production will perhaps obviate the need for production, and litigation of the need for the production, of perhaps many if not all of the third party vendors located around the country. Through no fault of her own, Plaintiff finds herself with a very short time frame in which to conduct discovery necessary to file her class certification motion. Such production will greatly assist in the expeditious litigation of these issues and perhaps avoid repetitious and duplicative motion practice to obtain what USA Funds has in its own possession. The same holds true for evidence of consent and perhaps information about the autodialer equipment used by its agents. For the reasons stated herein, Plaintiff respectfully requests this Court grant her Motion to

15

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

Compel in its entirety.

DATED:  June 5, 2015                    Respectfully submitted,

*/s/ Alexis M. Wood*
By: Alexis M. Wood
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
ALEXIS WOOD
KAS GALLUCCI
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
DOUGLAS J. CAMPION (SBN 75381)
409 Camino Del Rio South, Suite 303
San Diego, California 92108
*doug@djcampion.com*
Telephone: (619) 299-2091
Facsimile: (619) 858-0034
***Attorneys for Plaintiff and the Proposed Class***

16

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES