Ronald A. Marron (SBN 175650)
ron@consumersadvocates.com
Alexis Wood (SBN 270200)
alexis@consumersadvocates.com
Kas Gallucci (SBN 288709)
kas@consumersadvocates.com
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, California 92103
Tel: 619.696.9006
Fax: 619.564.6665

Benjamin H. Richman (Admitted *Pro hac vice*)
brichman@edelson.com
J. Dominick Larry (Admitted *pro hac vice*)
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHYRIAA HENDERSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STUDENT AID FUNDS, INC. D/B/A USA FUNDS,<br><br>Defendant. | CASE NO. 3:13-cv-1845-JLS-BLM<br><u>CLASS ACTION</u><br><br>**DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Hearing date:  July 7, 2016<br>Time:              1:30 p.m.<br>Courtroom:   4A – 4th Floor |

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1. I, along with my co-counsel Benjamin H. Richman, am counsel of record for Plaintiff and the putative class in this action. I am a member in good standing of the State Bar of California and the United States District Courts for the Northern, Central, Eastern, and Southern Districts of California; and of the United States Court of Appeals for the Ninth Circuit. I am over the age of eighteen and am fully competent to make this declaration. This declaration is based upon my personal knowledge unless otherwise indicated. If called upon to testify to the matters stated herein, I could and would do so competently.

## Exhibits

2. Attached hereto as **Exhibit 1** is a true and correct copy of relevant excerpts from the Deposition Transcript of Defendant United Student Aid Funds' ("Defendant" or "USAF") FRCP 30(b)(6) Designee – Kevin W. Tharp ("Tharp Dep. Tr.").

3. Attached hereto as **Exhibit 2** is a true and correct copy of USAF's Supplemental Responses to Plaintiff Shyriaa Henderson's ("Plaintiff") Interrogatory No. 21.

4. Attached hereto as **Exhibit 3** is a true and correct copy of the relevant excerpts from the Deposition Transcript of Non-Party Navient Solutions, Inc.'s ("NSI") FRCP 30(b)(6) Designee – Mark Verbrugge ("Verbrugge Dep. Tr.").

5. Attached hereto as **Exhibit 4** is a true and correct copy of the Sallie Mae Portfolio Management 2014 FFELP Audit Guide produced by NSI Bates labeled NSISAC000419-NSISAC000435. (Filed Under Seal).

6. Attached hereto as **Exhibit 5** is a true and correct copy of Plaintiff Henderson's Application and Promissory Note for First Student Loan Bates labeled USAF0000006. (Filed Under Seal).

1

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
DECLARATION OF RONALD A. MARRON IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

7. Attached hereto as **Exhibit 6** is a true and correct copy of Plaintiff Henderson's Application and Promissory Note for Second Student Loan Bates labeled USAF0000010. (Filed Under Seal).

8. Attached hereto as **Exhibit 7** is a true and correct copy of USAF's Responses to Plaintiff's Interrogatory Nos. 3 and 19.

9. Attached hereto as **Exhibit 8** is a true and correct copy of the Navient/EAGLE Account Placement History Screen for Plaintiff produced by NSI Bates labeled NSISAC001586-NSISAC001590. (Filed Under Seal).

10. Attached hereto as **Exhibit 9** is a true and correct copy of the Fifth Restated and Amended Guarantee Services Agreement for USAF Bates labeled USAF0000080-USAF0000121. (Filed Under Seal).

11. Attached hereto as **Exhibit 10** is a true and correct copy of the Declaration of Chris Taylor the Director of Collections for National Enterprise Systems, Inc.

12. Attached hereto as **Exhibit 11** is a true and correct copy of the Declaration of Non-Party Windham Professionals, Inc., Scott Levine.

13. Attached hereto as **Exhibit 12** is a true and correct copy of the Declaration of Laurence H. Sigel the Executive Vice President of Product Development for LiveVox, Inc.

14. Attached hereto as **Exhibit 13** is a true and correct copy of the Navient/EAGLE Transaction History for Plaintiff produced by NSI Bates labeled NSISAC001591-NSISAC001631. (Filed Under Seal).

15. Attached hereto as **Exhibit 14** is a true and correct copy of the Agreement for Collection Services for Defaulted Student Loan Accounts Owned by United Student Aid Funds, Inc. between Pioneer Credit Recovery, Inc. and Sallie Mae, Inc. now known as Navient Solutions, Inc. produced by NSI and Bates

labeled PL-3PARTY PRODUCTION005522-PL-3PARTY PRODUCTION005551. (Filed Under Seal).

16. Attached hereto as **Exhibit 15** is a true and correct copy of relevant excerpts from "What Is the Guaranteed Contacts Product" Bates which was produced by non-party collection vendor West Asset Management, Inc. to USAF and Bates labeled USAF-3DPARTY000002. (Filed Under Seal).

17. Attached hereto as **Exhibit 16** is a true and correct copy of a Memorandum to Ontario Systems' Customers which was produced by non-party collection vendor Coast Professionals, Inc. to Plaintiff and Bates labled USAF-3DPARTY0000039-USAF-3DPARTY0000041. (Filed Under Seal).

18. Attached hereto as **Exhibit 17** is a true and correct copy of relevant excerpts from the Ontario Systems – Guaranteed Contacts Setup and Statistics Guide which was produced by non-party collection vendor General Revenue Corporation to Plaintiff and Bates labeled NSI-GRC0000027 – NSI-GRC0000031. (Under Seal).

19. Attached hereto as **Exhibit 18** is a true and correct copy of relevant excerpts from Ontario Systems – Artiva Agency Guarantee Contacts which was produced by non-party collection vendor National Enterprise Systems, Inc. to Plaintiff and Bates labeled PL-3PARTY PRODUCTION000164-PL-3PARTY PRODUCTION000194. (Filed Under Seal).

20. Attached hereto as **Exhibit 19** is a true and correct copy of relevant portions of aQrate's "Automated Action Strategies, Real-time Updates" which was produced by non-party collection vendor Allied Interstate LLC to USAF and Bates labeled USAF-3DPARTY0000101. (Filed Under Seal).

21. Attached hereto as **Exhibit 20** is a true and correct copy of relevant excepts from LiveVox, Inc.'s Manager User Guide produced by non-party collection vendor Allied Interstate, LLC. to Plaintiff and Bates labeled PL-

3

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
DECLARATION OF RONALD A. MARRON IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

3PARTY PRODUCTION005648- PL-3PARTY PRODUCTION005662. (Filed Under Seal).

22. Attached hereto as **Exhibit 21** is a true and correct copy of relevant excerpts from LiveVox, Inc.'s Release Notes produced by non-party collection vendor Enterprise Recovery Systems, Inc. to Plaintiff and Bates labeled PL-3PARTY PRODUCTION006889-3PARTY PRODUCTION006897. (Filed Under Seal).

23. Attached hereto as **Exhibit 22** is a true and correct copy of a Memorandum to Ontario Systems' Customers produced by non-party collection vendor Coast Professionals, Inc. to Plaintiff and Bates labeled PL-3PARTY PRODUCTION006240- PRODUCTION006242. (Filed Under Seal).

24. Attached hereto as **Exhibit 23** is a true and correct copy of excerpts from Genesys Engage Client Release Notes produced by non-party collection vendor Collecto, Inc. to Plaintiff and Bates labeled PL-3PARTY PRODUCTION010008- PL-3PARTY PRODUCTION010025. (Filed Under Seal).

25. Attached hereto as **Exhibit 24** is a true and correct copy of excerpts from the DPTS Administrator produced by non-party collection vendor Financial Management Systems, Inc. to Plaintiff and Bates labeled PL-3PARTY PRODUCTION019592-PL-3PARTY PRODUCTION019617. (Filed Under Seal).

26. Attached hereto as **Exhibit 25** is a true and correct copy of excerpts from the Interactive Intelligence "Titanium Agent Service Request – Installation and Configuration Guide" produced jointly by non-parties General Revenue Corporation and Pioneer Credit Recovery, Inc. to Plaintiff and Bates labeled NSI-GRC-PC000002-NSI-GCR-PC000044. (Filed Under Seal).

27. Attached hereto as **Exhibit 26** is a true and correct copy of excerpts from Noble Outbound Predictive Dialing & Outbound Contact Management obtained from Noble's website,

4

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
DECLARATION OF RONALD A. MARRON IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

http://www.noblesys.com/Files/PDF/Products/PS_Noble_Outbound.pdf. (last visited May 4, 2016).

28.     Attached hereto as **Exhibit 27** is a true and correct copy of the Agreement for Collection Services for Defaulted Student Loan Accounts Owned by United Student Aid Funds between General Revenue Corporation and Sallie Mae dated July 1, 2004 produced by non-party collection vendor General Revenue Corporation to Plaintiff and Bates labeled PL-3PARTY PRODUCTION000054-PL-3PARTY PRODUCTION000077.  (Filed Under Seal).

29.     Attached hereto as **Exhibit 28** is a true and correct copy of the Agreement for Collection Services for Defaulted Student Loan between National Enterprise Systems and Sallie Mae dated January 1, 2008 produced by non-party collection vendor National Enterprise Systems to Plaintiff and Bates labeled PL-3PARTY PRODUCTION 000079-PL-3PARTY PRODUCTION 000099. (Filed Under Seal).

30.     Attached hereto as **Exhibit 29** is a true and correct copy of the Agreement for Collection Services for Defaulted Student Loan Accounts Owned by United Student Aid Funds between Allied Interstate LLC and Sallie Mae dated January 22, 2013 produced by non-party collection vendor Allied Interstate LLC to Plaintiff and Bates labeled 3PARTY PRODUCTION006199-PL-3PARTY PRODUCTION006219. (Filed Under Seal)

31.     Attached hereto as **Exhibit 30** is a true and correct copy of the Agreement for Collection Services for Defaulted Student Loan Accounts Owned by United Student Aid Funds between Coast Professionals, Inc. and Sallie Mae dated October 12, 2012 produced by non-party Coast Professionals, Inc. to

Plaintiff and Bates labeled 3PARTY PRODUCTION006379-PL-3PARTY PRODUCTION006399. (Filed Under Seal).

32. Attached hereto as **Exhibit 31** is a true and correct copy of the Agreement for Collection Services for Defaulted Student Loan Accounts Owned by United Student Aid Funds between Delta Management Associates, Inc. and Sallie Mae dated October 12, 2012 produced by non-party Delta Management Associates, Inc. to Plaintiff and Bates labeled 3PARTY PRODUCTION006379-PL-3PARTY PRODUCTION006399. (Filed Under Seal).

33. Attached hereto as **Exhibit 32** is a true and correct copy of the Agreement for Collection Services for Defaulted Student Loan Accounts Owned by United Student Aid Funds between Enhanced Recovery Company, LLC and Navient Portfolio Management, LLC dated July 1, 2015 produced by Enhanced Recovery Company, LLC to Plaintiff and Bates labeled 3PARTY PRODUCTION006552-PL-3PARTY PRODUCTION006578. (Filed Under Seal).

34. Attached hereto as **Exhibit 33** is a true and correct copy of the Agreement for Collection Services for Defaulted Student Loan Accounts Owned by United Student Aid Funds between Collecto, Inc. dba EOS CCA and Sallie Mae dated January 22, 2013 produced by Collecto, Inc. dba EOS CCA to Plaintiff and Bates labeled 3PARTY PRODUCTION010440-PL-3PARTY PRODUCTION010461. (Filed Under Seal).

35. Attached hereto as **Exhibit 34** is a true and correct copy of the Agreement for Collection Services for Defaulted Student Loan Accounts Owned by United Student Aid Funds between Financial Asset Management Systems, Inc. and Sallie Mae dated March 1, 2008 produced by Financial Asset Management Systems, Inc. to Plaintiff and Bates labeled 3PARTY PRODUCTION015200-PL-3PARTY PRODUCTION015236. (Filed Under Seal).

36. Attached hereto as **Exhibit 35** is a true and correct copy of the Agreement for Collection Services for Defaulted Student Loan Accounts Owned by United Student Aid Funds between Valentine & Kebartas, Inc. and Navient Portfolio Management, LLC dated July 1, 2015 produced by Valentine & Kebartas, Inc. to Plaintiff and Bates labeled 3PARTY PRODUCTION017821-PL-3PARTY PRODUCTION017847. (Filed Under Seal).

37. Attached hereto as **Exhibit 36** is a true and correct copy of the Agreement for Collection Services for Defaulted Student Loan Accounts Owned by United Student Aid Funds between West Asset Management Systems, Inc. and Sallie Mae dated February 1, 2008 produced by West Asset Management Systems, Inc. to USAF and Bates labeled USAF-3DPARTY000013- USAF-3DPARTY000032. (Filed Under Seal).

38. Attached hereto as **Exhibit 37** is a true and correct copy of the Agreement for Collection Services for Defaulted Student Loan Accounts Owned by United Student Aid Funds between Windham Professionals, Inc. and Sallie Mae dated May 16, 2008 produced by Windham Professionals, Inc. to Plaintiff and Bates labeled USAF-3DPARTY018907- USAF-3DPARTY018926. (Filed Under Seal).

39. Attached hereto as **Exhibit 38** is a true and correct copy of the FFELP Claim Form for Plaintiff's Loan, Bates labeled USAF0000021. (Filed Under Seal).

40. Attached hereto as **Exhibit 39** is a true and correct copy of the FFELP Claim Form for Plaintiff's Loan, USAF0000025.  (Filed Under Seal)

41. Attached hereto as **Exhibit 40** is a true and correct copy of the Marron Firm Resume

### **Work Performed by Counsel**

42. To date, myself and the other attorneys at my firm responsible for the litigation of this matter – including Alexis M. Wood and Kas L. Gallucci – jointly

7

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
DECLARATION OF RONALD A. MARRON IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

with the attorneys from Edelson PC have diligently investigated, prosecuted, and dedicated substantial resources to the claims in this matter. Those efforts have included, *inter alia*:

a. Engaging in numerous sets of written discovery requests with Defendant and reviewing thousands of pages of responsive documents;
b. Engaging in numerous written and telephonic meet and confers with Defendant's counsel and counsel for various third parties;
c. Engaging in substantial discovery motion practice;
d. Serving and reviewing responses to over 25 sets of third-party discovery, including substantial discovery motion practice nationwide to enforce Plaintiff's subpoenas in Illinois, Indiana, Texas, Massachusetts, Ohio and New Hampshire; and
e. Preparing and responding to substantial motion practice.

43. Simply put, we have committed and will continue to commit the resources necessary to adequately represent Plaintiff and the Class throughout the pendency of this action.

**Plaintiff Shyriaa Henderson Should Be Appointed Class Representative**

44. Plaintiff Shyriaa Henderson requests to be appointed Class Representative. She has represented the interests of the Class throughout this litigation, will continue to do so, and understands her obligations as a Class Representative.

45. She has retained counsel experienced in TCPA and consumer class actions and has no interests antagonistic or conflicting with the Class she seeks to represent.

**Ronald A. Marron Firm's Qualifications and Experience Prosecuting Consumer Class Action Lawsuits, including TCPA**

8

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
DECLARATION OF RONALD A. MARRON IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

46. My work experience and education began in 1984 when I enlisted in the United States Marine Corps (Active Duty 1984-1988, Reserves 1988-1990) and thereafter received my Bachelor of Science in Finance from the University of Southern California (1991). While attending Southwestern University School of Law (1992-1994), I also studied Biology and Chemistry at the University of Southern California and interned at the California Department of Corporations with emphasis in consumer complaints and fraud investigations. I was admitted to the State Bar of California in January of 1995 and have been a member in good standing since that time. In 1996, I started my own law firm with an emphasis in consumer fraud. My firm currently employs six full-time attorneys, two law clerks, one paralegal, and support staff. Attached hereto as **Exhibit 40** is a true and correct copy of my current firm resume.

47. Over the years I have acquired extensive experience in class actions and other complex litigation, and have obtained large settlements as lead counsel. In recent years, I devoted almost all of my practice to the area of false and misleading labeling of food, nutrition or over-the-counter products and cases involving violations of the Telephone Consumer Protection Act.

48. My firm has an in-depth knowledge of litigating class action cases. In addition to the present action, my firm is litigating the following TCPA cases, including, but not limited to:

- *Busch v. Bluestem Brands, Inc. d/b/a Fingerhut*, Case No. 16-cv-00644-WMW-HB (USDC MN.);
- *Henderson v. USA Funds, Inc.*, Case No. 3:13-cv-1845-L-BLM
- *O'Shea v. American Solar Solution, Inc.*, Case No. 3:14-cv-00894-L-RBB (USDC S.D. Cal.);

9

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
DECLARATION OF RONALD A. MARRON IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

- *Simms v. Simply Fashion Stores, Ltd.*, Case No. 1:14-cv-00737-WTL-DKL (USDC S.D. Ind.)
- *Phillips v. Mozes, Inc., et al.*, Case No. 2:12-cv-04033-JEO (USDC N.D. AL);
- *Manson v. Navient Solutions, Inc.*, Case No. 1:16-cv-04015 (USDC N.D. IL);
- *Medina v. Enhanced Recovery Company, LLC*, Case No. 2:15-cv-14342-JEM (USDC S.D. FL);
- *Reyes v. Educational Credit Management Corporation*, Case No. 3:15-cv-00628-BAS-JMA (USDC S.D. Cal.); and
- *Gutierrez-Rodriguez v. R.M. Galicia, Inc. dba Progressive Management Systems*, Case No. 3:16-cv-00182-H-BLM (USDC S.D. Cal.).

49. In addition to the above TCPA cases and the present action, my firm has an in-depth knowledge of other consumer cases including litigating over-the-counter ("OTC") product cases, including the FDCA's history, principles and regulation and Courts have recognized my firms' ability to litigate complex class actions. For example, in *Gallucci v. Boiron, Inc.*, Case No. 3:11-CV-2039 JAH NLS (S. D. Cal.), we drafted a Complaint with five potential causes of action, and claims under the CLRA, UCL and FAL with respect to OTC homeopathic drugs which "concern[ed] novel legal theories in a specialized area of law." *See Delarosa v. Boiron, Inc.,* 275 F.R.D. 582, 590 n. 4 (C.D. Cal. 2011). This action involved extensive motion practice and my firm's opposition brief was so persuasive that defendants decided to withdraw their motion. My firm's well-drafted briefing, knowledge and experience resulted in a $5 million common fund plus injunctive relief settlement of *Gallucci* against French homeopathic giant, Boiron, Inc. On

10

April 25, 2012, the Honorable John A. Houston granted preliminary approval, noting that:

> During the pendency of the Litigation, Class Counsel conducted an extensive examination and evaluation of the relevant facts and law to assess the merits of the named plaintiffs' and class claims to determine how best to serve the interests of Plaintiffs and the Class. . . . Class Counsel conducted thorough review of the Food, Drug and Cosmetic Act, its numerous changes over the years, and the Act's implementing regulations. Class Counsel have carefully considered the merits of Plaintiffs' claims, and the defenses raised by defendants. *Gallucci* Dkt. No. 89 at i.

50. Accordingly, Judge Houston appointed my firm as Class Counsel, finding that Class Counsel "will fairly and adequately protect the interests of the Class . . . [and] are experienced and competent to prosecute this matter on behalf of the Class." *Id.* at iii-iv. The Fairness Hearing was held on October 1, 2012 and on October 31, 2012, the court granted final approval. *See Gallucci v. Boiron, Inc.*, 2012 U.S. Dist. LEXIS 157039 (S.D. Cal. Oct. 31, 2012).

51. Further, on June 26, 2015, the Honorable Maxine M. Chesney of the United States District Court for the Northern District of California granted preliminary approval to a class action settlement with injunctive relief for class wide claims of false representations regarding the defendant's weight loss teas. *See Johnson v. Triple Leaf Tea Inc.*, Case No. 3:4-cv-01570 MMC (Dkt. No. 53) ("Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedures, the Court appoints Plaintiff's counsel, the Law offices of Ronald A. Marron APLC, to serve as Class Counsel.")

52. On October 31, 2013, the Honorable Gonzalo P. Curiel of the United States District Court for the Southern District of California granted preliminary approval to a class action settlement of $1 million and injunctive relief for class wide

claims of false and deceptive advertising of OTC drugs negotiated by my firm in *Mason v. Heel, Inc.*, Case No. 3:12-cv-3056 GPC (KSC) (Dkt. No. 27), also finding there was "sufficient basis . . . under the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure" to appoint my firm as Class Counsel. *Id.* at p. 5. The final approval hearing is set for March 7, 2014. *See id.*

53. On October 23, 2013, the Honorable Michael M. Anello of the United States District Court for the Southern District of California granted final approval to a $1.2 million and injunctive relief class action settlement concerning false and deceptive advertising of OTC drugs negotiated by my firm in *Nigh v. Humphreys Pharmacal, Inc.*, Case No. 3:12-cv-02714-MMA-DHB (Dkt. No. 30), finding that "the Class was adequately represented by competent counsel." *Id.* at p. 14.

54. On March 13, 2012, my firm settled a case against manufacturers of OTC dietary supplement products for $900,000 in a common fund plus injunctive relief, styled *Burton v. Ganeden Biotech, Inc. et al.*, Case No. 3:11-cv-01471 W (NLS) (S.D. Cal.). Burton alleged that defendants falsely advertised their products as containing "clinically proven" proprietary bacteria that improved and benefitted the digestive and immune health of individuals when, in fact, no clinical proof existed. Before this settlement was finalized, my firm rejected defendants' coupon settlement offer, because we did not believe it constituted the best relief for the class members. Instead, we continued extensive and lengthy rounds of negotiations with the defendants to obtain the best result for the class. These months-long negotiations included back and forth exchange of approximately twenty editions of the Settlement Agreement, multiple conference calls (including on the weekends) and e-mails. On March 14, 2012, the parties filed a Joint Motion for Preliminary Approval of Settlement, (Dkt. No. 38) which the court granted on April 16, 2012 (*Id.* at 42). After the Fairness Hearing in this case on August 21, 2012, Judge Whelan granted final

12

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
DECLARATION OF RONALD A. MARRON IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

1  approval on October 5, 2012.  Dkt. Nos. 48, 52.

2      55. On March 1, 2012, the Honorable Janis L. Sammartino appointed my firm Interim Class Counsel in an action styled *Margolis v. The Dial Corporation*, currently pending in the United States District Court Southern District of California, Case No. 3:12-cv-288 JLS (WVG) (Dkt. No. 14). This case involves an OTC pheromone soap product that its manufacturer alleges enhances a man's sexual attraction to women.

    56. When my firm was appointed Interim Lead Class Counsel for a class of consumers in a deceptive food labeling case back in March of 2011, the Honorable Marilyn Huff recognized Class Counsel "appears to be well qualified to represent the interest of the purported class and to manage this litigation." *Hohenberg v. Ferrero U.S.A., Inc.*, 2011 U.S. Dist. LEXIS 38471, at *6 (S.D. Cal. Mar. 22, 2011). Subsequently, when my firm obtained certification of the proposed class, this court reaffirmed its finding that my firm is adequate Class Counsel. *See In re Ferrero Litig.*, 278 F.R.D. 552, 559 (S.D. Cal. 2011). Judge Huff gave Final Approval of a settlement on July 9, 2012. (*Ferrero* Dkt. No. 127).

    57. On November 14, 2011 my firm obtained the certification of a nationwide class of consumers who purchased Qunol CoQ10, a dietary supplement making misleading efficacy claims. *See Bruno v. Quten Research Inst., LLC*, 2011 U.S. Dist. LEXIS 132323 (C.D. Cal. Nov. 14, 2011). My firm then successfully defeated the defendants' motion to decertify the class following the Ninth Circuit's decision in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012). *See Bruno v. Eckhart Corp.*, 2012 U.S. Dist. LEXIS 30873 (C.D. Cal. Mar. 6, 2012). The case recently settled, on the eve of trial (originally scheduled for October 2, 2012).

    58. On June 14, 2011, the Honorable Richard Seeborg appointed my firm Interim Class Counsel, over a competing application from a former partner at the

13

New York law firm Milberg Weiss regarding a deceptive food labeling case. *See Chacanaca v. Quaker Oats Co.*, 2011 U.S. Dist. LEXIS 65023, at *8-9 (N.D. Cal. June 14, 2011) (since restyled as *In re Quaker Oats Labeling Litig.*) ("There is no question here that both the Weston/Marron counsel…have ample experience handling class actions and complex litigation. It is also clear that both have particular familiarity with suits involving issues of mislabeling in the food industry.")

59. I was appointed class counsel in *Peterman v. North American Company for Life and Health Ins., et al.*, No. BC357194, (L.A. Co. Sup. Ct.), which was litigated for over 4 years and achieved a settlement of approximately $60 million for consumers. In granting preliminary approval of the settlement, the Hon. Carolyn B. Kuhl noted that "the excellent work that the plaintiffs' side has done in this case has absolutely followed through to the settlement…The thought and detail that went into the preparation of every aspect was very impressive to me."

60. I also served as class counsel in *Clark v. National Western Life Insurance Company,* No. BC321681 (L.A. Co. Sup. Ct.), a class action that, after litigating the case for well over 6 years, resulted in a settlement of approximately $25 million for consumers.

61. In *Iorio v. Asset Marketing*, No. 05cv00633-IEG (CAB) (S.D. Cal.), I was appointed class counsel on August 24, 2006, following class certification, which was granted on July 25, 2006 by the Honorable Irma E. Gonzalez. Dkts. Nos. 113 and 121.

62. After nearly 6 years of intensive litigation, a settlement valued at $110 million was reached in *Iorio, supra,* and approved on March 3, 2011, by the Honorable Janis Sammartino. Dkt. No. 480. Co-counsel and I successfully defended multiple motions brought by defendant in the Southern District of

14

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
DECLARATION OF RONALD A. MARRON IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

California, including "challenges to the pleadings, class certification, class decertification, summary judgment,…motion to modify the class definition, motion to strike various remedies in the prayer for relief, and motion to decertify the Class' punitive damages claim," plus three petitions to the Ninth Circuit, attempting to challenge the Rule 23(f) class certification. *Iorio*, Final Order Approving (1) Class Action Settlement, (2) Awarding Class Counsel Fees and Expenses, (3) Awarding Class Representatives Incentives, (4) Permanently Enjoining Parallel Proceedings, and (5) Dismissing Action with Prejudice, entered on Mar. 3, 2011, at 6:9-15 (commenting that class counsel were "highly experienced trial lawyers with specialized knowledge in insurance and annuity litigation, and complex class action litigation generally" and "capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal," *id*. at 7:18-22). Judge Sammartino also noted "the complexity and subject matter of this litigation, and the skill and diligence with which it has been prosecuted and defended, and the quality of the result obtained for the Class." *Id*. at 17:25-27.

63. In *Tabares v. Equitrust Life Ins. Co.,* No. BC390195 (L.A. Co. Sup. Ct.), my firm obtained a class certification order and was appointed class counsel. The action is still pending.

64. Besides these cases, I have also represented plaintiffs victimized in other complex cases such as Ponzi schemes, shareholder derivative suits, and securities fraud cases. I have litigated hundreds of lawsuits and arbitrations against major corporations; of these, approximately 30 cases against the likes of, such corporate titans as Shell Oil, Citigroup, Wells Fargo, Morgan Stanley and Merrill Lynch have gone through trial or arbitration. Many more have settled on the eve of trial so that I was fully prepared to proceed to trial.

/ / /

/ / /

/ / /

/ / /

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 4, 2016 at Rumson, New Jersey.

By: *s/ Ronald A. Marron*
Ronald A. Marron
Ronald A. Marron (SBN 175650)
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, California 92103
Tel: 619.696.9006
Fax: 619.564.6665