**EXHIBIT 7**

Abraham J. Colman (SBN 146933)
Email: acolman@reedsmith.com
Felicia Y. Yu (SBN 193316)
Email: fyu@reedsmith.com
Raagini Shah (SBN 268022)
Email: rshah@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
United Student Aid Funds, Inc. d/b/a
USA Funds

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHYRIAA HENDERSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STUDENT AID FUNDS, INC. D/B/A USA FUNDS,<br><br>Defendant. | No.: 3:13-cv-1845-L-BLM<br><br>**DEFENDANT UNITED STUDENT AID FUNDS, INC.'S RESPONSE TO PLAINTIFF SHYRIAA HENDERSON'S INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY:   Plaintiff, SHYRIAA HENDERSON

RESPONDING PARTY:    Defendant, UNITED STUDENT AID FUNDS, INC.

SET NUMBER:          ONE

Susan Feeney Leonard, Supervisor, Investigations & Ombudsman, USA Funds. These individuals may only be contacted through Defendant's counsel of record.

**INTERROGATORY NO. 2:**

For each PERSON IDENTIFIED in response to Interrogatory No. 1 above, state the PERSON'S position or title, their job duties or responsibilities, the length of time of each such PERSON'S employment, and IDENTIFY the responses (or if YOUR ANSWER and Affirmative Defenses – which paragraph or affirmative defense) that each PERSON prepared or assisted in preparing.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates its Preliminary Statement and General Objections as if fully set forth herein. Defendant objects to this request on the grounds that it is overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the grounds that it seeks the disclosure of information protected by the attorney-client privilege and/or work product doctrine. Defendant also objects to this request on the grounds that it is unduly burdensome and harassing. Subject to and without waiving the foregoing objections, Defendant responds as follows: Kevin Tharp, Manager, Delinquency & Default Oversight for USA Funds; Susan Feeney Leonard, Supervisor, Investigations & Ombudsman, USA Funds. Mr. Tharp has been employed by USA Funds for 34 years and Ms. Leonard has been employed by USA Funds for 23 years.

**INTERROGATORY NO. 3:**

State when and in what manner YOU came to be involved in the collection of amounts allegedly owed by PLAINTIFF, including the person or entity hiring YOU.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant incorporates its Preliminary Statement and General Objections as if fully set forth herein. Defendant objects to this request on the grounds that it seeks

information that is vague and ambiguous. Subject to and without waiving the foregoing objections, Defendant responds as follows: ==Defendant is the guarantor on Plaintiff's two federally guaranteed student loans. Plaintiff defaulted on both of her student loans. Defendant purchased the claims from the loan holders on September 24, 2010 and October 22, 2010.==

**INTERROGATORY NO. 4:**

DESCRIBE the process by which YOU obtained or came into possession of the cellular telephone number(s) belonging to PLAINTIFF and each CALL RECIPIENT, INCLUDING, for example, YOUR use of SKIP TRACING or NUMBER TRAPPING.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant incorporates its Preliminary Statement and General Objections as if fully set forth herein. Defendant objects to this request on the grounds that it is overly broad, and for this reason seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the definitions of "CALL RECIPIENT" "SKIP TRACING" and "NUMBER TRAPPING" as overly broad and ambiguous. Subject to and without waiving the foregoing objections, Defendant responds as follows: With respect to the cellular telephone number(s) of Plaintiff, Defendant responds that it did not obtain Plaintiff's cellular telephone number(s) at any time nor did it place any collection calls to Plaintiff. Plaintiff, however, may have provided her cellular telephone number(s) to various servicers and collectors.

**INTERROGATORY NO. 5:**

IDENTIFY each and every telephone number YOU added to YOUR DEBTOR information records as the result of a SKIP TRACE.

**RESPONSE TO INTERROGATORY NO. 5:**

**INTERROGATORY NO. 18:**

DESCRIBE how YOUR agents and employees are instructed and/or trained to process REMOVAL REQUESTS.

**RESPONSE TO INTERROGATORY NO. 18:**

Defendant incorporates its Preliminary Statement and General Objections as if fully set forth herein. Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Defendant also objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it seeks confidential and proprietary information. Defendant also objects to the definition of "REMOVAL REQUESTS" as overly broad and ambiguous. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not instruct and/or train its agents and employees to process REMOVAL REQUESTS because Defendant does not place collection calls to debtors, and Defendant did not place any collection calls to Plaintiff.

**INTERROGATORY NO. 19:**

IDENTIFY any vendors or third parties used during the RELEVANT TIME PERIOD to interact with internal phone systems or external telecommunication networks, including but not limited to any individual or company that provides outbound dialing services on YOUR behalf.

**RESPONSE TO INTERROGATORY NO. 19:**

Defendant incorporates its Preliminary Statement and General Objections as if fully set forth herein. Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Defendant also objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiving the foregoing objections, Defendant responds as follows: Sallie Mae, Inc. was the servicer of Plaintiff's loans for which Defendant was the guarantor. ==Defendant understands that there were several collection agencies who may have handled Plaintiff's loans, including Pioneer Credit Recovery, GC Services, General Revenue Corporation, National Enterprise Systems, and NCO Group.==

**INTERROGATORY NO. 20:**

If YOU contend YOU do not use an automatic telephone dialing system to make any of the PHONE CALLS to PLAINTIFF or to the CALL RECIPIENTS, state the facts in support of that contention, including the type of TELEPHONE DIALING EQUIPMENT used to make those calls.

**RESPONSE TO INTERROGATORY NO. 20:**

Defendant incorporates its Preliminary Statement and General Objections as if fully set forth herein. Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects to this request on the grounds that it calls for information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant also objects to the terms "PHONE CALLS," "CALL RECIPIENTS," and "TELEPHONE DIALING EQUIPMENT" as overly broad, vague, and ambiguous. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not make collection calls.

DATED: March 28, 2014

REED SMITH LLP

By: _Felicia Yu /mes_
Abraham J. Colman
Felicia Y. Yu
Raagini Shah
Attorneys for Defendant
United Student Aid Funds, Inc. d/b/a USA Funds

– 14 –

DEFENDANT UNITED STUDENT AID FUNDS, INC.'S RESPONSE TO
PLAINTIFF SHYRIAA HENDERSON'S INTERROGATORIES, SET ONE

**EXHIBIT 7 - PAGE 48**

## VERIFICATION

I, Kevin Tharp, am the Manager for Delinquency & Default Oversight for United Student Aid Funds, Inc. d/b/a USA Funds and I am authorized to make this verification for and on behalf of USA Funds in this action. I have read the foregoing document entitled, **DEFENDANT UNITED STUDENT AID FUNDS, INC.'S RESPONSE TO PLAINTIFF SHYRIAA HENDERSON'S INTERROGATORIES, SET ONE** and hereby certify that the responses herein are true and correct to the best of my knowledge, information and belief, based on information available to USA Funds.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 28th day of March, 2014 at Indianapolis, Indiana

_____
KEVIN THARP

**EXHIBIT 7 - PAGE 49**