**EXHIBIT 40**

# LAW OFFICE OF RONALD A. MARRON, APLC

651 Arroyo Drive
San Diego ▪ CA ▪ 92103
Tel.: (619) 696-9006
Fax: (619) 564-6665

**Firm Resume
(As of April 28, 2016)**

## FIRM OVERVIEW

The Law Offices of Ronald A. Marron is a recognized class action and complex litigation firm based out of San Diego, California, representing clients across the nation. Founded in 1996 with an emphasis in consumer and securities fraud, the firm has expanded its practice to include complex cases such as Ponzi schemes and shareholder derivative suits. The firm has skillfully litigated hundreds of lawsuits and arbitrations against investment advisors and stockbrokers, such as Morgan Stanley, LPL Financial, Merrill Lynch, Banc of America Securities, and Citigroup, who placed clients into unsuitable investments, failed to diversify, and who violated the Securities Act of 1933 and/or 1934. Aptly and competently prepared to represent its clients, the firm has taken on cases against the likes of Shell Oil, Citigroup, Wells Fargo, Union Bank of California, American Express Advisors, Morgan Stanley and Merrill Lynch. In recent years, the firm has devoted part of its practice to the area of false and misleading labeling of food, drug and over-the-counter products, as well as seeking to protect consumers from unauthorized and unsolicited telephone calls, SMS or text messages to cellular phones from corporations under the Telephone Consumer Protection Act. The firm employs six attorneys, whose qualifications are discussed in brief below.

## THE MARRON FIRM'S ATTORNEYS:

**Ronald A. Marron**
Mr. Marron is a member in good standing of the State Bar of California and the United States District Courts for the Northern, Central, Eastern and Southern Districts of California; and of the United States Court of Appeals for the Ninth Circuit, and has been practicing law for more than 20 years. He was a member of the United States Marine Corps from 1984 to 1990 (Active Duty 1984-1988, Reserves 1988-1990) and thereafter received a B.S. in Finance from the University of Southern California in 1991. While attending Southwestern University School of Law (1992-1994), he interned at the California Department of Corporations with emphasis in consumer complaints and fraud investigations. Mr. Marron has extensive experience in class actions and other complex litigation and has obtained hundreds of millions of dollars on behalf of consumers as lead counsel. Mr. Marron has represented plaintiffs victimized in Ponzi schemes, shareholder derivative suits, and securities fraud cases.

EXHIBIT 40 - PAGE 506

1

Mr. Marron has assisted two United States Senate Subcommittees and their staff in investigations of financial fraud, plus the Senate Subcommittee on Aging relating to annuity sales practices by agents using proceeds from reverse mortgages. Mr. Marron's clients have testified before the United States Senate Subcommittee on Investigations relating to abusive sales practices alleged in a complaint he filed against All-Tech Investment Group. The hearings resulted in federal legislation that: (a) raised the minimum capital requirements, and (b) required written risk disclosure signed by consumer. The civil action resulted in return of client funds and attorneys' fees pursuant to the private attorney general statute and/or Consumers Legal Remedies Act. Mr. Marron conducted the legal research and co-wrote the brief that resulted in the largest punitive damages award (500%) in NASD history for aggrieved investors against Dean Witter Reynolds in securities arbitration. Mr. Marron's opinion on deferred annuity sales practices targeting the elderly has often been sought by major financial news organizations and publications such as Forbes, the Wall Street Journal, the Kiplinger's Retirement Report, CNN and FOX News affiliates. In addition, he has devoted significant energy and time educating seniors and senior citizen service providers, legislators, and various non-profits (including Elder Law & Advocacy) about deferred annuity sales practices targeting the elderly. Mr. Marron had numerous speaking engagements at both FAST (Fiduciary Abuse Specialist Team) which is an organization devoted to the detection of, prevention and prosecution of elder financial abuse, Adult Protective Services, and Elder Law & Advocacy, a non-profit dedicated to assisting seniors who have been the victims of financial fraud. He has litigated hundreds of lawsuits and arbitrations against major corporations, such as Shell Oil, Citigroup, Wells Fargo, Morgan Stanley and Merrill Lynch. In recent years, Mr. Marron has devoted almost all of his practice to the area of false and misleading labeling of food, dietary supplements and over-the-counter products.

**Skye Resendes**
Ms. Resendes has been working in the legal field for over 20 years. Prior to attending law school, she worked as a judicial secretary in the San Diego Superior Court for approximately 6 years, and as a legal assistant at large and mid-sized San Diego firms (such as DLA Piper f/k/a Gray Cary Ware & Freidenrich, and Best, Best & Krieger) for over 15 years. Ms. Resendes is a recipient of the prestigious, national Burton Award for Excellence in Legal Writing, for her published student note on the federal Food, Drug and Cosmetic Act, 32 T. Jefferson L. Rev. 95 (Fall 2009), and graduated from law school *summa cum laude* in May 2011. Ms. Resendes clerked for the Honorable Jeffrey B. Barton of the San Diego Superior Court and was a Jefferson Fellow Research Assistant during law school. She has received twelve Witkin Awards for Legal Excellence, a national Inns of Court Outstanding Program Award and was editor of Thomas Jefferson Law Review for three years. Her recent briefing in another homeopathic drug false advertising case led to a favorable decision on behalf of the firm's clients in the face of the recent 9th Circuit decision in *Mazza v. American Honda*. *See Allen v. Hyland's, Inc.*, No. CV 12–01150 DMG (MANx), 2012 WL 1656750 (C.D. Cal. May 2, 2012). To our

**EXHIBIT 40 - PAGE 507**

2

knowledge, the *Allen* decision is one of only two post-*Mazza* decisions interpreting that case favorably to plaintiffs. *See id.* The second favorable decision was in another case in which my firm was co-counsel: *Bruno v. Eckhart Corp. (Quten)*, 2012 U.S. Dist. LEXIS 30873 (C.D. Cal. Mar. 6, 2012), which settled favorably on the eve of trial and was granted final approval on March 14, 2013. Ms. Resendes has lectured on the Food, Drug, and Cosmetic Act and false advertising on behalf of Harris Martin in a CLE-approved course. Since joining my firm in November of 2011, Ms. Resendes has dedicated her practice to the prosecution of plaintiff-side consumer cases. She is a member of the State Bar of California, the Southern, Central and Northern Districts of California, and the Ninth Circuit Court of Appeals.

**Alexis Wood**
Ms. Wood graduated *cum laude* from California Western School of Law in 2009, where she was the recipient of the Dean's Merit Scholarship for Ethnic & Cultural Diversity and also Creative Problem Solving Scholarships. In addition, during law school, Ms. Wood was the President of the Elder, Child and Family Law Society and participated in the study abroad program on international and comparative human rights law in Galway, Ireland. Ms. Wood interned for the Alternate Public Defender during law school as well as held a judicial externship with the San Diego Superior Court. Upon graduation, Ms. Wood obtained her Nevada Bar license and worked at the law firm Alverson Taylor Mortensen & Sanders in Las Vegas, Nevada where she specialized in medical malpractice. Ms. Wood then obtained her license to practice law in California in 2010 and worked at the bankruptcy firm Pite Duncan, LLP in San Diego, California in which she represented financial institutions in bankruptcy proceedings. Ms. Wood additionally worked for the national law firm Gordon & Rees, LLP as an associate attorney in the professional liability defense and tort & product liability practice groups. Ms. Wood joined the Law Office of Ronald Marron in September of 2012 and has dedicated her practice to consumer advocacy. She is additionally a foster youth advocate with Voices for Children.

**Kas L. Gallucci**
Ms. Gallucci graduated *cum laude* from California Western School of Law in 2012, where she ranked in the top 12% of her graduating class and was listed on the Dean's Honor List for four terms. During law school, Ms. Gallucci received the highest grade in her Legal Skills and Advanced Legal Research classes. She also participated in the Capitals of Europe Summer Study Abroad Program, where Honorable Samuel A. Alito, Jr. was a Distinguished Guest Jurist. Ms. Gallucci has worked for my firm with a number of years' experience in consumer fraud cases and is currently prosecuting violations of the Telephone Consumer Protection Act and regularly assists with the firm's food, drug and cosmetic cases.

**William B. Richards Jr**.
Mr. Richards has a track record of distinguished academic excellence and legal experience, acquired through working for a number of small San Diego law firms and recognized

**EXHIBIT 40 - PAGE 508**

3

"Super Lawyers," including Lisa Damiani of Damiani Law Group, APC and Matthew Butler of The Butler Firm, APC. While employed with Damiani Law Group, APC, Mr. Richards assisted with various employment and criminal law related matters. Subsequent positions with The McMillan Law Firm, APC, followed by The Butler Firm, APC further enhanced his proficiency in employment/labor law and business litigation at both the state and federal levels, including individual and class actions. After earning his B.S. in Business Administration (Management) from San Diego State University, Mr. Richards graduated *magna cum laude* from Thomas Jefferson School of Law, ranking in the top 9% of his graduating class and making either the Honor Roll or Distinguished Honor Roll list every semester. While attending law school, Mr. Richards was named a Jefferson Fellow and received the highest grade in his Civil Procedure II and Jurisprudence courses, earning him the Witkin Award for Academic Excellence, CALI Excellence for the Future Award, and Jefferson Medal for both courses. To further hone his complex legal research and writing skills, Mr. Richards served as an editor for the *Thomas Jefferson Law Review* after writing a Student Note titled: *Fool Me Once: The Inherent Unconstitutionality of Compelling DNA Abandonment Through Deceit*, exploring the Fourth Amendment implications of state-sanctioned warrantless DNA collection and analysis by employing deceit to induce DNA "abandonment." Mr. Richards was also elected to the Student Bar Association and its Community Events Committee; served as a Teaching Assistant for a Federal Rules of Evidence course for three consecutive semesters; interned for the San Diego Office of the Primary Public Defender; and attended Pepperdine University School of Law for a winter intersession program. After graduating law school, Mr. Richards obtained his California Bar license, California Real Estate Salesperson license, and worked for several plaintiff-oriented law firms specializing in employment/labor law and business litigation. Mr. Richards now dedicates his practice to consumer advocacy as an associate with The Law Offices of Ronald A. Marron, APLC.

**Mike Houchin**
Mr. Houchin has been with the Law Offices of Ronald A. Marron for close to five years. Prior to passing the California bar exam, Mr. Houchin worked as a law clerk for the firm while he attended law school courses in the evenings at the Thomas Jefferson School of Law. During law school, Mr. Houchin received four Witkin Awards for the highest grade achieved in his Legal Writing, Constitutional Law, American Indian Law, and California Civil Procedure courses. He also served as an editor on the *Thomas Jefferson Law Review* and was a member of an editing team that prepared a student Note for compliance with publishable quality standards. *See* I. Suruelo, *Harmonizing Section 14(B) with The Policy Goals of the NLRA on the Heels of Michigan's Enactment of Right-To-Work Laws,* 36 T. JEFFERSON L. REV. 427 (2014). Mr. Houchin graduated *magna cum laude* in May of 2015 and ranked in the top 5% of his graduating class. Through his work at the Law Offices of Ronald A. Marron, Mr. Houchin has gained substantial familiarity with multi-district litigation proceedings, solutions for e-discovery management, and false advertising investigations.

**EXHIBIT 40 - PAGE 509**

4

**Support Staff**
The Marron Firm also employs a number of support staff, including law clerks, paralegals, legal assistants, and other support staff.

## EXAMPLES OF MARRON FIRM'S SUCCESSES ON BEHALF OF CONSUMERS

***Burton v. Ganeden Biotech, Inc.***, No. 3:11-cv-01471-W-NLS (S.D. Cal.)
Action alleging false and deceptive advertising of dietary supplement. On March 13, 2012, my firm settled the case for $900,000 in a common fund plus injunctive relief in the form of labeling changes. Final approval was granted on October 5, 2012.

***Carr v. Tadin, Inc.***, No. 3:12-cv-03040-JLS-JMA (S.D. Cal.)
An injunctive relief class action settlement, requiring manufacturer of diet teas and other health supplements to re-label their products to avoid alleged consumer confusion, was filed in January 2014 before the Honorable Janis L. Sammartino. The Marron Firm was certified as class counsel and the classwide settlement was granted final approval on December 5, 2014.

***Clark v. National Western Life Insurance Co.***, No. BC321681 (L.A. Co. Super. Ct.)
Class action involving allegations of elder financial abuse and fraud. After litigating the case for well over six years, including Mr. Marron being appointed class counsel, the case resulted in a settlement of approximately $25 million for consumers.

***Gallucci v. Boiron, Inc.***, No. 3:11-cv-2039-JAH (S.D. Cal.)
The firm was class counsel for consumers of homeopathic drug products in an action against Boiron, Inc., the largest foreign manufacturer of homeopathic products in the United States, involving allegations that Boiron's labeling and advertising were false and misleading. We obtained a nation-wide settlement for the class which provided injunctive relief and restitution from a common fund of $5 million. The settlement was upheld by the Ninth Circuit on February 214, 2015. The case also set an industry standard for homeopathic drug labeling. *See* www.homeopathicpharmacy.org/pdf/ press/AAHP_Advertising_ Guidelines.pdf.

***Hohenberg v. Ferrero U.S.A., Inc.***, No. 3:11-CV-00205-H-CAB (S.D. Cal.)
This case involved false and deceptive advertising of sugary food product as a healthy breakfast food for children. After successfully defeating a motion to dismiss, *Hohenberg*, 2011 U.S. Dist. LEXIS 38471, at *6 (S.D. Cal. Mar. 22, 2011), the Hon. Marilyn Huff certified a class on November 15, 2011, resulting in a published decision, *In re Ferrero Litig.*, 278 F.R.D. 552 (S.D. Cal. 2011). A final settlement consisting of injunctive relief labeling and marketing changes, plus a $550,000 common fund for monetary relief to the class was finally approved on July 9, 2012.

**EXHIBIT 40 - PAGE 510**　　　5

***In re Quaker Oats Labeling Litigation***, No. 5:10-cv-00502-RS (N.D. Cal.)
False and deceptive advertising case concerning Instant Oats, Chewy Granola Bars and Oatmeal To Go products, including use of partially hydrogenated vegetable oil while also representing the products as healthy snacks. An injunctive relief class action settlement was granted preliminary approval on February 2, 2014, with my firm being appointed Class Counsel. On July 29, 2014, the court granted the settlement final approval.

***In re Leaf123 (Augustine v. Natrol)***, Case No. 14-114466 (U.S. Bankruptcy Court for the District of Delaware)
This action involved allegations of false and deceptive advertising of Senna Leaf tea products as dietary aids. Plaintiff alleged Senna Leaf is nothing more than a stimulant laxative which does not aid diets but hinders them. After a strong showing in the district court, and pursuant to other actions against the defendant manufacturer, the defendant filed for bankruptcy. The Marron Firm followed defendant to the federal bankruptcy court and retained bankruptcy counsel to assist. After a full day mediation before a retired federal jurist, and months of follow up negotiations, a settlement was reached. On August 7, 2015, in In re Leaf123 (adversary proceeding of Augustine v. Natrol), the Hon. Brendan L. Shannon approved an injunctive relief-only settlement, finding it "fair, reasonable and adequate."

***In re Qunol CoQ10 Liquid Labeling Litigation***, No. 8:11-cv-173-DOC (C.D. Cal.)
This case involved false and deceptive consumer advertising of a dietary supplement. My firm was appointed class counsel and successfully defeated defendants' motion to decertify the class following the Ninth Circuit's decision in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012). *See Bruno v. Eckhart Corp.*, 2012 U.S. Dist. LEXIS 30873 (C.D. Cal. Mar. 6, 2012); *see also Bruno v. Quten Research Inst., LLC*, 2011 U.S. Dist. LEXIS 132323 (C.D. Cal. Nov. 14, 2011). The case settled on the eve of trial (originally scheduled for October 2, 2012) for cash payments to the class and injunctive relief.

***Iorio v. Asset Marketing Systems, Inc.***, No. 05cv00633-IEG-CAB (S.D. Cal.)
This action involved allegations of elder financial abuse and fraud. Mr. Marron was appointed class counsel on August 24, 2006, and certified a class on July 25, 2006. After nearly six years of intensive litigation, including "challenges to the pleadings, class certification, class decertification, summary judgment,…motion to modify the class definition, motion to strike various remedies in the prayer for relief, and motion to decertify the Class' punitive damages claim," plus three petitions to the Ninth Circuit, attempting to challenge the Rule 23(f) class certification, a settlement valued at $110 million was reached and approved on March 3, 2011. *Iorio*, Dkt. No. 480. In granting final approval to the settlement, the Court noted that class counsel were "highly experienced trial lawyers with specialized knowledge in insurance and annuity litigation, and complex class action litigation generally" and "capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal." *Id.* at 7:18-22.

**EXHIBIT 40 - PAGE 511**

6

***Johnson v. Triple Leaf Tea, Inc.***, No. 3:14-cv-01570-MMC (N.D. Cal.)
An injunctive relief class action settlement, requiring manufacturer of senna leaf diet teas to re-label their products and remove ingredients based on alleged consumer confusion and harm, was filed in April 2014. The Honorable Maxine M. Chesney, Senior U.S. District Court Judge certified the Marron Firm as class counsel and granted final approval to a classwide settlement on November 16, 2015.

***Martinez v. Toll Brothers***, No. 09-cv-00937-CDJ (E.D. Penn.)
Shareholder derivative case alleging breach of fiduciary duty, corporate waste, unjust enrichment and insider trading, filed derivatively on behalf of Toll Brothers and against individual corporate officers. Under a joint prosecution agreement, this action was litigated along with other consolidated and related actions against Toll Brothers in a case styled *Pfeiffer v. Toll Brothers*, No. 4140-VCL in the Delaware Chancery Court. After extensive litigation, the case settled in September 2012 for $16.25 million in reimbursement to the corporation.

***Mason v. Heel, Inc.***, No. 3:12-cv-3056-GPC-KSC (S.D. Cal.)
Action alleging false and deceptive advertising of over-the-counter homeopathic drugs. On October 31, 2013, the Hon. Gonzalo P. Curiel granted preliminary approval to a nationwide class settlement of $1 million in monetary relief for the class plus four significant forms of injunctive relief. Final approval was granted on March 13, 2014. *See Mason v. Heel, Inc.*, 3:12-CV-03056-GPC, 2014 WL 1664271 (S.D. Cal. Mar. 13, 2014).

***Nigh v. Humphreys Pharmacal, Inc.***, No. 3:12-cv-02714-MMA-DHB (S.D. Cal.)
Case involving allegations of false and deceptive advertising of homeopathic over-the-counter drugs as effective when they allegedly were not. On October 23, 2013, a global settlement was granted final approved by the Hon. Michael M. Anello, involving a common fund of $1.4 million plus five significant forms of injunctive relief for consumers.

***Perry v. Truong Giang Corp.***, Case No. BC58568 (Los Angeles Superior Court)
The plaintiff in this case alleged defendant's Senna Leaf teas, advertised as diet aids, were falsely or misleadingly advertised to consumers. After an all-day mediation, a class wide settlement was reached. In granting final approval to the settlement on August 5, 2015, the Hon. Kenneth Freeman noted that class counsel's hourly rates were "reasonable" and stated the Marron Firm's lawyers used skill in securing the positive results achieved on behalf of the class. The court also noted "this case involved difficult legal issues because federal and state laws governing dietary supplements are a gray area, . . . the attorneys displayed skill in researching and settling this case, which provides a benefit not only to Class Members but to the public at large . . . ."

***Peterman v. North American Co. for Life & Health Insurance***, No. BC357194, (L.A. Co. Super. Ct.), involved allegations of elder financial abuse. This case was litigated for over four years and achieved a settlement of approximately $60 million for consumers.

**EXHIBIT 40 - PAGE 512**

7

***Vaccarino v. Midland Nat'l Life Ins. Co.***, No. 2:11-cv-05858-CAS(MANx) (C.D. Cal)
This action involved allegations of elder financial abuse and fraud. On June 17, 2013, the Honorable Christina A. Snyder appointed the Marron Firm as Class Counsel, and on February 3, 2014, the Court certified a class of annuities purchasers under various theories of relief, including breach of contract and the UCL. On September 22, 2014, the court granted final approval to a class action settlement that achieved a settlement of approximately $5.55 million for consumers, including *cy pres* relief to the Congress of California Seniors.

**CURRENT APPOINTMENTS AS CLASS COUNSEL**

***Allen v. Hyland's, Inc.***, No. 12-CV-1150 DMG (MANx)
Nationwide class of consumers certified for false and deceptive advertising against largest U.S.-based manufacturer of homeopathic drugs, involving ten over-the-counter homeopathic drug products. A nationwide class was certified after two years of vigorous litigation, including Marron firm counsel surviving against two motions to dismiss, a motion for judgment on the pleadings, and a motion to strike punitive damages. *See* --- F.R.D. ---, 2014 WL 3819713 (C.D. Cal. Aug. 1, 2014).

***Allen v. Similasan Corp.***, No. 12-cv-376 BAS (JLB)
A California class of consumers alleging false and deceptive advertising of six homeopathic drugs was certified by the Honorable Cynthia A. Bashant on March 30, 2015. Judge Bashant also denied summary judgment on the class' claims that the drug products were not effective, as advertised, and certified claims under California's Consumers Legal Remedies Act, Unfair Competition Law, False Advertising Law, breach of express and implied warranty, and violation of the federal Magnuson-Moss Warranty Act.

***Lucero v. Tommie Copper, Inc.***, No. 15 Civ. 3183 (AT)
This case involves allegations of false and deceptive advertising and endorser liability for copper fabric compression clothing. On January 4, 2016, the Honorable Analisa Torres appointed the Marron firm as Interim Lead Class Counsel over the opposition and challenge of other plaintiffs' counsel, noting that the Marron firm's "detailed" complaint was "more specifically pleaded, . . . assert[ing] a more comprehensive set of theories . . . [and was] more factually developed." Judge Torres also noted that Mr. Marron and his firm's attorneys had "substantial experience litigating complex consumer class actions, are familiar with the applicable law, and have the resources necessary to represent the class." Dkt. No. 64.

**EXHIBIT 40 - PAGE 513**

8

## OTHER ACTIONS RESULTING IN BENEFITS TO CONSUMERS

***Henderson v. The J.M. Smucker Company***, No. 2:10-cv-4524-GHK (C.D. Cal.)
This action was the catalyst forcing the defendant to reformulate a children's frozen food production to remove trans fat. On June 19, 2013, the Honorable George H. King held the firm's client was a prevailing Private Attorney General and entitled to her costs and attorneys' fees.

***Red v. Kraft Foods Global, Inc.***, No. 2:10-1028-GW (C.D. Cal)
The firm represents consumers in their action against one of the world's largest food companies and was appointed lead counsel in a consolidated putative class action. Though not fully settled, the action has resulted in a permanent injunction barring the use of deceptive health claims on Nabisco packaged foods containing artificial trans fat, and the Court has also granted an interim award of attorney fees.

**EXHIBIT 40 - PAGE 514**

9