Ronald A. Marron (SBN 175650)
ron@consumersadvocates.com
Alexis Wood (SBN 270200)
alexis@consumersadvocates.com
Kas Gallucci (SBN 288709)
kas@consumersadvocates.com
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, California 92103
Tel: 619.696.9006
Fax: 619.564.6665

Benjamin H. Richman (Admitted *pro hac vice*)
brichman@edelson.com
J. Dominick Larry (Admitted *pro hac vice*)
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHYRIAA HENDERSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STUDENT AID FUNDS, INC. D/B/A UNITED STUDENT AID FUNDS,<br><br>Defendant. | CASE NO. 3:13-cv-1845-JLS-BLM<br><u>CLASS ACTION</u><br><br>**PLAINTIFF SHYRIAA HENDERSON'S REPLY IN SUPPORT OF HER RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Hearing date:  February 8, 2016<br>Time:          1:30 p.m.<br>Courtroom:     4A – 4th Floor |

# INTRODUCTION

For years, debt collectors working on behalf of Defendant United Stated Aid Funds, Inc. ("USAF") flooded the cell phones of millions of student-loan borrowers across the country with unauthorized debt collection calls. These incessant calls, made without the debtors' consent, plainly and uniformly violated the Telephone Consumer Protection Act's ("TCPA") prohibition on making unsolicited autodialed calls to cell phones. *See* 47 U.S.C. § 227(b)(1)(A)(iii). Accordingly, Plaintiff Shyriaa Henderson has moved to certify a nationwide class of people affected by USAF's uniform unlawful conduct. (Dkt. 142-1).

In response to that motion, USAF has taken what is best described as a "shotgun" approach. It objects on numerous bases, all of which ultimately fail as legal obstacles to class certification, and many of which have no basis in the factual record here whatsoever. USAF argues that the identities of the proposed class members cannot be ascertained; it argues that individual issues predominate, including issues related to consent; and it argues that a class action is an inferior mechanism for resolving the millions of claims against USAF. (Dkt. 157.)

As to ascertainability, USAF misunderstands the requirement altogether and ignores that the Class is defined by reference to objective, identifiable criteria— namely, whether the individual was called (1) by one of the Collectors,[1] (2) regarding a defaulted FFELP loan, (3) using one of the Dialers, (4) on a cellular telephone not provided on a loan application, (5) after August 8, 2009. (Dkt. 142-1 at 5.) Second, despite years of litigation and discovery, USAF offers no evidence that even a single class member consented to receive the calls, and instead launches the same types of hypothetical consent challenges routinely rejected by the Ninth Circuit and other courts. Finally, USAF's superiority

---

[1] In response to the receipt of additional information and analysis by Plaintiff's expert, Plaintiff proposes to narrow the class definition to exclude calls made by Enhanced Recovery Co., Valentine & Kebartas, and West Asset Management.

1

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
REPLY IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION

challenge disregards principles of judicial economy and rests on the unsupported assumption that each class member will be entitled to a sufficiently large damages award to justify costly and time consuming individual litigation.

In fact, each of USAF's flawed arguments against certification ignores the great weight of the relevant case law, including a recent decision certifying a class asserting similar claims against USAF's exclusive servicer, Navient Solutions, Inc. *See Johnson v. Navient Solutions, Inc.*, 315 F.R.D. 501 (S.D. Ind. 2016) *petition for leave to appeal denied*, No. 16-8016 (7th Cir. Aug. 22, 2016).

For these reasons, this Court should reject Defendant's arguments and grant Plaintiff's motion for class certification.

## ARGUMENT

### I. THE PROPOSED CLASS IS ASCERTAINABLE BECAUSE IT IS DEFINED BY REFERENCE TO OBJECTIVE CRITERIA.

In her certification motion, Plaintiff showed that her proposed class was ascertainable because it was defined by reference to objective criteria, and membership was not dependent on USAF's liability. (*See* Mot. at 7.) *See also Johnson v. Yahoo!, Inc.*, No. 14-cv-2028, 2016 WL 25711, at *2 (N.D. Ill. Jan. 4, 2016) ("Plaintiffs' proposed classes" for TCPA claims "are ascertainable because they are defined precisely, defined by objective criteria, and are not defined in terms of success on the merits.") (citing *Mullins v. Direct Digital, LLC*, 795 F. 3d 654, 659 (7th Cir. 2015)). As already explained, *potential* minor difficulties in identifying *some* class members do not make a class unascertainable. *See Thurston v. Bear Naked, Inc.*, No. 11-CV-2985-H, 2013 WL 5664985, at *3 (S.D. Cal. July 30, 2013) (quoting *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 536) (N.D. Cal. 2012) ("[T]here is no requirement that the identity of the class members . . . be known at the time of certification."). If this were the case, "there would be no such thing as a consumer class action." *Ries*, 287 F.R.D. at 535.

2

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
REPLY IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION

Nevertheless, USAF asserts that the Collectors' records are insufficient to identify class members. (Resp. at 12–15.)[2] Relying almost exclusively on the declaration of its proposed expert, Jerry Kaufman, USAF identifies a litany of supposed deficiencies that would render the Collectors' records unusable without re-formatting, consolidation, and de-duplication. (*Id.* at 13–14.) The problem with that argument is that Plaintiff's expert was able to address and resolve each of these "deficiencies" in his Expert Report[3] by outlining a process of electronically consolidating the call records, normalizing their formatting, and de-duplicating them with relative ease. (Marron Decl.,[4] Ex. 1 (Hansen Rpt. at ¶¶ 64–66, 72–76).) Crucially, when given the opportunity to rebut that methodology, USAF and its expert chose not to do so. (*See generally* Ex. 2 (Kaufman Rpt.); *see also* Ex. 3 (Kaufman 2d Dep. Tr. at 99:12–24).) Thus, the Court is presented with facts exactly like those in *Stemple v. QC Holdings*, where Judge Bashant certified a class of individuals called by the defendant's autodialer, excluding those who had provided their cell phone numbers on applications. No. 12-cv-1997, 2014 WL 4409817 (S.D. Cal. Sept. 5, 2014).

---

[2] In a footnote, USAF also argues that the proposed class is "fail safe," i.e., that it is "not properly defined" because "if a plaintiff loses, she drops out and can subject the defendant to another round of litigation." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 660 (7th Cir. 2015). "The key to avoiding this problem is to define the class so that membership does not depend on the ultimate liability of the defendant." *Mullins*, 795 F.3d at 661. Here, there is no serious argument that class membership depends on a finding of USAF's liability. For instance, the Class's claims could fail if USAF is correct that its dialing systems do not satisfy the TCPA's definition of an ATDS. Or the claims could fail if USAF succeeds on its challenge to vicarious liability. Either scenario makes clear that individuals' membership in the Class does not depend on a prerequisite finding of liability.

[3] USAF spends several pages summarizing the arguments made in its motion to strike Plaintiff's expert's testimony. (Resp. at 7–9.) Rather than respond to those arguments here, Plaintiff will address them thoroughly in her upcoming response to Defendant's motion.

[4] All references to numerical exhibits refer to the exhibits attached to the Declaration of Ronald A. Marron ("Marron Decl.") filed contemporaneously herewith.

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
REPLY IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION

The second component of USAF's argument is that the Collectors' records are insufficient to identify which potential Class members were called using an ATDS, because the records do not always show whether a call was made using a dialing system's predictive or manual capabilities. (Resp. at 12–15.) The deficiencies with this argument are three-fold. First, because Plaintiff now seeks to remove Enhanced Recovery Co., Valentine & Kebartas, and West Asset Management from the class definition, it is undisputed that all of the calls by the Collectors were made using one of the Dialers identified in Plaintiff's opening motion. (*See* Ex. 1 (Hansen Rpt. at ¶ 57).) Second, USAF does not dispute that each dialing system had predictive-dialing capacity. (Ex. 1 (Hansen Rpt. at ¶¶ 17–57); Ex. 3 (Kaufman 2d Dep. Tr. at 100:7–102:6).) And third, it is irrelevant whether a call was made using the Dialer's manual or predictive functionality; the dispositive question is whether the Dialer had the capacity to operate as a predictive dialer. *See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C.R. 7961, 7971–72 (2015) (the "2015 Order") ("We reaffirm our previous statements that dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of an 'autodialer') even if it is not presently used for that purpose, including when the caller is calling a set list of customers."); *see also Keim v. ADF Midatlantic, LLC*, No. 12-cv-80577, 2015 WL 11713593, at *3 (S.D. Fla. Nov. 10, 2015) (noting that dialer is an ATDS, even when using manual functionality) (citing 2003 and 2008 FCC Orders). Accordingly, it can commonly be determined (in the affirmative) whether an ATDS was used to place each call.

Finally, USAF also contends that the Collectors' call records do not indicate whether a particular phone number was listed on an individual's loan application. (Resp. at 12.) True enough, but USAF doesn't dispute that it has access to copies of each loan agreement it guaranteed, (*see* dkt. 142-11 at

4

USAF0000098 (requiring NSI to retain and provide copies of loan agreements upon request), and that those records can be objectively reviewed to screen for specific phone numbers. Thus, USAF's argument runs counter to the well-established principle that simply because a putative class—even a large one—"may have to be ascertained through a combination of evidentiary sources does not necessarily mean that ascertaining it is administratively infeasible." *Bowerman v. Field Asset Servs., Inc.*, No. 13-CV-00057-WHO, 2015 WL 1321883, at *8 (N.D. Cal. Mar. 24, 2015) (collecting cases). *See also Byrd v. Aaron's Inc.*, 784 F.3d 154, 171 (3d Cir. 2015) (quoting *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 539-40 (6th Cir. 2012)) ("[T]he size of a potential class and the need to review individual files to identify its members are not reasons to deny class certification."); *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 245 (N.D. Ill. 2014) (allowing identification by reference to defendant's records, class members' own records, and class member affidavits if needed).

## II. COMMON QUESTIONS REGARDING CONSENT, VICARIOUS LIABILITY, AND INJURY PREDOMINATE.

In her certification motion, Plaintiff identified four dispositive questions that can be answered by common proof, and therefore predominate over individualized issues: (1) whether the Dialers satisfy the definition of an ATDS, (2) whether USAF can establish Class members' consent to receive the calls, (3) whether USAF is vicariously liable for the Collectors' conduct, and (4) whether Class members suffered common injuries. (Mot. at 10–15, 19–21.) USAF disputes each.

### A. The Dialers Can be Evaluated on a Class-Wide Basis.

Without citation or explanation, USAF contends that establishing each Collector's use of an ATDS will require a "highly individualized, highly technical examination" of the dialers. (Resp. at 17.) As an initial matter, that the ATDS determination is "highly technical" is no reason to deny certification—courts have done so repeatedly. *See*, *e.g.*, *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d

5

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
REPLY IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION

1036 (9th Cir. 2012) (certifying TCPA autodialer class); *Abdeljalil v. Gen. Elec. Capital Corp.*, 306 F.R.D. 303 (S.D. Cal. 2015) (same); *Stemple*, 2014 WL 4409817. *Cf. Holtzman v. Turza*, 728 F.3d 683, 684 (7th Cir. 2013) ("Class certification is normal under § 227."). In fact, another federal court recently certified a TCPA class action against NSI (USAF's exclusive loan servicer) that will require a similar "highly technical" examination of the dialer at issue. *See Johnson*, 315 F.R.D. 501.

The idea that the ATDS analysis would be "highly individualized" is also wildly misplaced. In his Expert Report, Jeffrey Hansen explains how each Dialer has the capacity to operate as a predictive dialer. (Ex. 1 (Hansen Rpt., ¶¶ 17–57).) Consistent with that, other courts have found several of the Dialers, by virtue of their common status as predictive dialers, to satisfy the definition of an ATDS.[5] No individualized, call-by-call, or class member-by-class member analysis will therefore be necessary. *See* 2015 Order, at 7971–72.

### B. USAF's Evidence of Consent is Uniformly Lacking, Making the Issue Appropriate for Class-Wide Treatment.

Next USAF contends that individualized inquires as to Class members' consent to receive the calls also dooms class certification. But on near identical facts the Ninth Circuit has disagreed, holding that consent is a common, class-wide issue. *See, e.g., Meyer*, 707 F.3d at 1042. There, the defendant, like USAF here, failed to "point to a single instance" of a class member providing prior express consent. *Id.* The court has also made clear that the mere "speculation that

---

[5] *See, e.g., Cabrera v. Bell, LLC*, No. 12-cv-61390, dkt. 163 at *6–7 (S.D. Fla. Nov. 26, 2014) ("[E]very court to consider the issue has found that Livevox is an automatic telephone dialing system under the TCPA") (collecting cases); *In re Collecto, Inc.*, No. 14-md-2513, 2016 WL 552459, at *4 (D. Mass. Feb. 10, 2016) (rejecting, on summary judgment, argument that Noble Systems and Ontario Systems – Guaranteed Contacts dialers did not satisfy TCPA's ATDS definition); *Morse v. Allied Interstate, LLC*, 65 F. Supp. 3d 407, 410–11 (M.D. Pa. Dec. 10, 2014) (finding aQrate system to be "precisely that contemplated by the FCC in the 2003 and 2008 Orders" and granting plaintiff's motion for summary judgment).

6

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
REPLY IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION

[proposed class members] may have given their prior express consent . . . is not sufficient to defeat class certification." *Agne v. Papa John's Int'l*, 286 F.R.D. 559, 567 (W.D. Wash. 2012).

That's all that USAF offers: pure speculation. First, it recognizes (as it must) that Plaintiff's class definition properly excludes anyone who consented to be called on their loan application. Then, however, it goes on to argue—without evidentiary support—that loan applications are "not the only means by which an individual could consent[,]" (Resp. at 19), posing several *hypothetical* scenarios where "borrowers certainly *could* have given consent to call their cell phones" during conversations with the collectors, or "they also *could* have contacted NSI with updated information." (*Id.* (emphasis added).) Hypotheticals aren't enough. Because USAF "has not submitted any evidence of . . . express consent" by *any* class member, the Court "[can]not presume that resolving such issues requires individualized inquiries." *Bee, Denning, Inc. v. Capital Alliance Grp.*, 310 F.R.D. 614, 629 (S.D. Cal. 2015) (collecting cases).

C.   **USAF Admits that Vicarious Liability is a Class-Wide Issue.**

USAF next argues that for Plaintiff to survive USAF's pending summary judgment motion, she will have to make an argument that is "inherently individualized" and therefore inapplicable to the Class as a whole. (Resp. at 21.) That's not only untrue, it's also directly contrary to USAF's own stated position. In the Parties' joint motion to coordinate hearing dates, (dkt. 180), USAF represented that its "arguments on summary judgment," including its vicarious liability defense, (*see* dkt. 175 at 14:19–20:12 (sealed)), "deal with the nature of the calls at issue generally, and the Defendant's relationship to them, *rather than any issue individualized to the Plaintiff.*" (Dkt. 180, ¶ 8 (emphasis added).) That position is the correct one.

As explained in Plaintiff's certification motion, *every call* was made pursuant to materially identical contracts between USAF and NSI (and its

7

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
REPLY IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION

predecessor, Sallie Mae), and between NSI and the Collectors. (Mot. at 14–15.) Moreover, USAF uniformly ratified the Collectors' and NSI's conduct, as its Rule 30(b)(6) witness testified that it had never returned money collected during allegedly unlawful calls by the Collectors, even after complaints and the filing of lawsuits against those Collectors and USAF itself. (Ex. 4 (Tharp Dep. Tr. at 105:18–24).)

And while USAF argues that agency issues often preclude certification, it cites only two cases in support of its position, neither of which are controlling and neither of which involve the TCPA. (*See* Resp. at 21–22.) In so doing, USAF ignores the great weight of the case law holding that vicarious liability issues in TCPA cases are readily certifiable. *See Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292 (D. Nev. 2014) ("As set forth above, vicarious liability turns on the federal common law of agency and can arise from actual authority, apparent authority, or ratification. Actual authority depends only on relationships among the Defendants. Ratification depends on Defendants' post-message behavior without concern for any conduct by the class members."); *see also*, *e.g.*, *Bee Denning, Inc.*, 310 F.R.D. at 628; *Mendez v. C-Two Grp., Inc.*, No. 13-cv-5914, 2015 WL 8477487, at *4 (N.D. Cal. Dec. 10, 2015); *Lofton v. Verizon Wireless (VAW) LLC*, No. 13-cv-5655, 2015 WL 1254681, at *5 (N.D. Cal. Mar. 18, 2015). Accordingly, USAF's vicarious liability challenge to certification should be rejected.

### D. USAF Violated Each Class Member's Right to be Free from Autodialed Calls to their Cell Phones, Causing Common Injuries.

USAF next argues that the Class members have not suffered common injuries. First, it argues that identifying Class members who were called is too difficult to allow for certification. (Resp. at 22–23.) Second, that individualized questions exist as to whether Class members have standing to sue. Both arguments are inconsistent with the case law, which holds that in TCPA cases, common issues exist as to class injuries. *See*, *e.g.*, *Birchmeier*, 302 F.R.D. at 251 ("Those who are members of one of the proposed classes by definition received the same calls…,

8

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
REPLY IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION

made by or for one of the defendants, using the same artificial or prerecorded voice technology. This is a common injury presenting a common question.").

As an initial matter, USAF's argument regarding identification of injured Class members is simply a restatement of its flawed ascertainability challenge. (*See* Section I, *supra*.) Second, even if there was a question regarding some absent Class members' injuries-in-fact (there isn't), it would be of no import. In class actions in the Ninth Circuit, "standing is satisfied if at least one named plaintiff meets the requirements." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (*en banc*) (holding that the courts "consider only whether at least one named plaintiff satisfies the standing requirements."). As explained above, and as numerous courts have held, because Defendant violated Plaintiff's right to be free from autodialed calls to her cell phone, she has suffered an injury in fact and has standing to sue. *See Aranda v. Caribbean Cruise Line, Inc.*, No. 12-cv-4069, 2016 WL 4439935, at *6 (N.D. Ill. Aug. 23, 2016) ("In any event, section 227 establishes substantive, not procedural, rights to be free from telemarketing calls consumers have not consented to receive. Both history and the judgment of Congress suggested that a violation of this substantive right is sufficient to constitute a concrete, *de facto* injury."); *Cour v. Life360, Inc.*, No. 16-cv-805, 2016 WL 4039279 (N.D. Cal. July 28, 2016). That's not to say that the other Class members haven't suffered an injury—they have. The point is that even if they hadn't been injured, USAF's argument still wouldn't have a leg to stand on.

### III.   DEFENDANT'S ARGUMENT THAT INDIVIDUAL LITIGATION IS SUPERIOR TO CLASS-WIDE LITIGATION IS INDEFENSIBLE.

Lastly, USAF raises two arguments against the superiority of class proceedings here. The first is that the litigation would not be manageable because Plaintiff did not "provide a plan for class management or proof of damages…." (Resp. at 24.) USAF is mistaken; courts regularly certify TCPA classes prior to the entry of a trial plan. *Birchmeier*, 302 F.R.D. at 253 (certifying without trial plan in place). *See also Kristensen*, 12 F. Supp. 3d at 1308 (acknowledging that if any

9

manageability issues do arise, "the Court can take remedial measures"); *Johnson v. Navient*, 315 F.R.D. at 503 ("There will undoubtedly be differences in the amount of damages claimed by class members, differences on users and habits of users, yet these matters can be efficiently addressed."); *Yahoo*, 2016 WL 25711, at *9 ("If plaintiff and her counsel cannot provide a manageable, cost-effective plan for identifying and communicating with the class, and resolving issues of consent, then decertification may follow. But without more concrete evidentiary support, defendant's fears are not sufficient to defeat class certification.").

USAF argues further that the TCPA offers a sufficient individual incentive to litigate, eliminating any need for class proceedings, (Resp. at 24–25), but it fails to cite a single TCPA case endorsing that position. (*Id.*) Instead, it simply hypothesizes (again) that Plaintiff may be entitled to damages in excess of $75,000, and assumes (without evidence) therefore that *every* Class member must have an entitlement to substantial damages. (*Id.*) And in any event, there is no requirement that every Class member have claims that would be too small to litigate alone. *See, e.g.*, *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006) ("Only when all or almost all of the claims are likely to be large enough to justify individual litigation is it wise to reject class treatment altogether.").

More importantly, USAF's superiority challenges ignore the efficiencies gained by the Parties and the judiciary through the use of the class mechanism. *See Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 424 (N.D. Cal. 2014) ("It is more efficient to adjudicate the claims as a class action rather than as thousands of individual actions.") Accordingly, it is mistaken in its argument that class litigation is inferior to individual proceedings.

## CONCLUSION

For these reasons, Plaintiff requests that the Court reject Defendant's arguments and grant her motion for class certification and all other relief requested.

Dated: November 9, 2016                              By: /s/ Ronald A. Marron

10

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
REPLY IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION

Ronald A. Marron (SBN 175650)
ron@consumeradvocates.com
Alexis Wood (SBN 270200)
alexis@consumeradvocates.com
Kas Gallucci (SBC 288709)
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, California 92103
Tel: 619.696.9006
Fax: 619.564.6665

Benjamin H. Richman (Admitted *pro hac vice*)
brichman@edelson.com
J. Dominick Larry (Admitted *pro hac vice*)
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

11

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
REPLY IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION