Ronald A. Marron (SBN 175650)
ron@consumersadvocates.com
Alexis Wood (SBN 270200)
alexis@consumersadvocates.com
Kas Gallucci (SBN 288709)
kas@consumersadvocates.com
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, California 92103
Tel: 619.696.9006
Fax: 619.564.6665

Benjamin H. Richman (Admitted *pro hac vice*)
brichman@edelson.com
J. Dominick Larry (Admitted *pro hac vice*)
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHYRIAA HENDERSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STUDENT AID FUNDS, INC. D/B/A USA FUNDS,<br><br>Defendant. | CASE NO. 3:13-cv-1845-JLS-BLM<br>CLASS ACTION<br><br>**PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION IN SUPPORT OF MOTION TO FILE DOCUMENTS UNDER SEAL** |

Plaintiff Shyriaa Henderson hereby moves this Court, pursuant to Local Civil Rule 79.2, the ECF Administrative Policies and Procedures Section, II.j to allow Plaintiff's counsel to file under seal portions of Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Opposition Brief") and portions of Plaintiff's Response to Defendant's Statement of Material Facts and Additional Statement of Material Facts in Opposition to Motion of Summary Judgment ("Plaintiff's Response to Statement of Facts"). Both of these documents directly quote and cite to documents designated as confidential and filed under seal by Defendant in its moving papers.

Prior to making this *ex parte* motion, Plaintiff's counsel and Defendant's counsel telephonically met and conferred and Plaintiff advised she would file Plaintiff's Opposition Brief and Plaintiff's Response to Statement of Facts under seal because both documents directly quote and cite agreements which Defendant filed under seal in support of its moving papers. Defendant agreed that filing these items under seal was advisable because they are confidential business documents and have been designed as confidential by Defendant and other non-parties. Plaintiff also advised that she would be filing public, redacted versions of both documents.

## I. **LEGAL STANDARD**

It is well established that there is a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). However, "access to judicial records is not absolute." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit has explained:

> The common law right of access, however, is not absolute and can be overridden given sufficiently compelling reasons for doing so. In making the determination, courts should consider all relevant factors, including: the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of

1

the material for scandalous or libelous purposes or infringement upon trade secrets

*Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Courts apply the "compelling reasons" standard when determining whether documents in support of a dispositive motion should be filed under seal. *See Kamakana*, 477 F.3d at 1178. However, for non-dispositive motions, the courts apply the "good cause" standard that is applicable to Federal Rule of Civil Procedure 26(c). *Id.* at 1180. "What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (citing *Nixon,* 435 U.S. at 599). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* at 598–99.

## II. COMPELLING REASON AND GOOD CAUSE EXISTS FOR SEALING PORTIONS OF PLAINTIFF'S OPPOSITION BRIEF AND PLAINTIFF'S RESPONSE TO STATEMENT OF FACTS

Defendant submitted, under seal, two confidential business agreements in support of its Motion for Summary Judgment: the Fifth Restated and Amended Guarantee Services Agreement for United Student Aid Funds, Inc. and the Agreement for the Collection of Defaulted Private Loan Accounts. Both of these agreements contain commercially sensitive, confidential and proprietary business information regarding Defendant's relationship with Navient Solutions, Inc. and the collection vendors. These documents have also been designated as "Confidential" pursuant to the Protective Order entered in this case. Moreover, on October 12, 2016, this Court granted Defendant's unopposed motion to file documents under seal as it relates to these two documents. (ECF No. 18.)

2

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
PLAINTIFF'S *EX PARTE* APPLICATION IN SUPPORT OF MOTION TO FILE DOCUMENTS UNDER SEAL

In order for Plaintiff to fully respond to Defendant's Motion for Summary Judgment and Defendant's Statement of Facts, Plaintiff must directly quote and cite to these sealed documents. Accordingly, because Plaintiff's Opposition Brief and Plaintiff's Response to Statement of Facts cites to the confidential language of these documents, Plaintiff maintains that a compelling reason exists to allow Plaintiff to file her Opposition Brief and Response to Statement of Facts under seal. Plaintiff will additionally file public, redacted versions of her Opposition Brief and Response to Statement of Facts.

### III. CONCLUSION

For the reasons discussed above, Plaintiff respectfully requests the Court grant this Motion to File Under Seal to allow Plaintiff leave to file Plaintiff's Opposition Brief and Plaintiff's Response to Statement of Facts under seal.

Date: November 30, 2016      **SHYRIAA HENDERSON,** individually and on behalf of all others similarly situated,

By: *s/ Kas L. Gallucci*

Ronald A. Marron (SBN 175650)
ron@consumersadvocates.com
Alexis Wood (SBN 270200)
alexis@consumersadvocates.com
Kas Gallucci (SBN 288709)
kas@consumersadvocates.com
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, California 92103
Tel: 619.696.9006
Fax: 619.564.6665

Benjamin H. Richman (Admitted *pro hac vice*)
brichman@edelson.com
J. Dominick Larry (Admitted *pro hac vice*)
nlarry@edelson.com
EDELSON PC

3

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
PLAINTIFF'S *EX PARTE* APPLICATION IN SUPPORT OF MOTION TO FILE DOCUMENTS UNDER SEAL

350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

4

*Henderson v. United Student Aid Funds, Inc. d/b/a USA Funds*, No. 13-cv-1845
PLAINTIFF'S *EX PARTE* APPLICATION IN SUPPORT OF MOTION TO FILE DOCUMENTS UNDER SEAL