Vedder Price (CA), LLP
Lisa M. Simonetti (State Bar No. 165996)
lsimonetti@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T:  +1 (424) 204 7700
F:  +1 (424) 204 7702

Vedder Price P.C.
Andrew M. Barrios (admitted pro hac vice)
abarrios@vedderprice.com
Bryan K. Clark (admitted pro hac vice)
bclark@vedderprice.com
222 N. LaSalle Street
Chicago, IL 60601
T: + (312) 609-7500
F: + (312) 609-5005

Attorneys for Defendant
UNITED STUDENT AID FUNDS, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHYRIAA HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STUDENT AID FUNDS, INC., | Case No. 3:13-cv-1845<br><br>**DEFENDANT UNITED STUDENT AID FUNDS, INC.'S RESPONSE TO PLAINTIFF'S ADDITIONAL STATEMENT OF MATERIAL FACTS** |
| Defendant. | Hearing date:   February 8, 2017<br>Time:             1:30 p.m.<br>Location:        Courtroom 4A |

VEDDER PRICE P C
ATTORNEYS AT LAW
CHICAGO

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADDITIONAL STATEMENT
MATERIAL FACTS IN
3:13-CV-1845-JLS-BLM

Defendant United Student Aid Funds, Inc. hereby submits this response to Plaintiff's Additional Statement of Material Facts in Opposition to Motion for Summary Judgment:

**STATEMENT OF FACTS NO. 26:**

NSI, previously known as Sallie Mae, Inc., has been USAF's exclusive servicer of defaulted FFELP loans for well over a decade. (Marron Decl.1, Tharp Dep., Exh. 1, 16:12-22.)

**RESPONSE:** Undisputed and irrelevant.

**STATEMENT OF FACTS NO. 27:**

As of January 2015, NSI had 17 total Collectors under contract collecting on defaulted FFELP loans for USAF. (Verbrugge Dep., Exh. 2, 19:3-7.)

**RESPONSE:** Inaccurate and irrelevant.  The corporate representative for non-party Navient Solutions, Inc., Mark Verbrugge, testified on February 23, 2016 that "[t]oday we have 17 third-party agencies."  (Verbrugge Dep., 19:3.)  During the alleged class period, NSI[1] retained 24 separate companies to make collection calls on USAF's behalf.  (USAF's Supplemental Response to Interrogatory 21.)

**STATEMENT OF FACTS NO. 28:**

NSI requires the Collectors to employ a process called skip tracing, "another term for locating" new numbers, which can include calling relatives and known acquaintances or using third party lookup services. (Verbrugge Dep., Exh. 2, 118:19-119:21, 131:20-132:5; ECF No. 142-6, filed under seal (Exh. 4, 2014 FFELP Audit Guide at § 5(H).)

---

[1] Terms and abbreviations shall be used herein as defined in the Motion, unless otherwise noted.

**RESPONSE:** Undisputed.  However, USAF notes that this is not a requirement imposed by NSI.   Skip-tracing is <u>required</u> as a matter of law on all FFELP loans. <u>See</u> 34 CFR 682.411(h) (requiring the use of "effective commercial skip-tracing techniques.")

**STATEMENT OF FACTS NO. 29:**

Other than requiring do-not-call requests to be honored, and noting when a telephone number belongs to a deceased individual, neither NSI nor USAF place restrictions on the use of telephone numbers obtained through skip tracing (such as requiring prior express consent before calling, or prohibiting calling those numbers with predictive dialers). (Verbrugge Dep., Exh. 2, 12:3-12, 121:3-19 132:24-113:5.)

**RESPONSE:** Undisputed and irrelevant.

**STATEMENT OF FACTS NO. 30:**

████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████

**RESPONSE:**  Undisputed and irrelevant.

**STATEMENT OF FACTS NO. 31:**

████████████████████████████████████████
██████████████████████████████████████████

**RESPONSE:** Undisputed and irrelevant.

**STATEMENT OF FACTS NO. 32:**

████████████████████████████████████████
██████████████████████████████████████████

VEDDER PRICE P C
ATTORNEYS AT LAW
CHICAGO

LOS_ANGELES/#23167.1

DEFENDANT'S RESPONSE TO PLAINTIFF'S ADDITIONAL STATEMENT MATERIAL FACTS IN 3:13-CV-1845-JLS-BLM

1

2

3    **RESPONSE:** Undisputed and irrelevant.

4

5    <u>**STATEMENT OF FACTS NO. 33:**</u>

6

7

8

9    **RESPONSE:** Undisputed and irrelevant.

10

11   <u>**STATEMENT OF FACTS NO. 34:**</u>

12

13

14

15

16   **RESPONSE:**  Undisputed.  However, USAF notes that Mark Verbrugge was the

17   designated Rule 30(b)(6) representative for NSI and therefore lacks the capacity to

18   testify to USAF's "knowledge."

19

20   <u>**STATEMENT OF FACTS NO. 35:**</u>

21           USAF  also  knew  that  some  of  the  Collectors  had  and  used  autodialers.

22   (Tharp Dep., Exh. 1, 119:10–16.)

23   **RESPONSE:**  Undisputed, irrelevant and inaccurate.  The corporate representative

24   for USAF, Kevin Tharp, testified only that "I know that the majority of the

25   [Collectors] have [autodialers], but I don't know how they are used or when they're

26   used."  (Tharp Dep., 119:14-16.).  Moreover, this information came not from

27

28

Vedder Price P C
Attorneys at Law
Chicago

- 4 -

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADDITIONAL STATEMENT
MATERIAL FACTS IN
3:13-CV-1845-JLS-BLM

LOS_ANGELES/#23167.1

defendant's business relationships, but rather from attending industry conferences. (Tharp Dep., 119:17-19.).

**STATEMENT OF FACTS NO. 36:**

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████

**RESPONSE:** Undisputed and irrelevant.

**STATEMENT OF FACTS NO. 37:**

When a Collector receives payment on a defaulted loan, it remits that payment to NSI, who in turn transfers the payment to USAF. (Tharp Dep., Exh. 1, 32:3-11, 94:11-17.)

**RESPONSE:** Undisputed and irrelevant.

**STATEMENT OF FACTS NO. 38:**

NSI regularly audits the Collectors in accordance with a yearly audit guide handed down by USAF, and it produces daily, weekly, and monthly reports to USAF regarding the Collectors' performance. (Tharp Dep., Exh. 1, 71:23-72:1; Verbrugge Dep., Exh. 2, 33:15-18.)

**RESPONSE:** Undisputed and irrelevant.

**STATEMENT OF FACTS NO. 39:**

████████████████████████████████████████
█████████████████████████████████

Vedder Price P C
Attorneys at Law
Chicago

LOS_ANGELES/#23167.1

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADDITIONAL STATEMENT
MATERIAL FACTS IN
3:13-CV-1845-JLS-BLM

1  **RESPONSE:** Undisputed and irrelevant.

2

3  **STATEMENT OF FACTS NO. 40:**

4  ████████████████████████████████████████████

5  ████████████████████████████████████████████

6  ████████████████████████████████████████████

7  ████████████

8  **RESPONSE:** Undisputed and irrelevant.

9

10 **STATEMENT OF FACTS NO. 41:**

11      At times, as part of the auditing process, USAF will look into Collectors'

12 account notes and calling notes if it has reason to take issue with that vendor's

13 practices. (Tharp Dep., Exh. 1, 65:7–15.)

14 **RESPONSE:** Undisputed and irrelevant.

15

16 **STATEMENT OF FACTS NO. 42:**

17      As a result of at least one such audit, USAF found improper collection efforts

18 on behalf of a collection vendor. (Tharp Dep., Exh. 1, 65:7-21, 87:22-88:5, 90:10-

19 16.)

20 **RESPONSE:** Undisputed and irrelevant.

21

22 **STATEMENT OF FACTS NO. 43:**

23      Despite the fact that USAF has found improper collection efforts in at least

24 one audit (*Id*. at 87:22-88:5, 90:10-16), USAF admits that it "wouldn't really do

25 anything" if it discovered that one of the Collectors was sued for violating the

26 TCPA. (Tharp Dep., Exh. 1, 113:2-7.)

27

28

VEDDER PRICE P C
ATTORNEYS AT LAW
CHICAGO

LOS_ANGELES/#23167.1

- 6 -

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADDITIONAL STATEMENT
MATERIAL FACTS IN
3:13-CV-1845-JLS-BLM

**RESPONSE:** Undisputed and inaccurate.  This statement is framed in a way that draws an inaccurate connection between USAF's auditing practices, which do not relate to the TCPA (Tharp Dep., 112:14-18), and the hypothetical posed by Henderson's counsel in the deposition.

**STATEMENT OF FACTS NO. 44:**

USAF has "reached out to NSI to inform . . . [a collection] agency that holds [a borrower] account to potentially cease conversations." (Verbrugge Dep., Exh. 2, 105:3-8.)

**RESPONSE:** Undisputed and irrelevant.

**STATEMENT OF FACTS NO. 45:**

USAF can and has directed NSI to ensure that Collectors cease collection efforts with respect to specific accounts. (Verbrugge Dep., Exh. 2, 106:3–107:8, 108:13–20.)

**RESPONSE:** Undisputed.   However, NSI's corporate representative, Mark Verbrugge testified that this has <u>only</u> happened in the context of litigation. (Verbrugge Dep., 106:3-107:8).  Moreover, Verbrugge's testimony at 108:13–20 has no relation to this statement.

**STATEMENT OF FACTS NO. 46:**

USAF audits have directly led to suspension of placements with Collectors. (*Id*. at 41:15–17.)

**RESPONSE:**  The cited portion of the Verbrugge Deposition does not support this statement.  The cited portion states:  "So USA Funds performs its audits on a wide variety of criteria, I assume, that are being audited, correct?   A. They have a specific audit guide."  (Verbrugge Dep., 41:15–17.)

VEDDER PRICE P C
ATTORNEYS AT LAW
CHICAGO

- 7 -

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADDITIONAL STATEMENT
MATERIAL FACTS IN
3:13-CV-1845-JLS-BLM

LOS_ANGELES/#23167.1

1  **STATEMENT OF FACTS NO. 47:**

2  ████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████

4  ██████

5  **RESPONSE:** Inaccurate.  The USAF Agreement speaks for itself, and does not

6  reference "strict control."

7

8  **STATEMENT OF FACTS NO. 48:**

9      USAF's audits of the Collectors can and do affect those Collectors

10  acquisition and retention of accounts for collection. (Verbrugge Dep., Exh. 2,

11  42:14–25.)

12  **RESPONSE:** Undisputed and irrelevant.

13

14  **STATEMENT OF FACTS NO. 49:**

15      In response to a lawsuit, USAF has directed NSI or its vendors to cease

16  contact with a specific borrower. (Verbrugge Dep., Exh. 2, 107:4-6.)

17  **RESPONSE:** Undisputed and irrelevant.

18

19  **STATEMENT OF FACTS NO. 50:**

20      USAF has requested call logs from vendors through NSI, and NSI has

21  produced them back to USAF in the past. (Verbrugge Dep., Exh. 2, 115:3-7.)

22  **RESPONSE:** Undisputed and irrelevant.

23

24  **STATEMENT OF FACTS NO. 51:**

25      USAF not only audits the Collectors, it also maintains "an internal auditing

26  department" to regularly "review [NSI] operations." (Tharp Dep., Exh. 1, 59:25-

27  60:18; *see also* USAF Agreement, Exhibit G ("USA Funds Auditing Guidelines").)

28

VEDDER PRICE P C
ATTORNEYS AT LAW
CHICAGO

- 8 -

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADDITIONAL STATEMENT
MATERIAL FACTS IN
3:13-CV-1845-JLS-BLM

LOS_ANGELES/#23167.1

**RESPONSE:** Undisputed and irrelevant.

**STATEMENT OF FACTS NO. 52:**

USAF maintains a TCPA compliance guide for its own purposes.   (Tharp Dep., Exh. 1, 75:22–25.)

**RESPONSE:** Undisputed and irrelevant.

**STATEMENT OF FACTS NO. 53:**

Despite knowing that NSI and the Collectors place calls to borrowers to collect on defaulted loans, USAF does not have any proactive measures in place to ensure compliance with the TCPA. (Tharp Dep., Exh. 1, 107:9-11, 114:12-115:6.)

**RESPONSE:** Undisputed and irrelevant.

**STATEMENT OF FACTS NO. 54:**

USAF, as the guaranty agency, purchased the claims to both of Plaintiff's loans after they defaulted in 2010, and hired NSI (then known as Sallie Mae) to service and collect on Plaintiff's student loans under its defaulted portfolio management service. (Verbrugge Dep., Exh. 2, 21:18-21, 23:23-25.)

**RESPONSE:**  Undisputed.

**STATEMENT OF FACTS NO. 55:**

NSI, as required by its contract with USAF, hired several Collectors, including GC Services Limited Partnership, National Enterprise Systems, Pioneer Credit Recovery, Inc., General Revenue Corporation, and NCO Group, to collect on Plaintiff's student loans by making phone calls to Plaintiff's cellular phone on behalf of USAF. (Verbrugge Dep., Exh. 2, 24:4-18.)

VEDDER PRICE P C
ATTORNEYS AT LAW
CHICAGO

LOS_ANGELES/#23167.1

- 9 -

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADDITIONAL STATEMENT
MATERIAL FACTS IN
3:13-CV-1845-JLS-BLM

1  **RESPONSE:** ████████████████████████  ███████████

2  ████████████████████████████████████████████████

3  ████████████████████████████████████████████████

4  ████████████████████████████████████████████████

5  ██████████████████████████████

6

7  **STATEMENT OF FACTS NO. 56:**

8      Beginning in 2010 and through approximately June 2013, Plaintiff received

9  unsolicited phone calls to her wireless phone made on behalf of USAF, attempting

10  to collect payments on her student loans. (Henderson Dep., Exh. 3, 18:2-25 ("[This

11  case is] about me being autodialed without my permission . . . . every 30 minutes to

12  40 minutes I was getting calls.").)

13  **RESPONSE:**  Undisputed.

14

15  **STATEMENT OF FACTS NO. 57:**

16      Plaintiff did not give USAF or any of the third party Collectors who called

17  her prior express consent to call her cellular telephone number with the use of an

18  autodialer and/or prerecorded message. (Henderson Dep., Exh. 3, 18:2-3.)

19  **RESPONSE:** Undisputed because this is not within USAF's knowledge.

20

21  **STATEMENT OF FACTS NO. 58:**

22      The unsolicited phone calls Plaintiff received from USAF featured an

23  artificial or prerecorded voice. (Henderson Dep., Exh. 3, 19:5-14.)

24  **RESPONSE:**  Irrelevant and inconsistent with plaintiff's testimony.  Not all of the

25  calls featured an artificial or prerecorded voice, which Henderson admitted.

26  (Henderson Dep., 19:15-20:14.)

27

28

VEDDER PRICE P C
ATTORNEYS AT LAW
CHICAGO

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADDITIONAL STATEMENT
MATERIAL FACTS IN
3:13-CV-1845-JLS-BLM

LOS_ANGELES/#23167.1

**STATEMENT OF FACTS NO. 59:**

When USAF pays claims to an originating private lender in the event of a borrower's default on a FFELP loan and assumes responsibility for collecting on that loan, the United States Department of Education reimburses USAF for any losses incurred. (Tharp Dep., Exh. 1, 12:5-7; Verbrugge Dep., Exh. 2, 15:8-16.)

**RESPONSE:** Undisputed and irrelevant.

**STATEMENT OF FACTS NO. 60:**

USAF retained the benefit of the Collectors' debt-collection calls to Plaintiff and the Class. (Tharp Dep., Exh. 1, 31:23-32:11, 94:11-25.)

**RESPONSE:** Undisputed and irrelevant.

**STATEMENT OF FACTS NO. 61:**

Even where a Collector is not paid because it is determined to have used improper collection practices, USAF nonetheless retains the payments collected from borrowers as a result of those practices. (Tharp Dep., Exh. 1, 95:4-18.)

**RESPONSE:** Undisputed and irrelevant.

**STATEMENT OF FACTS NO. 62:**

███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████

**RESPONSE:** Undisputed.

VEDDER PRICE P C
ATTORNEYS AT LAW
CHICAGO

LOS_ANGELES/#23167.1

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADDITIONAL STATEMENT
MATERIAL FACTS IN
3:13-CV-1845-JLS-BLM

1  **STATEMENT OF FACTS NO. 63:**

2  ███████████████████████████████████████████████

3  ███████████████████████████████████████████████

4  ████████████████████████████

5  **RESPONSE:** Undisputed and irrelevant.

6

7  **STATEMENT OF FACTS NO. 64:**

8  ███████████████████████████████████████████████

9  ███████████████████████████████████████████████

10  ███████████████

11  **RESPONSE:** Undisputed and irrelevant.

12

13  **STATEMENT OF FACTS NO. 65:**

14  ███████████████████████████████████████████████

15  ██████████████████

16  **RESPONSE:** Undisputed and irrelevant.

17

18  **STATEMENT OF FACTS NO. 66:**

19  ███████████████████████████████████████████████

20  ███████████████████████████████

21  **RESPONSE:** ████████████████   █████████████

22  ███████████████████████████████████████████████

23  ███████████████████████████████████████████████

24  ███████████████████████████████████████████████

25  ████████████████████████

26

27

28

VEDDER PRICE P C
ATTORNEYS AT LAW
CHICAGO

LOS_ANGELES/#23167.1

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADDITIONAL STATEMENT
MATERIAL FACTS IN
3:13-CV-1845-JLS-BLM

**STATEMENT OF FACTS NO. 67:**

NSI contracts with the Collectors to pursue loans in default for payment. (*See* Tharp Dep., Exh. 1, 15:10-11; *see also* ECF 142 (Exhs. 27-37, sample NSI Collector contracts).)

**RESPONSE:** Undisputed and irrelevant.

**STATEMENT OF FACTS NO. 68:**

NSI also regularly audits the Collectors regarding metrics like performance quality, compliance with federal and state law, and the review of customer complaints lodged against the Collectors. (Verbrugge Dep., Exh. 2, 90:23-91:1.)

**RESPONSE:** Undisputed and irrelevant.

**STATEMENT OF FACTS NO. 69:**

USAF receives borrower complaints at times regarding collection efforts, (Tharp Dep., Exh. 1, 49:7-13; 138:11-17), but opts to turn a blind eye and forward those complaints to NSI. (Tharp Dep., Exh. 1, 100:3-21.)

**RESPONSE:** Undisputed that USAF sometimes receives borrower complaints. However, USAF disagrees with the argument contained in this "fact." Indeed, USAF's testimony makes clear that USAF has a system in place to deal with borrower complaints — and that system involves sending the complaints to be handled by NSI, which has a contractual relationship with the Collectors. (Tharp Dep., 49:7-13; 100:3-21; 138:11-17.)

**STATEMENT OF FACTS NO. 70:**

Even when faced with a lawsuit, USAF does not attempt to gather information about the Collectors' calling practices. (Tharp Dep., Exh. 1, 68:21-69:3.)

VEDDER PRICE P C
ATTORNEYS AT LAW
CHICAGO

LOS_ANGELES/#23167.1

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADDITIONAL STATEMENT
MATERIAL FACTS IN
3:13-CV-1845-JLS-BLM

1   **RESPONSE:** Undisputed.   However, USAF's testimony was actually broader,

2   stating that USAF does not, as a general practice (regardless of the circumstances)

3   attempt to gather information about Collectors' calling practices.   (Tharp Dep.,

4   68:21-69:15.)

5

6   **STATEMENT OF FACTS NO. 71:**

7         NSI can and does review and modify Collectors' call scripts as needed for

8   compliance purposes. (Verbrugge Dep., Exh. 2, 109:8-11.)

9   **RESPONSE:** Undisputed and irrelevant.

10

11  **STATEMENT OF FACTS NO. 72:**

12        NSI also reviews the Collectors' collection notes to check for indications of

13  prior express consent to be called, and for whether the Collectors use automated

14  dialing systems. (Verbrugge Dep., Exh. 2, 64:17–65:2, 103:10–24, 122:15-18.)

15  **RESPONSE:** Inaccurate and irrelevant.   This statement implies an ongoing

16  monitoring process to ensure TCPA compliance when in fact NSI merely engages

17  in random, periodic sampling related to NSI's entire compliance guide.

18  (Verbrugge Dep., 63:5-11.)  As Verbrugge testified to repeatedly in his deposition,

19  NSI relies on the Collectors to comply with the law.   (Verbrugge Dep., 39:2-7;

20  62:9-10; 63:1-5; 63:21-23; 109:5-7.)

21

22  **STATEMENT OF FACTS NO. 73:**

23        NSI requires the Collectors to skip trace to collect new telephone numbers

24  for debtors. (Verbrugge Dep., Exh. 2, 132:24–133:5.)

25  **RESPONSE:** Undisputed and irrelevant.   However, USAF notes that this

26  requirement is not imposed by NSI.   Skip-tracing is required as a matter of law on

27

28

VEDDER PRICE P C
ATTORNEYS AT LAW
CHICAGO

- 14 -

LOS_ANGELES/#23167.1

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADDITIONAL STATEMENT
MATERIAL FACTS IN
3:13-CV-1845-JLS-BLM

all FFELP loans.   <u>See</u> 34 CFR 682.411(h) (requiring the use of "effective commercial skip-tracing techniques.")

**<u>STATEMENT OF FACTS NO. 74:</u>**

NSI reports to USAF upon hiring and firing a collection vendor. (Tharp Dep., Exh. 1, 26:1-8, 27:21-28:12.)

**<u>RESPONSE:</u>** Undisputed and irrelevant.

**<u>STATEMENT OF FACTS NO. 75:</u>**

Although NSI sets the performance standards for the Collectors, USAF still provides input and comments regarding the same. (Tharp Dep., Exh. 1, 28:13-21.)

**<u>RESPONSE:</u>** Undisputed and irrelevant.

**<u>STATEMENT OF FACTS NO. 76:</u>**

USAF's expert, Jerry Kaufman, was in fact retained by NSI to work in this case, and not by USAF. (Kaufman Dep. Tr., Exh. 4, 25:12–26:18.)

**<u>RESPONSE:</u>** Undisputed and irrelevant.

**<u>STATEMENT OF FACTS NO. 77:</u>**

USAF has submitted documents in this case signed by its attorneys as "counsel for NSI." (*See* Exs. 5-7.)

**<u>RESPONSE:</u>** Undisputed and irrelevant.

**<u>STATEMENT OF FACTS NO. 78:</u>**

Plaintiff took out a student loan from Signet Bank in January of 1993 in order to attend Prairie View A&M University. (*See* Henderson Dep., Exh. 3, 14:3-7.)

VEDDER PRICE P C
ATTORNEYS AT LAW
CHICAGO

LOS_ANGELES/#23167.1

- 15 -

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADDITIONAL STATEMENT
MATERIAL FACTS IN
3:13-CV-1845-JLS-BLM

1    **RESPONSE:** Undisputed.

2

3    **STATEMENT OF FACTS NO. 79:**

4          Plaintiff took out a second student loan guaranteed by USAF in April of 2007

5    to attend the University of Phoenix. (*See* Henderson Dep., Exh. 3, 15: 9-12.)

6    **RESPONSE:** Undisputed.

7    Dated:      December 23, 2016      VEDDER PRICE (CA), LLP

8

9          By:   */s Lisa M. Simonetti*

10         Lisa M. Simonetti

11         Attorneys for Defendant
           UNITED STUDENT AID FUNDS,

12         INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VEDDER PRICE P C
ATTORNEYS AT LAW
CHICAGO

- 16 -

LOS_ANGELES/#23167.1

1

**CERTIFICATION**

2        I hereby certify that on December 23, 2016, a copy of the foregoing was filed

3    electronically and served by mail on anyone unable to accept electronic filing.

4    Notice of this filing will be sent by e-mail to all parties by operation of the court's

5    electronic filing system or by mail to anyone unable to accept electronic filing as

6    indicated on the Notice of Electronic Filing.  Parties may access this filing through

7    the court's EM/ECF System.

8

9

10                                        */s  Lisa M. Simonetti*
                                          Lisa M. Simonetti

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VEDDER PRICE P C
ATTORNEYS AT LAW
CHICAGO

- 17 -

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADDITIONAL STATEMENT
MATERIAL FACTS IN
3:13-CV-1845-JLS-BLM

LOS_ANGELES/#23167.1