**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHYRIAA HENDERSON, on behalf of herself, and all others similarly situated,<br>　　　　　　*Plaintiff-Appellant*,<br><br>v.<br><br>UNITED STUDENT AID FUNDS, INC., DBA USA Funds,<br>　　　　　　*Defendant-Appellee*. | No. 17-55373<br><br>D.C. No. 3:13-cv-01845-JLS-BLM<br><br>ORDER |

Filed May 6, 2019

Before: Dorothy W. Nelson, William A. Fletcher,
and Jay S. Bybee, Circuit Judges.

2      HENDERSON V. UNITED STUDENT AID FUNDS

## ORDER

Judge D.W Nelson voted to deny the petition for rehearing and recommended denial of the petition for rehearing en banc. Judge W. Fletcher voted to deny the petition for rehearing and rehearing en banc. Judge Bybee voted to grant the petition for rehearing and rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. (Fed.R. App. P. 35.) Accordingly, the petition for rehearing and the petition for rehearing en banc are **DENIED**. No further petitions for rehearing or rehearing en banc will be entertained.

Additionally, Judges D.W. Nelson and W. Fletcher voted to amend the opinion as follows. On page 11 of the slip opinion, replace the first paragraph with the following language:

> USA Funds argues it could not have ratified the actions of the debt collectors because there is no agency relationship between it and the debt collectors. *Batzel v. Smith*, 333 F. 3d 1018, 1036 (9th Cir. 2003). We disagree. First, our decision in *Batzel* involved vicarious liability and agency principles under California law, which is distinct from principles articulated in the Restatement and from federal common law. Second, the Restatement § 4.01 cmt. b makes clear that, in most jurisdictions, ratification may create an agency relationship when none existed before if the acts are "done by an actor . . . who is not an agent but pretends to be."